**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES *ex rel.* LANDIS,<br><br>                    Plaintiffs,<br><br>     v.<br><br>TAILWIND SPORTS CORP., TAILWIND SPORTS LLC, LANCE ARMSTRONG, and JOHAN BRUYNEEL,<br><br>                    Defendants. | Civil Action No. 10-00976 (RLW) |

**DEFENDANT LANCE ARMSTRONG'S MOTION TO DISMISS
RELATOR'S SECOND AMENDED COMPLAINT**

<u>**ORAL ARGUMENT REQUESTED**</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Lance Armstrong hereby moves this Court to dismiss the relator's Second Amended Complaint because this Court lacks subject matter jurisdiction over the relator's claims and because the relator has failed to state a claim upon which relief may be granted.  The grounds for this motion are set forth in the accompanying memorandum of points and authorities.  A proposed order is attached.

Respectfully submitted,

KEKER & VAN NEST LLP

Dated:  July 23, 2013

By:   */s/ Sharif E. Jacob*
JOHN KEKER (*pro hac vice*)
ELLIOT R. PETERS (*pro hac vice*)
R. JAMES SLAUGHTER (*pro hac vice*)
SHARIF E. JACOB (*pro hac vice*)
DAVID W. RIZK (*pro hac vice*)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

ROBERT D. LUSKIN (D.C. Bar # 293621)
BENJAMIN D. WOOD (D.C. Bar # 478799)
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC  20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Attorneys for Defendant
LANCE ARMSTRONG

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES *ex rel.* LANDIS,<br><br>    Plaintiffs,<br><br>    v.<br><br>TAILWIND SPORTS CORP., TAILWIND SPORTS LLC, LANCE ARMSTRONG, and JOHAN BRUYNEEL,<br><br>    Defendants. | Civil Action No. 10-00976 (RLW) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LANCE ARMSTRONG'S MOTION DISMISS RELATOR'S SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

                                                                                       **Page**

I.     INTRODUCTION ................................................................................................................1

II.    BACKGROUND .................................................................................................................1

III.   LEGAL STANDARD .........................................................................................................3

IV.   ANALYSIS .........................................................................................................................5

V.    CONCLUSION ...................................................................................................................7

770831

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. Wright*
    468 U.S. 737 (1984)..................................................................................................3

*Haase v. Sessions*
    835 F.2d 902 (D.C. Cir. 1987)...................................................................................3

*\*In re Pharm. Indus. Average Wholesale Price Litig.*
    No. 07-10248, 2007 U.S. Dist. LEXIS 89835 (D. Mass. Dec. 6, 2007).....................4

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992)...............................................................................................3, 4

*\*Swift v. United States*
    318 F.3d 250 (D.C. Cir. 2003)...................................................................................4

*United States ex rel. Barajas v. Northrop Corp.*
    147 F.3d 905 (9th Cir. 1998) .....................................................................................4

*\*United States ex rel. Feldman v. City of New York*
    808 F. Supp. 2d 641 (S.D.N.Y. 2011) .......................................................................4

*United States ex rel. Folliard v. Gov't Acquisitions, Inc.*
    858 F. Supp. 2d 79 (D.D.C. 2012).............................................................................6

*United States ex rel. Harris v. Bernad*
    275 F. Supp. 2d 1 (D.D.C. 2003)...............................................................................5

*United States ex rel. Head v. Kane Co.*
    798 F. Supp. 2d 186 (D.D.C. 2011)...........................................................................6

*\*United States ex rel. Magee v. Lockheed Martin Corp.*
    No. 09-0324, 2010 U.S. Dist. LEXIS 23295 (S.D. Miss. Mar. 12, 2010)..................5

*\*United States ex rel. Raggio v. Jacintoport Int'l LLC*
    No. 10-1908, 2013 U.S. Dist. LEXIS 80091 (D.D.C. June 7, 2013).....................5, 6

*United States v. Carell*
    782 F. Supp. 2d 553 (M.D. Tenn. 2011)....................................................................6

