UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES *ex rel.* LANDIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10- 00976 (RLW) |
| | ) | |
| TAILWIND SPORTS CORP., TAILWIND SPORTS LLC, LANCE ARMSTRONG, and JOHAN BRUYNEEL, | ) | ECF |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' OPPOSITION TO
DEFENDANT JOHAN BRUYNEEL'S MOTION TO DISMISS**

In his motion to dismiss the Government's complaint, Defendant Johan Bruyneel has joined Defendant Lance Armstrong's motion to dismiss the Government's complaint, without elaboration. Because Bruyneel relies on the same points of law and authority as Armstrong, the United States incorporates its response to Armstrong's motion to dismiss herein. The United States also adds the points of law and authority discussed below.

**I.     The Face Of The Complaint Cannot Conclusively
        Establish That The Claims Against Bruyneel Are
        Time-Barred Because The Complaint Does Not Refer
        To Bruyneel In Connection With The French Investigation**

The entire basis for Armstrong's argument that the relevant statutes of limitation should not be tolled is the reference in the Government's complaint to the fact that he was investigated by French authorities in 2000. For the reasons set forth in the Government's response to Armstrong's motion to dismiss, the fact of the investigation is not a sufficient basis for the Court

to conclude that the Government's claims are conclusively time-barred.  Even if it were, however, the complaint does not refer to *Bruyneel* in connection with the French investigation, and therefore cannot provide a basis for the court to conclude that the Government should have known that Bruyneel was involved in the team's doping.  The complaint states only that investigators were probing whether "Armstrong and the USPS cycling team used banned substances[.]"  Gov't. Compl. ¶ 19.  It provides no indication that Bruyneel was a subject of the investigation or that his involvement in doping was at issue in the investigation.  *See Hobson v. Wilson*, 737 F.2d 1, 35 (D.C. Cir. 1984) ("simply because a person knows he has been injured by one person does cannot reasonably mean he should be held to know of every other participant [in the fraud].").  The absence of any reference to Bruyneel in the portions of the complaint relied upon by Armstrong leaves Bruyneel without a basis to contend that the Government knew or should have known of its claims against him.

**II.     The Government's Common Law Claims Against Bruyneel
        Cannot Be Dismissed Because The Statute Of Limitations Has
        Been Tolled During The Periods He Has Been Outside The United States**

As explained in the Government's response to Armstrong's motion to dismiss, the Government's common law claims are subject to the limitations periods set forth in 28 U.S.C. § 2415(a) and (b).  Both of those provisions are subject to tolling under 28 U.S.C. § 2416(a), which excludes from the calculation of the statute of limitations those periods during which "the defendant … is outside the United States, its territories and possessions, the District of Columbia, or the Commonwealth of Puerto Rico."  As reflected in the complaint, Bruyneel is a resident of the United Kingdom.  Gov't Compl. ¶ 11.  Moreover, the complaint alleges that he was the *directeur sportif* of a professional bicycle racing team, a position that would require his presence in Europe for the substantial majority of each year.  *Id.*  He held that position for the

United States Postal Service professional cycling team from 1999 through 2004, and continued to work for the company that owned that team until 2007.  *Id.*  Thus, the complaint raises factual disputes about Bruyneel's absence from the United States that potentially provide an additional basis to toll the statute of limitations as to the Government's common law claims against him. For that reason, the Government's common law claims against Bruyneel are not conclusively time-barred from the face of the complaint, and the Court should deny his motion to dismiss them.

        Respectfully submitted,

        STUART F. DELERY
        Assistant Attorney General

        RONALD C. MACHEN JR., D.C. Bar # 447889
        United States Attorney

        DANIEL F. VAN HORN, D.C. Bar # 924092
        Assistant United States Attorney


        /s/ Darrell C. Valdez
        DARRELL C. VALDEZ, D.C. Bar # 420232
        MERCEDEH MOMENI
        Assistant United States Attorneys
        Judiciary Center Building
        555 4th St., N.W., Civil Division
        Washington, D.C.  20530
        Tel: (202) 252-2507


        /s/ Robert E. Chandler
        MICHAEL D. GRANSTON
        ROBERT E. CHANDLER
        DAVID M. FINKELSTEIN
        Attorneys, Department of Justice
        Civil Division
        Post Office Box 261
        Ben Franklin Station
        Washington, D.C.  20044
        Tel:  (202) 514-4678

DATED: September 23, 2013