# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**
*ex rel.* **FLOYD LANDIS,**

        Plaintiffs,

        v.

**TAILWIND SPORTS CORPORATION,**
*et al.*,

        Defendants.

Civil Action No. 10-cv-00976 (RLW)

## MEMORANDUM OPINION AND ORDER

This memorandum opinion and order addresses the relator's conditional motion to amend his complaint (Dkt. No. 140), Defendants Thomas W. Weisel and Ross Investments, Inc.'s motion to strike the relator's conditional motion to amend his complaint (Dkt. No. 142), and the relator's reply thereto (Dkt. No. 143).

The conditional motion to amend filed by the relator is clearly in the nature of an unauthorized surreply. Generally speaking, if a plaintiff seeks to meet a motion to dismiss by filing an amended complaint, then the plaintiff should file a motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a), rendering the motion to dismiss moot, or at least allowing the proposed amendment to be considered simultaneously with the motion to dismiss. Having failed to do so in this case, the relator has filed an eleventh hour "conditional" motion to amend his complaint. This conditional motion is essentially an improper surreply, because it makes additional arguments about why the motion to dismiss should not be granted, indeed citing and referring at length to the already-filed second amended complaint. This belated attempt to inject new arguments before the Court about the propriety of the second amended complaint, following

full briefing and oral argument on the motions to dismiss that very complaint, is improper. It is also improper for the relator to seek to have the Court issue an advisory ruling on the legal sufficiency of a "draft" or "conditional" amended complaint. The Court does not make advisory rulings, *see Golden v. Zwickler*, 394 U.S. 103 (1969), nor does the Court entertain moving targets, *see Schoenman v. F.B.I.*, 575 F. Supp. 2d 166, 173 (D.D.C. 2008) ("Simply put, this case is not a game and Plaintiff's briefing should not be a moving target …"). The Court is aware that the relator seeks leave to amend if any of the motions to dismiss are granted, and the Court will address that request, if necessary, at the appropriate time. Accordingly, it is hereby

ORDERED that Defendants' Motion to Strike is hereby GRANTED; and it is further

ORDERED that the Conditional Motion to Amend is STRICKEN from the record.

SO ORDERED.

Date: January 2, 2014

_____
ROBERT L. WILKINS
United States District Judge