# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* FLOYD LANDIS,<br><br>                    Plaintiffs,<br><br>   v.<br><br>TAILWIND SPORTS CORP.; TAILWIND SPORTS, LLC; LANCE ARMSTRONG; and JOHAN BRUYNEEL,<br><br>                    Defendants. | Civil Action No. 10-00976 (RLW)<br><br>**ECF** |

## INTERVENED DEFENDANTS' SEPARATE STATEMENT REGARDING THE RULE 26(f) REPORT

Lance Armstrong, Tailwind Sports Corp., Tailwind Sports, LLC (collectively, Tailwind Defendants"), and Johan Bruyneel (collectively, "Intervened Defendants") join in the Status Report Regarding Joint Report Pursuant to Federal Rule of Civil Procedure 26(f), and the proposed orders attached thereto, filed by the government on January 14, 2014. Intervened Defendants are constrained to write separately because the government chose not to accurately represent two of their positions in the status report.

*First*, the government appears to be manipulating its status as the party responsible for filing the joint status report to present the positions of the plaintiffs to the Court, while denying the same opportunity to the defendants. *See* Local Civ. R. 16.3(d) (requiring the joint status report to include "a description of the positions of each party on any matters as to which they disagree."). In particular, the government refused to include Intervened Defendants' separate position on the protective order in the joint status report despite the government's assurance that they would be given an opportunity to include it.[1]

Intervened Defendants respectfully object to plaintiffs' proposed revisions to Paragraphs 1(d), 1(e), and 1(g) of the Protective Order as set forth in Exhibit H to the government's status report. The government's proposed protective order seeks the ability to publicly disseminate

---

[1] The government claims that Armstrong sought to add the contentions "with only a couple hours left to file." That statement is untrue. Armstrong informed the government of his position on the protective order—and that he would set forth his separate position in the joint report—by email on Friday, January 10, 2014. Counsel for Mr. Armstrong then had a telephone conversation that same day with Mercedeh Momeni and Darrell Valdez, counsel for the United States, during which counsel for Armstrong described his position on the protective order, as set forth in this status report. Mr. Valdez and Ms. Momeni assured counsel for Mr. Armstrong that he would be given sufficient time to add those contentions—including his citations to law—to the joint status report. The government did not circulate the joint status report until 5:07 pm Eastern on Monday, January 13, 2014, the day on which the report was due. Armstrong circulated his proposed revisions to the joint status report approximately three hours later, including the contentions he previously disclosed to the government by email and telephone. The government never represented that it needed additional time to respond to Armstrong's previously-disclosed position, nor did it ask for an extension of the deadline to file the joint status report. Instead, the government simply refused to include the separate position in the report.

defendants' private and intimate information. The personal privacy rights defendants seek to protect are well-established. *See, e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 26-27 (1984) (recognizing personal privacy rights in financial and personally identifying information, and addresses); *In re Reporters Committee for Freedom of Press*, 773 F.2d 1325, 1333 (D.C. Cir. 1985) (recognizing personal privacy interest in marital information); *Peskoff v. Faber*, 230 F.R.D. 25, 31 (D.D.C. 2005) (entering a protective order covering, *inter alia*, documents subject to existing confidentiality agreements); Local Civ. R. 5.4(f) (protecting "Social Security numbers," "[n]ames of minor children," "[d]ates of birth," and "[f]inancial account numbers."). Plaintiffs have offered no valid countervailing interest. Contrary to the government's argument at the scheduling conference, there is no public right of access to discovery materials. *See Seattle Times Co.*, 467 U.S. at 33; *In re Reporters Committee for Freedom of Press*, 773 F.2d at 1336. The government concedes that financial and medical information is entitled to protection, but then proposes a truck-size loophole—that medical information related to its doping allegations be public. The government has it wrong. The relevance of the covered material to the government's doping allegations does not alter its eligibility for protection as confidential material. *See Seattle Times Co.*, 467 U.S. at 34 (explaining that the discovery of relevant information "may seriously implicate privacy interests of litigants and third parties").

*Second*, the government also incorrectly represented to the Court that Intervened Defendants consented to the filing of Exhibit I, a document their counsel had never seen prior to its filing after midnight Eastern on January 14, 2014. In particular, the government added relator's separate contentions as footnote 1, including relator's citation to authority and the government's response to relator's position, without ever circulating a draft of the language to defendants and *after* the government refused to add Intervened Defendants' own separate

2

contentions to the joint status report. Having now had a chance to review the Exhibit I, Intervened Defendants advise the Court that that with the exception of footnote 1, it accurately represents their positions regarding the privilege logs.

This is not the first time the government has filed a document with the Court on behalf of other parties without obtaining the consent of those parties. On December 13, 2013, the government filed Exhibit A to the Joint Report inaccurately stating that Tailwind Defendants joined in the Proposed Discovery Schedule of the non-intervened defendants. On November 15, 2013, the government filed a Joint Status Report representing that it had the consent of the defendants, even though they had never seen a draft of the report that contained plaintiffs' separate position regarding rebuttal times as set forth therein. To avoid these problems in the future, Intervened Defendants respectfully request that the Court order any party filing a jointly-consented document to circulate a draft of the document it proposes to file at least two business days prior to filing, to include any position that the recipients ask to have inserted into the proposed filing as their own separate positions, and to circulate a final draft to counsel for all parties prior to filing.

Respectfully submitted,

KEKER & VAN NEST LLP

Dated: January 14, 2014

By: */s/ Sharif E. Jacob*

799365

|  |  |
|---|---|
|  | JOHN KEKER (*pro hac vice*)<br>ELLIOT R. PETERS (*pro hac vice*)<br>R. JAMES SLAUGHTER (*pro hac vice*)<br>SHARIF E. JACOB (*pro hac vice*)<br>TIA SHERRINGHAM (*pro hac vice*)<br>KEKER & VAN NEST LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:  415 391 5400<br>Facsimile:   415 397 7188<br><br>ROBERT D. LUSKIN (D.C. Bar # 293621)<br>BENJAMIN D. WOOD (D.C. Bar # 478799)<br>PATTON BOGGS LLP<br>2550 M Street, NW<br>Washington, DC  20037<br>Telephone: (202) 457-6000<br>Facsimile: (202) 457-6315<br><br>Attorneys for Defendant<br>LANCE ARMSTRONG |
| Dated:  January 14, 2014 | By:  */s/ Blair Brown*<br><br>Blair G. Brown (D.C. Bar No. 372609),<br>ZUCKERMAN SPAEDER LLP<br>1800 M Street, NW<br>Washington, DC  20036<br>(202) 778-1829 – Telephone<br>(202) 822-8106 – Facsimile<br>bbrown@zuckerman.com<br><br>Attorneys for Defendants<br>TAILWIND SPORTS CORP. AND<br>TAILWIND SPORTS, LLC |

Dated:  January 14, 2014

By:  */s/ Thomas E. Zeno*

Thomas E. Zeno (D.C. Bar No. 348623)
Rebecca A. Worthington (D.C. Bar No. 995823)
SQUIRE SANDERS (US) LLP
1200 19th Street, NW, Suite 300
Washington, D.C. 20036
Telephone: (202) 626-6600
Facsimile: (202) 626-6780
Thomas.Zeno@squiresanders.com
rebecca.worthington@squiresanders.com

Attorneys for Defendant
JOHAN BRUYNEEL