**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **FLOYD LANDIS,** Plaintiffs, v. **TAILWIND SPORTS CORPORATION,** *et al.*, Defendants. | Civil Action No. 10-cv-00976 (RLW) |

FILED
JUL - 7 2014
Clerk, U.S District & Bankruptcy Courts for the District of Columbia

**ORDER**

Non-party Fred Woodrow Mauney Jr. sought leave to file an amicus brief in this action, but this Court denied his motion because it was filed over two months after this Court heard argument on all pending motions and had taken them under advisement. (*See* Docs. 151, 152.)

Presently before the Court are three supplemental motions filed by Mauney: two seeking additional time in which to file a motion to reconsider, (Docs. 155, 156), and one seeking reconsideration (Doc. 162). Inasmuch as he has already filed his motion to reconsider, the motions seeking additional time, (Docs. 155. 156), are DENIED as MOOT.

Mauney's motion to reconsider, (Doc. 162), is hereby DENIED because it is moot (the court has already ruled on the substantive motions) and Mauney has failed to establish that he is entitled to relief.

Mr. Mauney is a self-styled "paralegal investigator" who claims he helped the United States Postal Service (USPS) solve the murder of a postal worker. According to Mauney, sometime around 1999, the USPS wrongly denied him a reward for his efforts in helping solve that murder. Since then, he has attempted through "investigation," unsuccessful litigation[1] and social media[2] to expose alleged fraud and corruption he believes is rampant in the USPS, both with respect to his reward dispute and the USPS cycling team doping scandal involving Lance Armstrong.

---

[1] *See e.g., Mauney v. Holder*, 1:09-cv-2182-UNA (D.D.C. 2009); *Mauney v. Williams*, 1:09-cv-1230-LMB-JFA (E.D. Va. 2009)

[2] *See e.g.*, http://www.fredmauney.com/index.htm; http://www.youtube.com/watch?v=7Mway0jDMCQ.

Indeed, in his original motion to file an amicus brief, he claimed he could demonstrate, *inter alia*, that the USPS knew about the doping, that Defendant Wiesel was the mastermind behind the doping scheme and cover-up, and that the USPS, Defendants Armstrong, Weisel and others were involved in a "mafia" style crime family in violation of the RICO statute. Mauney purported to demonstrate these claims in a 27 page amicus brief along with over 430 pages of "evidentiary" exhibits.

The proffered exhibits, however, consist of widely available public documents, such as newspaper articles, court documents, copies of federal statutes, internet search results, and articles on doping. In his proffered amicus brief, he simply rehashes the information found in these public documents, raises numerous questions about the motivations and conduct of the alleged conspirators and reaches legal conclusions about what the documents allegedly establish.

Thus, his proffered filings provided no special information, special expertise or a unique perspective not otherwise available to the Court through the parties' filings or otherwise. Thus, even if his amicus motion had been timely, Mauney never established how his proffered filings were desirable or useful to the Court, as he was required to do in order to participate as "a friend of the court" or *amicus curiae*.

In his motion to reconsider, (Doc. 162), Mauney does not provide any additional information or argument which might support this Court's acceptance of his original amicus brief. Instead, he contends that acceptance of his amicus brief is not discretionary and that this Court is somehow involved in an alleged conspiracy to obstruct justice and deny him his First Amendment rights. Mauney provides no support for his allegations, nor does he cite to any legal authority that requires this Court to accept his amicus brief.

Indeed, Mauney is incorrect because, "[a]s all acknowledge, this Court has 'broad discretion' in determining whether to permit a party to participate in a lawsuit as *amicus curiae*." *Commonwealth of the Northern Mariana Islands v. U.S.*, Civil Action No. 08-1572 (PLF), 2009 WL 596986, at *1 (D.D.C. March 6, 2009) (citation omitted); *see Northern Securities Co. v. U.S.*, 191 U.S. 555, 556 (1903); *National Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000). This discretion is "derived from Rule 29 of the Federal Rules of Appellate Procedure." *Smith v. Chrysler Fin. Co.*, No. Civ. A. 00-6003(DMC), 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003). Appellate Rule 29 does not apply to the District Courts, but provides guidance. *See id.* (citation omitted). Pursuant to Rule 29, would-be amicus may only file a brief with consent of the parties or with leave of court. If leave of court is sought, the petitioner must explain "why the amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(b). If *amicus curiae* cannot "assist the court in its understanding of a particular matter," *Smith*, 2003 WL 328719, at * 8, and/or provide "unique information or perspective . . . beyond the help that the lawyers for the parties are able to provide, . . . [then] leave to file an *amicus curiae* brief should be denied." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (citations omitted).

Mauney has not met this standard. The Court had before it numerous motions to dismiss raising legal issues about the sufficiency of the pleadings and the applicability of the various statutes of limitations. Mauney's submission did not assist the Court in deciding those matters. As such, he cannot participate in this proceeding as *amicus curiae*, and the motion to reconsider is DENIED.

The Clerk of the Court shall mail a copy of this order to

**FRED WOODROW MAUNEY, JR.**
401 W 24th Street
Charlotte, NC 28206

July 7, 2014

ROBERT L. WILKINS
United States Circuit Judge
(Sitting by designation in the United States District Court for the District of Columbia)