**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* FLOYD LANDIS, <br><br>         Plaintiffs, <br><br> v. <br><br> TAILWIND SPORTS CORP., *et al.*, <br><br>         Defendants. | Civil Action No. 10-00976 <br><br> **ECF** |

**DEFENDANTS' STATEMENT**
**CONCERNING THE REVISED SCHEDULING ORDER**

As reflected in the Supplemental Joint Reports to the Court, the parties have been meeting and conferring regarding a joint revised proposed schedule. *See* Supp'l Joint Report, July 9, 2014, ECF No. 194; Supp'l Joint Report, July 11, 2014, ECF No. 195. As of 2:20 p.m. Eastern today, Lance Armstrong, Capital Sports & Entertainment Holdings, Inc., William J. Stapleton, and Barton B. Knaggs ("Defendants") expected to submit a joint statement regarding the parties' proposed revised scheduling order. At that time, however, the Government informed Defendants that it would not agree to file a joint statement unless Defendants agreed to substantively edit their portions of the joint statement. Defendants did not agree.

Therefore, the following is Defendants' proposed revised scheduling order. It reflects the areas where Plaintiffs and Defendants agree, as well as those areas where the parties disagree. This statement includes the government's positions as last disclosed to Defendants during the meet and confer process. All of Defendants' positions were disclosed to the government prior to filing.

## I.  AMENDMENT OF PLEADINGS

| Plaintiffs' Position | Armstrong's Position | CSE Defendants' Position |
|---|---|---|
| The United States and Relator shall have until January 1, 2015, to amend their pleadings without leave. | The United States and Relator shall have until January 1, 2015, to amend their pleadings with leave of Court or the permission of the parties. No further amendments shall be permitted. | Relator shall have until January 1, 2015 to cure the defects of Relator's pleading with respect to those Defendants dismissed for failure to plead fraud with particularity. No further amendments shall be permitted. |

**Explanation for plaintiffs' position:**  The plaintiffs should have an opportunity to amend their pleadings after some reasonable period of time in which to conduct discovery. The CSE Defendants' proposal would not allow any such time, except with respect to the dismissed defendants.  Armstrong's proposal would permit amendments with leave until January 1, 2015, but this is no concession because amendments are always permitted with leave.  Fed. R. Civ. P. 15(a)(2).  The defendants each propose to prohibit all amendments at some point, even with leave of the Court.  This approach is inconsistent with Fed. R. Civ. Proc. 15(a)(2), which requires that leave to amend should be "freely given," and Fed. R. Civ. P. 15(b), which permits amendments to the pleadings at any time during litigation, even after trial.

**Explanation for Defendant Lance Armstrong's position:**  Plaintiffs' deadlines to amend as a matter of course have already elapsed.  *See* Fed. R. Civ. Proc. 15(a).  Armstrong's position is consistent with the Federal Rules of Civil Procedure, which require the "scheduling order [to] limit the time to join other parties [or] amend the pleadings."  Fed. R. Civ. Proc. 16(b)(3)(A).

**Explanation for CSE defendants' position:**  The CSE Defendants recommend that Relator have until January 1, 2015 to amend his complaint with leave of Court or the permission of the parties.  No further amendments should be permitted.  Plaintiffs' deadlines to amend as a

matter of course have already elapsed. *See* Fed. R. Civ. Proc. 15(a).  Furthermore, Relator commenced this action in June 2010 and has amended his complaint twice following the United States' multi-year investigation of Relator's claims and the publication of the result of the United States Anti-Doping Agency's multi-year investigation into doping by the riders on the United States Postal Service Cycling Team.  Further, the allegations of the complaint concern conduct – doping by riders on the Postal Cycling Team – in which Relator himself admittedly was intimately involved.

Moreover, the United States and Relator previously agreed that "other parties shall be joined and the pleadings amended by June 1, 2014." (Dkt. No. 141 at 2).  Similarly, Defendants Armstrong, Bruyneel, and the Tailwind Defendants previously recommended "that all other parties shall be joined and the pleadings amended no later than 30 days after the Court issues its order on the parties' motions to dismiss." (*Id*.)  The Court ruled on the motions to dismiss on June 19, 2014. (Dkt. No. 174).  Relator and the Government's proposed deadline for amendment without leave of Court or permission of the Parties of January 1, 2015 far exceeds either earlier proposed deadline and is unreasonable.

The CSE Defendants recognize that the Court has invited Relator to amend his complaint to cure the defects of Relator's pleading with respect to Thomas Weisel and Ross Investments, both of whom were dismissed for Relator's failure to plead fraud with particularity.  The CSE Defendants agree that Relator should have until January 1, 2015 to seek leave of Court to amend his complaint to cure these defects.  However, no other amendments should be permitted.

