# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* FLOYD LANDIS, <br><br> Plaintiffs, <br><br> v. <br><br> TAILWIND SPORTS CORP., *et al.*, <br><br> Defendants. | Civil Action No. 1:10-cv-00976-CRC <br><br> **Telephonic Conference With the Court Scheduled for October 24, 2014 at 2:00 p.m.** |

### DEFENDANT LANCE ARMSTRONG'S SUMMARY OF DISCOVERY ISSUES REGARDING ARMSTRONG'S FIRST AND SECOND SETS OF INTERROGATORIES AND THE GOVERNMENT'S FAILURE TO PRODUCE ELECTRONICALLY STORED INFORMATION

874160

At the October 24, 2012 telephonic conference with the Court, Armstrong seeks relief with respect to two discovery disputes: (1) the Government's deficient responses to Armstrong's first and second sets of interrogatories; and (2) the Government's failure to produce electronically-stored information ("ESI") responsive to Armstrong's document requests, despite its repeated promise to do so.

## I.    THE GOVERNMENT'S DEFICIENT INTERROGATORY ANSWERS

Armstrong served a first set of interrogatories on June 17, 2014 (Ex. A), to which the Government responded on August 4, 2014 (Ex. B). Armstrong served a second set of interrogatories on August 7, 2014 (Ex. C), to which the Government responded on September 10, 2014 (Ex. D).

Following the exchange of detailed letters addressing the deficiencies in the Government's interrogatory responses, Armstrong and the Government met and conferred telephonically on September 11, 2014 regarding Armstrong's first and second set of interrogatories (Interrogatories No. 1-9). The Government objected to the call being transcribed by a court reporter, and threatened to end the call, but eventually the call proceeded. A transcript of the September 11, 2014 meet and confer call is attached hereto as Exhibit E.

During the meet and confer conference, the Government promised: (1) to provide Armstrong a supplemental response to Interrogatories No. 1, 3, 4 and 9;[1] and (2) to consider whether or not to provide the date and distribution of any document hold or document retention notices that were sent pertaining to this matter and to provide Armstrong with a copy of the relevant USPS document retention policies, in response to Interrogatory No. 8.[2] The parties discussed Interrogatory No. 2, but reached an impasse. The same day, Armstrong's counsel sent an email to the Government memorializing the conference and the Government's promises to

---

[1] *See* Ex. E at 8:18-9:5 (No. 1); 16:11-18:14 (No. 3); 21:13-22:2 (No. 4); and 39:23-40:13 (No. 9).

[2] *See* Ex. E at 36:14-37:16.

Armstrong.  Ex. F.  Armstrong's counsel specifically requested that the Government provide the information requested by September 15, 2014 and supplement its responses by September 18, 2014.  *Id*.  Having received no response, Armstrong's counsel followed-up with the Government on September 23, 2014.  Ex. G.  Again, the Government did not respond.  On October 14, 2014, Armstrong's counsel again requested that the Government provide a date certain as to when it will supplement its interrogatory answers and provide the information requested.  Ex. H.  On October 15, 2014, the Government responded that it intends to supplement its interrogatory responses consistent with the parties' meet and confer discussion, but failed to provide any date by which it would do so.  Ex. I.

### A.    Interrogatories No. 1, 3, 4 and 9

As described above, the Government has promised to supplement its responses to Interrogatories No. 1, 3, 4 and 9, but has not done so, now six weeks later.  The Government has repeatedly ignored Armstrong's requests to set a date certain by which it can expect supplemental responses, while at the same time demanding that Armstrong provide the information it seeks in discovery.  For these reasons, and to ensure the Government's timely compliance with its discovery obligations, Armstrong requests that the Court order the Government to supplement its responses to Interrogatories No. 1, 3, 4 and 9 within fifteen days.

### B.    Interrogatory No. 2

Interrogatory No. 2 asks the Government to identify all persons who disclosed the "existence of this action or the complaint" with the press or any other party with whom communication was prohibited by the Court's sealing order, prior to February 22, 2013.  *See* Ex. A.  The Government has refused to respond to this interrogatory (*see* Exhibit B), despite the fact that it is directly relevant to whether plaintiffs violated the restrictions of the under seal period.  Moreover, as Armstrong explained during the parties' meet and confer call, his question is limited in scope: Does the Government know whether the relator, Jeff Novitzky or any other government agent or employee leaked information to the press prior to February 22, 2013?  If the Government does not know this information, it may so state in a verified interrogatory answer.

Similarly, if the Government does know who disclosed the existence of this sealed proceeding to the press, it should so state and identify the person or persons who did so.

## II.     THE GOVERNMENT'S FAILURE TO PRODUCE ESI

Eleven months ago, Armstrong served a first set of requests for production seeking ESI, including e-mail and calendar entries.  Ex. J.  The Government initially refused to provide documents in response to twenty of Armstrong's thirty-three requests.  Ex. K.  But after Armstrong filed a motion to compel, the government agreed to or was ordered to respond to all but sixteen of the twenty disputed requests.  *See* Order 2, 12-15, Sept. 30, 2014, ECF No. 227.

The Government raised only a single objection to the production of ESI, seeking in response to certain requests "a list of USPS employees with respect to whom a search for responsive documents will be conducted."  *See* Ex. K, Request Nos. 21-23, 26, 28.  Armstrong furnished that list four months ago.  *See* Ex. L; *see also* Ex. M.

Nonetheless, the Government continues to withhold responsive ESI.  After Armstrong filed his motion to compel, and more than eight months after Armstrong served his requests, the Government for the first time suggested an inadequate set of search terms.  Ex. N.  Despite the Government's repeated delays, Armstrong attempted in good faith to negotiate an agreed-upon set of search terms, sending the Government a revised list of terms.  Ex. O.  However, the Government has ignored Armstrong's requests to meet and confer.  Ex. P.

"Under Rule 26, a party is obligated to make a reasonable effort to search for and produce documents responsive to the opposing party's document requests."  *Moore v. Napolitano*, 723 F. Supp. 2d 167, 173 (D.D.C. 2010).  A responding party may not wait to propose search terms until after the requesting party files a motion to compel.  *See Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 377 n.9 (S.D. Ind. 2009).  And once a Court has ruled on a motion to compel, the responding party may no longer use its desire to negotiate search terms to delay production.  *Id.*  Therefore, Armstrong respectfully requests that the Court order the Government to produce ESI responsive to Armstrong's first set of requests within fifteen days.

3

874160

        Respectfully submitted,

        KEKER & VAN NEST LLP

Dated: October 22, 2014      By: *Elliot R. Peters*

        JOHN KEKER (*pro hac vice*)
        ELLIOT R. PETERS (*pro hac vice*)
        R. JAMES SLAUGHTER (*pro hac vice*)
        SHARIF E. JACOB (*pro hac vice*)
        TIA A. SHERRINGHAM (*pro hac vice*)
        633 Battery Street
        San Francisco, CA 94111-1809
        Telephone: 415 391 5400
        Facsimile: 415 397 7188

        ROBERT D. LUSKIN (D.C. Bar # 293621)
        BENJAMIN D. WOOD (D.C. Bar # 478799)
        SQUIRE PATTON BOGGS (US) LLP
        2550 M Street, NW
        Washington, DC 20037
        Telephone: (202) 457-6000
        Facsimile: (202) 457-6315

        Attorneys for Defendant
        LANCE ARMSTRONG