UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, *ex rel.*, ) <br> FLOYD LANDIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TAILWIND SPORTS CORPORATION, ) <br> *et al.*, ) <br> ) <br> Defendants. ) | No. 1:10-cv-00976-CRC <br><br> **Telephonic Conference** <br> **With Court Scheduled For** <br> **October 24, 2014** <br> **2pm** |

**UNITED STATES' SUMMARY OF DISCOVERY ISSUES
REGARDING UNITED STATES' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

**INTRODUCTION**

In his written responses and objections to the United States' First Set of Requests for Production, Lance Armstrong objected to each of the Government's 38 requests using substantially the same boilerplate language. He stated his production would be "subject to and without waiving" his objections, without fully indicating the scope of the documents he agreed to produce or those he intended to withhold. To date, he has produced very few emails and no text messages or social media communications.[1] Armstrong's objections are improper, and he should be required to produce all documents responsive to the Government's requests.

In particular, the Government is aware of four categories of documents Armstrong is expressly and improperly withholding. We respectfully request that the Court order their production without further delay.

**SCA Deposition Material -** Armstrong and his longtime manager William Stapleton were deposed on June 12, 2014 and July 9, 2014, respectively, in connection with SCA Promotion's lawsuit against Armstrong. The United States requested production of the deposition transcripts, videos, and exhibits. After finally agreeing to produce his own deposition materials by September 12, 2014, however, he reversed course and refused to produce them until the United States revises its responses to certain interrogatories. He refuses to produce the Stapleton deposition materials at all, citing Stapleton's potential confidentiality interests.

---

[1] In fact, Armstrong has produced very few documents overall. His production consists of just 555 pages, plus a very large litigation file (totaling approximately 12,000 pages) that is responsive to one of the Government's 38 requests. These appear to be the exact same documents Armstrong produced in response to the Government's investigative subpoena in 2012.

Armstrong's insistence on extracting concessions before fulfilling his acknowledged discovery obligations is improper. Moreover, any legitimate confidentiality concerns Mr. Stapleton has can be addressed in the manner set forth in the Court's Protective Order. Armstrong should be required to produce the requested deposition materials immediately.

**Post-2004 Documents -** Armstrong objects to every one of the Government's requests to the extent it requires the production of documents relating to periods after 2004. He argues that these documents are irrelevant *per se* because the Postal Service's sponsorship of his cycling team ended on December 31, 2004. *See* Exh. 2, p 2. (General Objection 9); *ibid*.

The Government seeks responsive documents after the sponsorship period for several reasons. First, Armstrong has asserted that the statute of limitations cannot be tolled because the Government should have known much earlier about his doping conduct. His efforts to conceal his doping, even after the sponsorship ended, are relevant to the tolling analysis. ECF No. 113. In addition, post-2004 information is relevant to Count IV of the United States' Complaint (the "Reverse False Claims count"). Further, documents after 2004 may reveal patterns or practices relating to Armstrong's doping and concealment, or the identity of additional witnesses, that could lead to the discovery of admissible evidence relating to earlier time periods.

**Pre-2004 ESI -** On September 10, 2014, Armstrong indicated for the first time that he has "harvested" texts and emails. Citing concerns about potential duplication of effort, however, he refused to search documents generated *before* 2004, unless the Government concedes the irrelevance of post-2004 documents, or the Court decides the

issue. Moreover, he refused to provide the Government any information about the documents "harvested," making it impossible for the Government to engage in a meaningful discussion about the search parameters to be applied to any ESI.

**Documents Created By Agents -** Although Armstrong has attempted to paint himself as a mere "individual," the reality is that Armstrong was an enterprise, and he operated through a coterie of agents, managers, surrogates, and handlers. Thus, the Government's RFPs seek documents relating to Armstrong and persons acting on his behalf. Armstrong objects on overbreadth and relevance grounds, and has indicated he will construe the Government's requests to refer solely to Armstrong. Exh. 2 at 3.

When the parties met and conferred, Armstrong's counsel claimed not to understand the Government's use of the term "agents" in this context. But Armstrong's feigned ignorance is implausible. Armstrong's agents include those persons who were authorized to act on his behalf, as the RFP definitions make clear. Armstrong should be required to produce documents generated by the agents, managers, and employees through whom he acted.[2]

## CONCLUSION

We respectfully request that the Court order Armstrong to produce the SCA deposition materials immediately. We further respectfully request that the Court order Armstrong to produce immediately all other documents responsive to the Government's requests for production.

---

[2] To be clear, the Government does not suggest and has never suggested that Armstrong is required to produce documents that are not within his possession, custody, or control. As we explained to Armstrong, the Government's definition of "you" and "your" define the scope of documents responsive to the request, not the scope of his search for documents.

        Respectfully submitted,

        JOYCE R. BRANDA
        Acting Assistant Attorney General

        RONALD C. MACHEN JR., D.C. Bar # 447889
        United States Attorney

        DANIEL F. VAN HORN, D.C. Bar # 924092
        Assistant United States Attorney

        s/ David M. Finkelstein
        MICHAEL D. GRANSTON
        ROBERT E. CHANDLER
        DAVID M. FINKELSTEIN
        Attorneys, Department of Justice
        Civil Division
        Post Office Box 261
        Ben Franklin Station
        Washington, D.C.  20044
        Tel:  (202) 616-2971

DATED: October 22, 2014