# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* FLOYD LANDIS,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>TAILWIND SPORTS CORP., *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 1:10-cv-00976-CRC<br><br>**Telephonic Conference With the Court Scheduled for October 24, 2014 at 2:00 p.m.** |

### DEFENDANT LANCE ARMSTRONG'S SUMMARY OF DISCOVERY ISSUES REGARDING THE GOVERNMENT'S REQUESTS FOR PRODUCTION

874058

Over a year before discovery opened in this action, Armstrong produced 12,862 pages of documents to the Government in response to a subpoena issued by the Office of the Inspector General for the U.S. Postal Service ("OIG") that sought documents related to every aspect of Armstrong's involvement with the United States Postal Service cycling team.  Ex. A.  No party has contested the sufficiency of Armstrong's production in response to that subpoena.  The Government's requests here are largely copied word-for-word from the OIG subpoena. *Compare* Ex. A, *with* Ex. B, Request Nos. 1-6, 7(a)-(d), 10-13, 17-18, 22, 24-26, 28, and 34.

Nonetheless, Armstrong has diligently searched for any additional documents responsive to the Government's new requests.  Armstrong began collecting text messages, emails, and his deposition transcript from an arbitration in Texas, and stands ready to produce those documents subject to reasonable conditions, including negotiated search terms.  But, instead of meeting and conferring with Armstrong, the Government has filed a three-page document riddled with inaccuracies.  Armstrong respectfully requests that the Court deny the Government's request.

I.  **DOCUMENTS IN THE POSSESSION OF PERSONS OTHER THAN ARMSTRONG**

The Government's request for documents "created by [Armstrong's] agents" is both moot and meritless.  During the relevant period of time, Armstrong's agent was either Bill Stapleton or Capital Sports & Entertainment ("CSE").  Both are defendants in this case.  Both produced documents to the Government as part of its pre-intervention investigation and in this litigation.  The Government's request to have Armstrong ask Stapleton and CSE to send duplicates of their productions to his attorneys' office to have them Bates-stamped (again) and produced (again) is pointless and harassing.

Armstrong does not know who else the Government thinks his agent may be and "[t]he burden of establishing control over the documents sought is on the party *seeking* production." *Norex Petroleum Ltd. v. Chubb Ins. Co. of Can.*, 384 F. Supp. 2d 45, 56 (D.D.C. 2005) (citing 7 Moore's Federal Practice § 34.14(2)(b) (2004)) (emphasis added).  The Government does ***not identify a single person*** it believes to be Armstrong's agent, much less prove that Armstrong has

1

control of his documents.  The Government's contention that Armstrong has a "coterie of . . . surrogates" is neither relevant nor accurate.  It is a matter of public knowledge that Armstrong's sponsors have terminated his contracts.  The Government's failure to identify which persons or entities it claims Armstrong controls, and to establish Armstrong's control of those persons or entities, is basis alone to deny its request.

It is worth noting, however, that the sole guidance the Government has provided regarding the scope of its request is the definition of "YOU."  There, the Government states that it is seeking documents from "any other person acting or *claiming to act on [Armstrong's] behalf* (including any agent, manager, or attorney), along with all entities in which Mr. Armstrong is or *has been an officer, director, or owner (in whole or in part*, but excluding Mr. Armstrong's ownership in companies whose shares are traded on a major national stock exchange) and any other entities over which Mr. Armstrong may exercise control."  Ex. B (emphasis added).  The demand that Armstrong obtain documents from every person that claims to act on his behalf, or any entity in which he was ever an officer or owned an interest, or any entity over which he "may exercise control" (whatever that means) is patently vague and overbroad.

## II.   PRE-2004 ESI

Armstrong has already produced the lion's share of the requested documents in response to the OIG subpoena and again in response to the requests for production in this case.  In addition to the documents already produced, Armstrong has collected emails and text messages and has offered to work with the Government on a protocol to determine which of those electronic communications are relevant and responsive.  As written, the Government's requests for electronic communications are overbroad.  For example, the Government seeks, without limitation, "all communications" between Armstrong and 22 individuals or categories of individuals such as "any member of the News Media."  *See* Ex. A, No. 7.  Despite Armstrong's

offer, the Government has made no effort to narrow the scope of the communications it seeks, negotiate search terms, or tailor its requests to this lawsuit.

### III.     POST-2004 DOCUMENTS

The Government seeks an unspecified set of documents spanning from January 1, 1998 *to the present*.  The Government's demand—untethered to any specific document request—targets documents that could never have relevance to this case.  *See, e.g.*, Request Nos. 14-16 (seeking post-USPS sponsorship payments Armstrong received from Tailwind or Weisel); Request No. 20 (seeking post-2004 prescriptions from his doctor).  Armstrong's counsel offered to consider requests for documents produced after 2004 on a request-by-request basis, but the Government has not taken Armstrong up on his offer.  Ex. C.  Moreover, the primary reason the Government advances for seeking post-2004 discovery is its desire to gather yet more evidence of the undisputed fact that Armstrong publicly denied doping until his January 14, 2013 interview with Oprah Winfrey.  *See* Fed. R. Civ. Proc. 26(b)(2)(C)(i) (prohibiting cumulative discovery).

### IV.     SCA DEPOSITIONS

Armstrong has agreed to produce the deposition transcript, exhibits, and videotape from Armstrong's deposition[1] in the SCA litigation, although Armstrong is in the process of obtaining the videotape of the SCA deposition from his counsel in Texas.  Throughout this litigation, however, the Government has repeatedly refused to provide dates by when Armstrong can expect to receive discovery the Government has *agreed to produce*.  In particular, the Government promised over a month ago to supplemental certain of its interrogatory answers that are the subject of Armstrong's October 22, 2014 discovery statement and still has produced no electronically stored information.  The Government will not even respond to Armstrong's requests for a date by which it can expect to receive those responses or produce its ESI.

---

[1] As to the production of Stapleton's deposition in the SCA case, the Government should direct its request to Stapleton's counsel.  Stapleton is a defendant in this case and should have the opportunity to raise any objections to the production of his deposition materials himself.

Respectfully submitted,

KEKER & VAN NEST LLP

Dated:  October 23, 2014

By: *Elliot R. Peters*

JOHN KEKER (*pro hac vice*)
ELLIOT R. PETERS (*pro hac vice*)
R. JAMES SLAUGHTER (*pro hac vice*)
SHARIF E. JACOB (*pro hac vice*)
TIA A. SHERRINGHAM (*pro hac vice*)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

ROBERT D. LUSKIN (D.C. Bar # 293621)
BENJAMIN D. WOOD (D.C. Bar # 478799)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC  20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Attorneys for Defendant
LANCE ARMSTRONG