# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* FLOYD LANDIS,<br><br>                              Plaintiffs,<br><br>v.<br><br>TAILWIND SPORTS CORP., *et al.*,<br><br>                              Defendants. | Civil Action No. 1:10-cv-00976-CRC<br><br>**ECF** |

**LANCE ARMSTRONG'S SUMMARY OF DISCOVERY DISPUTE REGARDING THE GOVERNMENT'S REVENUE-TRACKING DATABASES**

I.      INTRODUCTION

The government is withholding from production evidence that will prove beyond a doubt that it has not suffered any damages.  Contemporaneous government-commissioned audits show that the sponsorship of the U.S. Postal Service cycling team earned the government between $138 and $147 million in advertising value on its $32 million investment.  But that is not all the government received.  The government's association with the cycling team also yielded the holy grail of marketing:  new cash revenue.  The government recorded this revenue in a number of databases—including the Sales Management and Revenue Tracking System ("SMARTS"), Account Management System ("AMS"), and Sales Tracking and Retention System ("STARS").  The government's internal documents report that this new revenue—standing on its own— "cover[ed] the cost of [the] sponsorship."  Jacob Decl. Ex. A at US00164839.  Armstrong has requested this information repeatedly, but the government continues to delay production without justification.  Armstrong respectfully requests that the Court put an end to the government's delays and order production of the databases within fifteen days of the forthcoming telephonic hearing.

II.     BACKGROUND

Armstrong has been seeking the government's revenue-tracking databases for *over a year* with no apparent progress.  The databases are responsive to Armstrong's request for production nos. 1, 4, 5, and 32, served on November 25, 2013.  *See* Jacob Decl. Ex. F.  In February, Armstrong requested the databases from the government during confidential discussions aimed at resolving this matter.  *See* Jacob Decl. ¶ 3.  The government declined to supply them at that time.  *Id.*  On July 1, Armstrong again requested the databases, this time as part of the litigation. *Id.* ¶ 4.  The government conceded that it had a duty to produce the databases under its existing

1

responses to Armstrong's document requests, and agreed to endeavor to propose a format for production of the databases by July 9, 2014. *Id.* It failed to do so. *Id.*

Armstrong moved to compel production of damages-related documents—including the revenue-tracking databases. *See* Mot. to Compel, July 3, 2014, ECF No. 190. At the hearing on the motion to compel, the government admitted that the revenue-tracking databases were "relevant" and "discoverable." Jacob Decl. Ex. B at 68. But the government claimed that it needed more time. *Id.* at 71-71.

On October 31, 2014, Armstrong again requested the databases from the government. *See* Jacob Decl. Ex. C at 94-95. The government said that it needed an additional week. *Id.* at 97.

Armstrong gave the government a full week, and again requested production of the databases. In response, the government refused to commit to a production deadline, and repeated almost word-for-word the same excuses it tendered to the Court two months prior at the hearing on the motion to compel. *See* Jacob Decl. Ex. D.

### III.   ARGUMENT

The government has conceded the relevance and discoverability of the revenue-tracking databases. *See* Jacob Decl. Ex. B at 68. The only issue remaining is actual production. Armstrong offered to inspect the databases in the "forms in which [they are] ordinarily maintained," but the government refused to allow inspection. *See* Jacob Decl. ¶ 4. Given that refusal, the government must produce the revenue-tracking databases "in a reasonably usable form." Fed. R. Civ. Proc. 34(b)(2)(E)(i). "If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this

feature." Fed. R. Civ. Proc. 34(a) advisory committee's notes on 2006 amendments. Accordingly, courts inside and outside of this District have ordered parties to produce relevant information from databases in searchable form. *See, e.g.*, *United States CFTC v. Trade Exch. Network, Ltd.*, No. 12-1902, 2014 U.S. Dist. LEXIS 134826, *7-*9 (D.D.C. June 24, 2014); *Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*, No. 11-2861, 2012 U.S. Dist. LEXIS 173448, *10-*11 (N.D. Cal. Dec. 6, 2012); *Jannx Med. Sys. v. Methodist Hosps., Inc.*, No. 08-0286, 2010 U.S. Dist. LEXIS 122574, *12 (N.D. Ind. Nov. 17, 2010).

The government's delays are particularly troublesome given how central the databases are to this action. The government claims it was damaged in the amount of $32 million, but incomplete records of the database show that USPS had already secured ***$26 million in new sales as of 2000***, and anticipated $134 million in additional business opportunities. *See* Jacob Decl. Ex. E at US00167802-03. Moreover, if the data is in fact as complicated and voluminous as the government represents, Armstrong may need depositions or the assistance of an expert to review, query, and authenticate the databases. The government's conduct appears calculated to prevent Armstrong from accessing the databases for as long as possible to prejudice his review and use of the data.

## IV.   CONCLUSION

Armstrong respectfully requests that the Court order the government to produce the revenue-tracking databases in a searchable format within fifteen days.

Respectfully submitted,

KEKER & VAN NEST LLP

Dated: December 3, 2014

By: */s/ Sharif E. Jacob*

882685

JOHN W. KEKER (*pro hac vice*)
ELLIOT R. PETERS (*pro hac vice*)
R. JAMES SLAUGHTER (*pro hac vice*)
SHARIF E. JACOB (*pro hac vice*)
TIA A. SHERRINGHAM (*pro hac vice*)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

ROBERT D. LUSKIN (D.C. Bar # 293621)
BENJAMIN D. WOOD (D.C. Bar # 478799)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC  20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Attorneys for Defendant
LANCE ARMSTRONG

882685