**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA, *ex rel.* FLOYD LANDIS,

Plaintiffs,

v.

TAILWIND SPORTS CORP., *et al.*,

Defendants.

Civil Action No. 1:10-cv-00976-CRC

**ECF**

**LANCE ARMSTRONG'S RESPONSE TO THE GOVERNMENT'S SUMMARY REGARDING ITS REQUESTS FOR PRODUCTION**

Lance Armstrong has been producing documents to the government for years. Armstrong has already produced 13,443 pages of documents, including email, deposition testimony, written discovery responses, and hard copy files. Nevertheless, the government has now decided to pursue two categories of irrelevant information: (1) all communications with Armstrong's friends, financial advisors, and others, regardless of whether it relates to this litigation; and (2) evidence that Armstrong used performance enhancing drugs ("PEDs") after 2004, when the government terminated its sponsorship of the U.S. Postal Service Cycling Team. Both requests are improper.

***First***, the government's request for ***every single communication*** with dozens of people—many of whom were closely involved in Armstrong's personal and professional life for the past fifteen years—is overbroad and harassing. Included among the government's sought-after trove are intimate emails about Armstrong's children, the details of his personal finances, and graphic descriptions of the medical treatment of cancer victims. "While the standard of relevancy in discovery is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane . . . ." *Food Lion v. United Food & Commer. Workers*, 103 F.3d 1007, 1012-13 (D.C. Cir. 1997) (citation omitted).

***Second***, the government seeks evidence that Armstrong used PEDs after it ended its sponsorship of the cycling team. After 2004, the government no longer had any legal or financial interest in professional cycling, and therefore any use of PEDs by professional cyclists after that date it simply irrelevant. The government's request is also cumulative given that Armstrong has spoken on national television and testified under oath about the use of PEDs after 2004, including his own. Because the government is trawling for extraneous and immaterial documents, Armstrong respectfully requests that its motion be denied.

### A. Request No. 7: All Communications with Custodians

On October 22, 2014, the government filed a discovery statement seeking all of Armstrong's email and texts with enumerated custodians. In response, Armstrong explained that he had already agreed to produce email and text, but needed the government to negotiate search terms to identify relevant documents because its request was overbroad. At the hearing, the Court directed the parties to "work out the search terms." Jacob Decl. Ex. 1.

Ignoring the Court's ruling, the government refused to negotiate search terms. Tr. of Disc. Conf. 5-10, Oct. 31, 2014, ECF No. 249-4. The government insisted that "all communications responsive to [Request No. 7] will be relevant [as] it seems to us that all information sent to and from these individuals will be discussing issues at the heart of this case." *Id.* at 5.

Despite the government's recalcitrance, Armstrong nonetheless agreed to run searches on the email addresses of an agreed-upon set of custodians, determine the number of emails that contained each address in the to, from, and cc fields, and sample the results for relevance. *Id.* at 22-24, 128-129. Armstrong has upheld his end of the agreement, and results of the sampling are set forth in accompanying declaration by Armstrong's counsel.[1] As the table shows, the vast majority of emails the government seeks have nothing to do with this action. Instead, the sought-after emails describe, *inter alia*, the details and locations of Armstrong's family vacations, a heartfelt description of a friend's divorce, and debates over the color and fit of jerseys Armstrong wore after he left the U.S. Postal Service Cycling Team. *See* Jacob Decl. ¶ 7. In light of the numerous leaks that characterized the government's pre-intervention investigation, as well as the

---

[1] After conducting the sampling, Armstrong agrees to produce non-privileged emails with Mark Fabiani, Emma O'Reilly, Steven Ungerleider, and Hein Verbruggen, if any, subject to his objection regarding the irrelevance of post-2004 communications.

grand jury proceedings, the government's insistence on the production of such intimate correspondence is nothing short of harassment. *See, e.g.*, *Quality Aero Technology, Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 317 -318 (E.D.N.C. 2002) (denying motion to compel response to "any and all correspondence by and between the parties, and/or their agents or representatives, to this action" because it would lead to a "potentially limitless production").

**B. Request Nos. 19-20 and 22-25: Post-2004 Use of PEDs**

Request Nos. 19, and 22-25 seeks documents relating to the post-2004 use of (No. 19), purchase of (No. 22), and tests for (Nos. 23-25) PEDs. However, given that the government's sponsorship of the cycling team ended in 2004, any use of PEDs after 2004 is irrelevant to this action. The government argues that it needs post-2004 documents that relate to pre-2004 use and concealment of PEDs. But Armstrong has already agreed to produce—and in fact is producing—such documents. Therefore, the government's motion to compel a response to Request Nos. 19 and 22-25 should be denied.

Request No. 20 seeks prescriptions for PEDs issued by Armstrong's doctor. Armstrong has agreed that if the government furnishes evidence that a specific pre-2004 prescription was fabricated to conceal a doping violation, he will produce that prescription subject to an amended protective order that provides for designation of material as Attorneys' Eyes Only. But Armstrong objects to wholesale production of prescriptions as irrelevant, cumulative, and subject to state-law physician-patient privilege. *See In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1216 (D.C. Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 932 (7th Cir. 2004); *see also* Tex. R. Evid. 509(c)(1). Because the government seeks only irrelevant materials, Armstrong respectfully requests that the Court deny the government's motion to compel responses to Request Nos. 7, 19-20, and 22-25.

        Respectfully submitted,

        KEKER & VAN NEST LLP

Dated: December 8, 2014      By:  */s/ Sharif E. Jacob*

        JOHN W. KEKER (*pro hac vice*)
        ELLIOT R. PETERS (*pro hac vice*)
        R. JAMES SLAUGHTER (*pro hac vice*)
        SHARIF E. JACOB (*pro hac vice*)
        TIA A. SHERRINGHAM (*pro hac vice*)
        633 Battery Street
        San Francisco, CA 94111-1809
        Telephone: 415 391 5400
        Facsimile: 415 397 7188

        ROBERT D. LUSKIN (D.C. Bar # 293621)
        BENJAMIN D. WOOD (D.C. Bar # 478799)
        SQUIRE PATTON BOGGS (US) LLP
        2550 M Street, NW
        Washington, DC 20037
        Telephone: (202) 457-6000
        Facsimile: (202) 457-6315

        Attorneys for Defendant
        LANCE ARMSTRONG