UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, *ex rel.*, <br> FLOYD LANDIS, <br><br> Plaintiff, <br><br> v. <br><br> TAILWIND SPORTS CORPORATION, *et al.*, <br><br> Defendants. | No. 1:10-cv-00976-CRC <br><br> **Telephonic Conference** <br> **With the Court** <br> December 12, 2014 <br> 2pm |

**UNITED STATES' RESPONSE TO**
**LANCE ARMSTRONG'S SUMMARY OF DISCOVERY DISPUTE**

On November 13, 2014, the United States informed Lance Armstrong that it intended to seek an order compelling him to comply with his long-overdue discovery obligations. In response, Armstrong stated his intention to ask the Court to require the United States to produce three USPS databases that were retired more than a decade ago. Armstrong knows that the government does not have two of those databases, and that it is in the process of producing any responsive records that may exist in the third. The clear purpose of Armstrong's motion is to try to establish a false equivalence between Armstrong's outright refusal to comply with his discovery obligations and the government's need for a reasonable amount of time to mine data from a long-obsolete database. Armstrong's motion is improper and, at the end of the day, the relief he seeks is unnecessary because the government has made substantial progress in its effort to produce responsive records from the database extract in its possession.[1]

As stated above, each of the databases described by Armstrong was retired more than ten years ago. The AMS database was retired in March 2003 and replaced by STARS. The USPS retired STARS in August 2004, and the data in it were migrated to a new database called CustomerFirst. The SMARTS database was retired in April 2004, and its data also were carried over to CustomerFirst. The retention period for records in CustomerFirst was the current fiscal year and the preceding two fiscal years. In connection with this litigation, the USPS conducted a search for pre-2005 records in CustomerFirst, and it located none. In addition, the government's search for the aforementioned databases included a reasonable search for any copies of those databases. It did not locate copies of AMS or STARS, and Armstrong was informed of this fact on November 7, 2014. Jacob Decl. Exh. D.

---

[1] Armstrong's claim to have identified the Holy Grail in this case is without any basis. Even if Armstrong's damages theory is viable, a 2003 audit by the USPS Office of Inspector General concluded that claims of monetary benefits from the cycling sponsorship were unsubstantiated.

The government did, however, locate a copy of a portion of the SMARTS database. SMARTS was a computer application used by the USPS Sales team from 2000 to 2003 to track sales generated by its Tactical Marketing & Sales Development team. The SMARTS application allowed sales specialists and managers across the country to access and track data related to sales opportunities, including lead acquisition, lead tracking, management reporting, financial reporting, validation of revenue, and operations support.

As the government informed the Court at argument on September 15, 2014, the government has agreed to search the database extract for records related to the sponsorship and to produce any such records.[2]  Jacob Decl. Exh. B at *70-72.  As the government further explained during the September 15 hearing, the fact that the database had not been in use for some ten years has presented technical and logistical challenges.  *Id.*  At the time of the hearing, the government was unable to open the database and could not reliably say what was in it.  *Id.*  The government also was unable to determine how best to extract records from the database.  *Id.*

Since September 15, 2014, the government has made significant progress.  It has located the USPS employee who was the technical administrator of the SMARTS database with primary responsibility for management of the database from 2000 through 2002.  The database has been opened and reviewed, and its structure and contents have been assessed.[3]  Significantly, the USPS has developed a potential approach to querying the database and extracting and producing the results.  As a first step toward assessing the viability of this approach, the USPS has run queries against the database using search terms that Armstrong provided for the government's

---

[2] Armstrong appears to seek production of the databases *in their entirety.*  Any such request is well is beyond the scope of his original document requests and plainly overbroad.

[3] As a result of this review, the government has learned, in part, that the database contains approximately 3.5 million records relating to the years 2000-2002.

search of its emails. The USPS has provided the query results for review by government attorneys, which is expected to occur in the next two weeks.

The remainder of the work and time necessary to complete the production will depend, in part, on the outcome of that review. If the search has located responsive documents adequately, but has not produced overbroad results, then the government will work to produce the responsive records and likely will be in a position to do so in a matter of weeks. If the attorney review reveals the need for further refinement of the search process, then more time may be necessary. Upon production, the government will explain its methodology for extracting responsive data, and will discuss with Armstrong any follow-up requests he may have.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Assistant United States Attorney

 s/ Robert E. Chandler
MICHAEL D. GRANSTON
TRACY L. HILMER
ROBERT E. CHANDLER
DAVID M. FINKELSTEIN
Attorneys, Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, D.C.  20044
Tel:  (202) 616-2971

DATED: December 9, 2014