IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES *ex rel.* FLOYD LANDIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 10-cv-00976 (CRC) |
| v. | ) ) ) | |
| TAILWIND SPORTS CORPORATION, *et al.*, | ) ) ) | ECF |
| Defendants. | ) ) | |

**THE UNITED STATES' AND RELATOR'S
MOTION TO MODIFY THE SCHEDULING ORDER, AND
POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), the United States and Relator Floyd Landis move to modify the Scheduling Order (Dkt. No. 228) to extend from January 1, 2015 to May 1, 2015 the date by which plaintiffs may amend their pleadings with leave of Court or the consent of the parties.  As set forth below, good cause exists for this extension because defendant Lance Armstrong has not produced certain significant documents requested by the United States in May 2014, and consequently plaintiffs have been denied the opportunity to review those documents and to assess whether they warrant amendments to the pleadings.   In support of this motion, plaintiffs refer the Court to the Points and Authorities set forth below.

**POINTS AND AUTHORITIES**

On July 14, 2014, the parties submitted to the Court their Statements Concerning the Revised Scheduling Order.  Dkt. Nos. 196, 197.  Although the parties disagreed over the conditions under which the plaintiffs should be permitted to amend their pleadings, all parties,

1

including the defendants, agreed that the plaintiffs should be permitted to amend their pleadings at least to some extent up to and including January 1, 2015.[1] Dkt. No. 196 at 2.  On October 3, 2014, the Court entered the Scheduling Order, which provides that the "United States and Relator shall have until January 1, 2015 to amend their pleadings with leave of Court or the permission of the parties."  Dkt. No. 228 at 1.  Thus, the notion advanced by the United States and the relator that "[t]he plaintiffs should have an opportunity to amend their pleadings after some reasonable period of time in which to conduct discovery" was reflected in each party's proposal and, more importantly, the approach ultimately adopted by the Court.  Dkt. No. 196 at 2.  *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave to amend when justice so requires.").

Armstrong has failed substantially to comply with his basic discovery obligations, however, and thus has deprived the plaintiffs of the discovery needed to determine whether an amendment to their pleadings is appropriate.  On May 28, 2014, the United States served Armstrong with its first request for production of documents (*see* Ex. A to United States' Summary of Issues Regarding its First Requests for Production of Documents, Dkt. No. 250).  Armstrong has produced fewer than 1,000 pages of new material in response to these requests, and more than half of his production has been pursuant to Court order.  The United States has been forced to seek the intervention of this Court on two occasions simply to ensure that Armstrong produces documents that are directly related to the issues in the case.  Most recently,

---

[1] The United States and Relator proposed that they have until January 1, 2015, to amend their pleadings without leave of the Court or the consent of the parties.  Armstrong proposed that the United States and Relator have until January 1, 2015, to amend their pleadings with leave of Court or the permission of the parties, and that no further amendments be permitted after that date.  Stapleton, Knaggs, and CSE proposed that relator have until January 1, 2015 to cure the defects of Relator's pleading with respect to those Defendants dismissed for failure to plead fraud with particularity and that no further amendments be permitted.

the Court ordered Armstrong to produce documents that he unquestionably is required to produce – communications with fourteen persons closely involved (knowingly or unknowingly) in Armstrong's doping deceit (RFP 7), records of prescriptions for performance enhancing drugs (PEDs) (RFP 20), receipts for the purchase of PEDs (RFP 22), and lab test results (RFP 23-25). *See* Minute Order of December 11, 2014.

These documents may well contain evidence supporting additional claims against the named defendants, or claims against additional defendants. To date, however, Armstrong has not produced any documents in response to the Court's order. As a result, plaintiffs have not had the benefit of these potentially critical documents in determining whether any amendments to the pleadings are appropriate. Moreover, Armstrong informed the Government on Friday, December 19, 2014 that he did not intend to produce these documents for another "six to eight weeks." It is critical that the Government obtain those documents with sufficient time to review them and conduct any follow-up discovery that may be necessary before the deadline for the amendment of its pleadings. For these reasons, and pursuant to Fed.R.Civ.P. 16(b)(4), plaintiffs respectfully request that the Court extend the deadline for amending pleadings to May 1, 2015. If Armstrong does not fulfill his commitment to produce the responsive documents no later than February 13, 2015, and to consider a rolling production with respect to Government-identified priority custodians in the meantime, further requests for extensions of time may be necessary.[2]

---

[2] Further extension requests may be necessary if additional litigation is required in order to obtain documents subject to the Court's December 11, 2014 order. During the parties' February 19, 2014 call, Armstrong's counsel stated that Armstrong intends to assert attorney-client privilege with respect to at least some communications with this long-time manager, William Stapleton, even though Armstrong's counsel stopped short of claiming the existence of an actual attorney-client relationship between them, and Stapleton was not a licensed attorney throughout much of the period of their relationship. Similarly, Armstrong has indicated his intention to claim privilege over communications with a public relations advisor. Litigation over the validity of

Plaintiffs do not anticipate that the requested extension will affect other deadlines in the Scheduling Order.

Pursuant to Local Rule 7(m), the United States has made a good-faith effort to determine whether the defendants oppose the relief sought by this motion. Defendants Armstrong, Stapleton, Knaggs, and CSE have indicated that they intend to oppose this motion.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Assistant United States Attorney

---

any such privilege assertions may be necessary and, if so, may create the need for further extensions of the deadline to amend pleadings.

| | |
|---|---|
| /s/ Darrell C. Valdez | /s/   Paul D Scott |
| Darrell C. Valdez (D.C. Bar No. 420232) | Paul D. Scott |
| U.S. ATTORNEY'S OFFICE | pdscott@lopds.com |
| Judiciary Center Building | California State Bar No. 145975 |
| 555 Fourth Street, NW | Admitted *Pro Hac Vice* |
| Washington, DC 20530 | |
| (202) 252-2507 | /s/   Lani Anne Remick |
| darrell.valdez@usdoj.gov | Lani Anne Remick |
| | laremick@lopds.com |
| Michael D. Granston | California State Bar No. 189889 |
| Tracy L. Hilmer | U.S.D.C. No. PA0045 |
| Robert E. Chandler | Jon L. Praed |
| David M. Finkelstein | U.S.D.C. No. 450764 |
| UNITED STATES DEPARTMENT OF JUSTICE | D.C. Bar No. 51665 |
| Civil Division | LAW OFFICES OF PAUL D. |
| P.O. Box 261 | SCOTT, P.C. |
| Ben Franklin Station | Pier 9, Suite 100 |
| Washington, DC 20004 | San Francisco, California 94111 |
| (202) 514-4678 – Telephone | Tel: (415) 981-1212 |
| (202) 514-0280 – Facsimile | Fax: (415) 981-1215 |
| Robert.chandler@usdoj.gov | |
| | Attorneys for Relator Floyd Landis |
| Attorneys for the United States of America | |