*\*Vt. Agency of Natural Res. v. United States ex rel. Stevens*
    529 U.S. 765 (2000)...............................................................................................1, 4

**Federal Statutes**

31 U.S.C. § 3730(c)(2) ........................................................................................................... 4, 5, 6

Fraud Enforcement and Recovery Act of 2009 ("FERA")
 Pub. L. No. 111–21, 123 Stat. 1617 ............................................................................................ 2

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(1) ........................................................................................ 3

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................ 7

I.     INTRODUCTION

It is hornbook law that the government's intervention in a *qui tam* case strips the relator of standing to pursue his claims. In defiance of this principle, common sense, and the Constitution, Floyd Landis persists in attempting to sue Lance Armstrong for conduct that not only failed to injure Landis, but in which he himself engaged, and for which the government has now intervened.

Prior to suing Armstrong, Landis took performance enhancing drugs, won the Tour de France, was caught, denied everything for years, and had his title stripped. Even worse, Landis defrauded his fans and other donors in order to amass a fund to pay the legal fees he racked up litigating his false denials. In order to avoid a federal felony conviction, Landis has entered into a deferred prosecution agreement with the Department of Justice requiring him to make restitution to his victims. Now he would like to be paid for casting the first stone. The Supreme Court has held that of his own accord a relator like Landis has no standing to sue on behalf of the government because he has not been injured. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772 (2000). As the Court explained, Landis' interest in this suit is nothing more than the "bounty" he hopes to claim. *Id*. That interest is no different from the interest of a gambler "who has placed a wager upon the outcome" of this suit. *Id.* The Constitution does not enable the federal courts to protect such interests. Because Landis lacks Article III standing to sue the defendants against whom the government has intervened, Armstrong respectfully requests that the Court dismiss Landis' claims with prejudice.

II.     BACKGROUND

Twenty days after Floyd Landis publicly admitted to doping, he sued Lance Armstrong and others under the False Claims Act ("FCA"). Compl., ECF No. 1. On February 22, 2013, the

1

United States intervened against Armstrong, as well as Defendants Johan Bruyneel, Tailwind Sports, LLC, and Tailwind Sports Corp. (the "Intervened Defendants"). Notice of Election to Intervene, ECF No. 41.

Undeterred by the United States' decision to serve as the plaintiff, Landis filed a Second Amended Complaint against the Intervened Defendants and others that same day. Second Am. Compl., ECF No. 42. Landis alleged claims under the FCA for false claims (counts I and V), false statements (counts II and VI), conspiracy (counts III and VII), and reverse false claims (counts IV and VIII). Landis alleged two counts per claim because—without any legal basis—he alleged each claim under the False Claims Act both as it existed prior to its amendment by the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111–21, 123 Stat. 1617, and after amendment by FERA.

Pursuant to the Court's order, the government filed its Complaint in Intervention sixty days later, naming as defendants Armstrong, Bruyneel, Tailwind Sports, LLC, and Tailwind Sports Corp. The government alleged the same FCA claims against Intervened Defendants that Landis alleged: false claims (count I), false statements (count II), conspiracy (count III), and reverse false claims (count IV).

Moreover, the government's factual allegations against Armstrong are almost identical to those in the relator's Second Amended Complaint. In fact, the government has taken the position that its complaint supersedes the relator's complaint as to the Intervened Defendants. Jacob Decl. ¶ 3. Both the government's and the relator's complaints lack any factual allegation whatsoever that Armstrong submitted any false claims to the government. Both complaints also fail to allege with specificity any false statements Armstrong made to the government. So, both complaints are forced to rely on a theory that Armstrong failed to comply with provisions in two

contracts with the U.S. Postal Service to which Armstrong was not a signatory and knew nothing about: an October 1, 1995 contract with Montgomery Sports, Inc. and a January 1, 2001 contract with DFP Cycling, LLC. *Compare* United States' Compl. ¶¶ 15-26, ECF No. 44, *with* Second Am. Compl. ¶¶ 22-38, ECF No. 42. In a remarkable act of hypocrisy, Landis alleges that Armstrong doped, publicly denied it, and then decided to come clean. The government follows suit. *Compare* United States' Compl. ¶¶ 26-73, ECF No. 44, *with* Second Am. Compl. ¶¶ 60-130, ECF No. 42. The claims and facts supporting the complaints are in all material respects identical.