## II.    TIMING OF DOCUMENT PRODUCTION AND DEPOSITIONS

| Plaintiffs' Position | Defendants' Position |
|---|---|
| The parties shall produce documents on a rolling basis.  Depositions may begin immediately. | The parties shall complete production of all documents responsive to requests for production currently pending on or before September 30, 2014.  October 1, 2014 is the first date on which a party may notice a deposition. |

**Explanation for plaintiffs' position:**  The blanket deadline for all document discovery proposed by defendants is unnecessary, inefficient, and contrary to the parties' agreement to conduct a rolling production in their Document Production Stipulation.  ECF 141-2.

The defendants' argument that document discovery must precede depositions is incorrect.  A party may conduct discovery "in any sequence," unless the court orders otherwise "for the parties' and witnesses' convenience and in the interests of justice."  Fed. R. Civ. P. 26(d)(2).  Neither convenience nor justice requires the broad moratorium on depositions proposed by defendants.  To the extent courts have intervened to establish the sequencing of discovery, those determinations have been made on fact-specific bases.  Indeed, under some circumstances, courts have granted precisely the opposite relief the defendants seek, granting protective orders to delay production of witness statements until after the witness has been deposed.  *See, e.g., Poppo v. AON Risk Servs., Inc.*, 49 Fed. R. Serv. 3d 120 (S.D.N.Y. 2000); *Sherrell Perfumes, Inc. v. Revlon, Inc.*, 77 F.R.D. 705, 707 (S.D.N.Y. 1977); *Torres-Paulett v. Tradition Mariner, Inc.*, 157 F.R.D. 487, 488 (S.D. Cal. 1994).  Depositions should be delayed, if at all, on a case-by-case basis, when the Court can take into account the particular witness, the relevance and significance of the documents sought, and all other factors bearing on convenience and justice.

The defendants argue, by reference to Armstrong's 20 page motion to compel, that the Government is not cooperating in discovery.  To the contrary, the Government has been

producing documents and otherwise fulfilling its discovery obligations, as its response to Armstrong's motion will demonstrate.  In any event, Armstrong's contentions have not been fully briefed, argued, or decided, thus making it premature to delay *any* depositions on the basis those claims, let alone *all* depositions.

**Explanation for defendants' position:**  Defendants seek an orderly progression of discovery from document production through deposition.  To date, that has not occurred.  For over four years, the government has conducted a broad investigation into the use of performance-enhancing substances in professional cycling.  The conduct investigated by the government spans at least sixteen (16) years, going back to 1998, or earlier.  But the government continues to withhold large quantities of documents from its investigation seventeen months after filing its complaint in intervention and nearly eight months after Armstrong served requests calling for production of those documents.  As set forth in Armstrong's pending motion to compel production, the government has not produced, *inter alia*, (1) statements by Armstrong; (2) numerous other witness statements; and (3) eighteen categories of documents produced to the government by third parties.  *See* Mot. to Compel, July 3, 2014, ECF No. 190.  Moreover, the government continues to withhold U.S. Postal Service documents which will establish that the sponsorship of the cycling team was tremendously financially beneficial to the Postal Service, that no harm occurred, and that there are no damages in this case.  The government's obstructionist and uncooperative approach to document discovery is at the very least motivated by an improper effort to benefit from ambush and surprise, and perhaps also to gain leverage due to powers that the DOJ, unique among civil litigants, possesses.  At Armstrong's recent deposition in an arbitration pending in Texas, seconds after making a settlement demand, opposing counsel passed along a threat he attributed directly to the government, that the slightest

845063

misstatement by Armstrong during his deposition could lead to criminal proceedings. The DOJ then subpoenaed the transcript just days after the deposition in that private arbitration, where the deposition was to be used only for the purpose of that arbitration. Against this backdrop, the defendants' insistence that that they have access to all relevant documents prior to depositions, to avoid any type of government trap and unfair surprise, as well as for the normal and efficient progress of the litigation, is entirely fair and reasonable. In order to ensure that no party is able to unilaterally prepare for a deposition by withholding documents relevant to that deposition, Armstrong respectfully asks the Court to order the parties to complete production of documents responsive to pending requests prior to noticing depositions. *See Rofail v. United States*, 227 F.R.D. 53, 54 (E.D.N.Y. 2005) (holding that document production must precede depositions); *Lohrenz v. Donnelly*, 187 F.R.D. 1, 7 (D.D.C. 1999) (same).

### III.     CLOSE OF FACT DISCOVERY

The parties agree that fact discovery should close on August 14, 2015.

### IV.     CLOSE OF EXPERT DISCOVERY

The parties agree that expert discovery should close on December 15, 2015.