Once the United States filed its complaint, the relator had no statutory or Constitutional basis to continue to prosecute his suit against the Intervened Defendants. Nonetheless, he insisted upon serving Armstrong with his complaint. Counsel for Armstrong attempted to avoid motions practice by reaching out to counsel for Landis to find out what possible basis he had for believing that he had standing to continue to sue Armstrong. Jacob Decl. Ex. A at 2. Without any support, counsel claimed that Landis "has not been deprived of standing to sue." *Id.* at 1. He also insisted that he serve his complaint on Armstrong "as a prophylactic measure." *Id.*

### III.   LEGAL STANDARD

"[T]he defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Where it is apparent from the face of the complaint that the plaintiff lacks standing, Federal Rule of Civil Procedure 12(b)(1) requires dismissal. *See id.* at 906. "The party invoking federal jurisdiction bears the burden of establishing" standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Article III, section 2 of the Constitution "requires a litigant to have 'standing' to invoke the power of a federal court." *Allen v. Wright*, 468 U.S. 737, 750 (1984). In order to satisfy the

"the irreducible constitutional minimum of standing, . . . the plaintiff must have suffered an 'injury in fact.'" *Lujan*, 504 U.S. at 560 (citation omitted). "A *qui tam* relator has suffered no such invasion." *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000).

The only interest a relator has in a *qui tam* suit he has filed is "the bounty he will receive if the suit is successful." *Id.* at 772. The relator's interest is identical to the interest "of someone who has placed a wager upon the outcome." *Id.* Such an interest fails to confer standing. *Id.*

A relator only has Article III standing to the extent he is permitted to "su[e] as a partial assignee of the United States." *Id.* at 773 n.4; *accord Swift v. United States*, 318 F.3d 250, 254 n.* (D.C. Cir. 2003) ("The theory is that a relator's standing derives from the injury to the United States and a partial assignment of the government's claim for damages."); *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 910 (9th Cir. 1998) ("A *qui tam* relator has Article III standing to sue only as a relator, on behalf of the government. His standing is in the nature of an assignee of the government's claim.").

But just as the government assigns that interest, the government may take it away. For instance, "[t]he Government may dismiss the action notwithstanding the objections of the" relator. 31 U.S.C. § 3730(c)(2)(A). "Dismissal ends the assignment" and cuts off Article III standing. *Swift*, 318 F.3d at 254 n.*.

The government may also strip the relator of standing by intervening in the action. "[O]nce the government has intervened, the relator has no separate free-standing FCA cause of action." *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 07-10248, 2007 U.S. Dist. LEXIS 89835, *17 (D. Mass. Dec. 6, 2007); *accord United States ex rel. Feldman v. City of New*

*York*, 808 F. Supp. 2d 641, 648 (S.D.N.Y. 2011) ("[W]hen the Government decides to intervene in a *qui tam* action, the Government's claims become the operative claims insofar as they are duplicative of those of the relator."). Where the government intervenes only as to some of the defendants sued by the relator, the relator's claims against those defendants must be dismissed with prejudice. *United States ex rel. Magee v. Lockheed Martin Corp.*, No. 09-0324, 2010 U.S. Dist. LEXIS 23295, *8 (S.D. Miss. Mar. 12, 2010). Allowing the relator to proceed on duplicative claims does nothing more than cause the defendants to incur the "undue burden [and] unnecessary expense" of having to answer and defendant against two substantively identical complaints. 31 U.S.C. § 3730(c)(2)(D); *United States ex rel. Raggio v. Jacintoport Int'l LLC*, No. 10-1908, 2013 U.S. Dist. LEXIS 80091, *6 (D.D.C. June 7, 2013).