### V.     DEADLINES FOR EXPERT REPORTS

| **Plaintiffs' Position** | **Defendants' Position** |
| --- | --- |
| The parties shall exchange expert reports on September 15, 2015. The parties shall exchange rebuttal expert reports on October 15, 2015. | The parties shall serve expert reports relating to issues on which the party bears the burden of proof on September 15, 2015. The parties shall serve rebuttal expert reports on October 15, 2015. |

**Explanation for plaintiffs' position:** The Parties agreed on this approach in the prior stipulated scheduling order. The Federal Rules provide that, "[a]bsent a stipulation or court order" the default rule is that all parties disclose expert testimony at the same time, i.e., initial reports are due 90 days before trial and rebuttal reports are due within 30 days after the other

party's disclosure.  *See* Fed. R. Civ. Proc. 26(a)(2)(D).  The United States and the relator propose that the Federal Rules be followed in this case.

Moreover, the mutual exchange of expert reports reflects the practical reality of the damages issue in this case.  The United States contends that it suffered damages equal to the $40 million it paid under the sponsorship agreement.  The issue of damages may be resolved on summary judgment, but if it is not, defendants are likely to introduce expert evidence in support of their contention that a doping cycling team had value to the United States.  Thus, defendants will be the proponents of expert testimony purporting to demonstrate the value, if any, of the sponsorship of a doping cycling team.

**Explanation for defendants' position:**  In accordance with normal practice and the Federal Rules of Civil Procedure, Armstrong has proposed that the party with the burden of proof on an issue serve any opening expert report on that issue.  *See* Fed. R. Civ. Proc. 26(a)(2) advisory committee's note ("[I]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue.").  The government and relator have taken the position that defendants should submit an opening report on damages, and that the government may withhold its expert report on damages for rebuttal.  But "[t]he government . . . bears the burden of proving damages." *United States v. Sci. Applications Int'l Corp.*, 626 F.3d 1257, 1280 (D.C. Cir. 2010).

## VI. DEADLINES FOR DISPOSITIVE MOTIONS

| Plaintiffs' Position | Defendants' Position |
|---|---|
| A post discovery conference should be held on January 8, 2016, during which time the parties will schedule deadlines for dispositive motions. | Dispositive and *Daubert* motions shall be filed by February 15, 2016. Responses to dispositive and *Daubert* motions shall be filed by March 15, 2016. Replies in support of dispositive and *Daubert* motions shall be filed by March 29, 2016. The hearing on dispositive and *Daubert* motions shall be held on April 14, 2016, or as soon thereafter as is convenient for the Court. |

**Explanation for plaintiffs' position:** The proposal by the United States and the relator is consistent with what they understand to be this Court's practice, and believe that the additional flexibility inherent such an approach is to the benefit of all of the parties.

**Explanation for defendants' position:** The Federal Rules of Civil Procedure, and this Court's local rules, require the parties to propose, and the scheduling order to set deadlines to file dispositive motions. Fed. R. Civ. Proc. 16(b)(3)(A), (c)(2)(E); Local Civ. R. 16.3(c)(6). Given that all the parties contend that this case may be disposed of by summary judgment, it is particularly appropriate to set deadlines for dispositive motions in this action. *See* Joint Report § 6, Dec. 12, 2013, ECF No. 141.

## CONCLUSION

The Parties believe that it would be productive for the Court to set a scheduling conference, where the Court can hear from the parties on these matters and the other proposed orders pending before the Court.

845063

Dated:  July 14, 2014

                                      Respectfully submitted,

| | |
|---|---|
| /s/ Sharif E. Jacob | /s/ Marc S. Harris |
| Robert D. Luskin (D.C. Bar No. 293621) | John P. Pierce (D.C. Bar No. 475101) |
| Benjamin D. Wood (D.C. Bar No. 478799) | THEMIS PLLC |
| PATTON BOGGS LLP | 2305 Calvert Street, NW |
| 2550 M Street, NW | Washington, DC 20008 |
| Washington, DC 20037 | (202) 567-2050 – Telephone |
| (202) 457-6000 – Telephone | (202) 567-2051 – Facsimile |
| (202) 457-6315 – Facsimile | jpierce@themis.us.com |
| rluskin@pattonboggs.com | |
| | |
| John W. Keker (*pro hac vice*) | Marc S. Harris (*pro hac vice*) |
| Elliot R. Peters (*pro hac vice*) | SCHEPER KIM & HARRIS LLP |
| R. James Slaughter (*pro hac vice*) | 601 West Fifth Street, 12th Floor |
| Sharif E. Jacob (*pro hac vice*) | Los Angeles, CA 90071-2025 |
| Tia Sherringham (*pro hac vice*) | (213) 613-4655 – Telephone |
| KEKER & VAN NEST LLP | (213) 613-4656 – Facsimile |
| 633 Battery Street | mharris@scheperkim.com |
| San Francisco, CA 94111 | |
| (415) 391-5400 – Telephone | *Counsel for Defendants Capital Sports &* |
| jkeker@kvn.com | *Entertainment Holdings, Inc., William J.* |
| | *Stapleton and Barton B. Knaggs* |
| *Counsel for Defendant Lance Armstrong* | |

845063