## IV.  ANALYSIS

Relator Floyd Landis lacks Article III standing to prosecute his claims against Lance Armstrong. The government has intervened against Armstrong, depriving Landis of any free-standing cause of action against him. The government filed the same FCA claims as Landis and relies on virtually identical factual allegations. Because the government's FCA claims are duplicative of the relator's claims against Armstrong, this Court lacks subject matter jurisdiction to hear those claims.

The relator's claims should also be dismissed because his "unrestricted participation during the course of the litigation . . . would cause the defendant undue burden or unnecessary expense." 31 U.S.C. § 3730(c)(2)(D). Armstrong would have to answer two complaints by two different plaintiffs even though the complaints allege the same FCA claims and yield but one remedy. *Cf. United States ex rel. Harris v. Bernad*, 275 F. Supp. 2d 1, 6 (D.D.C. 2003) ("[A] court can only hold a defendant liable under *either* section 3729(a)(1)or (a)(2)." (emphasis

5

added)). Because of Landis' unfettered participation, Armstrong has already had to file this motion. Even if Landis had an Article III injury—which he does not—the waste caused by his inability to stand down forms an independent statutory basis to dismiss his claims against Armstrong. *See Raggio*, 2013 U.S. Dist. LEXIS 80091, at *6.

Landis may attempt to argue that his claims are not duplicative because he is simultaneously suing Armstrong under the operative pre-FERA and inoperative post-FERA False Claims Act, whereas the government is only proceeding under the statute it believes is operative. If advanced, that argument would only further demonstrate the relator's desire to cause "undue burden [and] unnecessary expense." 31 U.S.C. § 3730(c)(2)(D). Obviously, the plaintiff—regardless of who it is—cannot maintain a claim under a non-operative statute. And here, only the pre-FERA statute is operative.

In 2009, FERA amended the provisions governing false claims and false statements. The amendments to the false claims provisions are not retroactive. *See United States ex rel. Folliard v. Gov't Acquisitions, Inc.*, 858 F. Supp. 2d 79, 81 (D.D.C. 2012). And the amendment to the false statements provisions was only made retroactive to "claims" pending on or after June 7, 2008. 123 Stat. at 1623, § 4(f). The majority of courts to have considered the issue—including the courts of the District of Columbia Circuit—have held that "claims" means just what it says, "claims for payment." *See Hopper v. Solvay Pharms.*, Inc., 588 F.3d 1318, 1327 (11th Cir. 2009); *United States ex rel. Head v. Kane Co.*, 798 F. Supp. 2d 186, 195 n.10 (D.D.C. 2011) ("Courts that have considered this clause have noted that 'claims' refers only to a defendant's request for payment, and not to pending cases" (citation omitted)); *see also United States v. Carell*, 782 F. Supp. 2d 553, 558 (M.D. Tenn. 2011) ("This Court joins that majority and concludes that the "claims" language in the amendments to the FCA means exactly that—

claims."). Landis did not allege that any claim for payment was pending on or after June 7, 2008. Therefore, he had no legal basis to allege counts under the post-FERA FCA.[1]

## V.  CONCLUSION

Because this Court lacks jurisdiction to hear Landis' claims against Armstrong, they should be dismissed with prejudice.

Respectfully submitted,

KEKER & VAN NEST LLP

Dated: July 23, 2013

By: */s/ Sharif E. Jacob*
JOHN KEKER (*pro hac vice*)
ELLIOT R. PETERS (*pro hac vice*)
R. JAMES SLAUGHTER (*pro hac vice*)
SHARIF E. JACOB (*pro hac vice*)
DAVID W. RIZK (pro hac vice)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

ROBERT D. LUSKIN (D.C. Bar # 293621)
BENJAMIN D. WOOD (D.C. Bar # 478799)
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC  20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Attorneys for Defendant
LANCE ARMSTRONG

---

[1] To the extent the Court determines that the relator's pleading of pre-and post-FERA claims renders the relator's claims non-duplicative, Armstrong respectfully requests that the Court dismiss the relator's post-FERA claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Lance Armstrong's Mot. to Dismiss the United States' Compl. Part III.B.