**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES ex rel. LANDIS,**<br><br>Plaintiffs,<br><br>v.<br><br>**TAILWIND SPORTS CORP., et al.,**<br><br>Defendants. | Case No. 1:10-cv-00976 (CRC) |

**OPINION AND ORDER**

Before the Court is Defendant Lance Armstrong's Motion to Compel Production of Documents in response to his First Set of Requests for Production of Documents to Plaintiff United States [ECF No. 190]. On September 30, 2014, the Court issued an Opinion and Order directing the Government to submit a supplemental filing regarding its assertions of privilege over withheld witness interview memoranda prepared by law enforcement agents.[1] The Court also provided the parties with general guidance regarding the boundaries of privilege in this case based on its review of the parties' briefing and the applicable case law. The Government has now submitted all of the relevant memoranda for *in camera* review, along with its justifications for withholding the documents, and Armstrong has provided a response. Upon consideration of the memoranda, the motion, the oppositions and reply, and the supplemental briefs and responses, the Court will grant the motion to compel in part and deny it in part.

**I.  Background**

This *qui tam* action was brought by relator Floyd Landis in June 2010. The Government intervened in the action in April 2013. The Government is represented by lawyers in the Civil

---

[1] The Opinion and Order also addressed ten other categories of documents sought by Armstrong.

Divisions of the U.S. Department of Justice ("DOJ") and the U.S. Attorney's Office for the District of Columbia.  The case is now in discovery.

Defendant Armstrong seeks production of witness interview memoranda prepared by government agents over which the Government asserts work-product privilege.  Armstrong's First Supplemental Br. at 3.  Most of the memoranda were created during a prior criminal investigation in the Central District of California into the alleged use of performance enhancing drugs in professional cycling. That investigation lasted from 2009 until early 2012, when the Government announced it would not be seeking an indictment against Armstrong.  Id. at 4–5.  Specifically, Armstrong seeks 45 memoranda prepared by law enforcement agents summarizing witness interviews conducted in the criminal investigation.  Supplemental Br. In Supp. of United States' Claims of Privilege Over Interview Memoranda Ex. G.  Many of these interviews were conducted by the agents themselves.  Armstrong also seeks seven memoranda summarizing interviews conducted jointly by the civil and criminal teams after the relator filed this suit, including five over which the Government also claims attorney-client privilege.  Id. Ex. F.  Finally, Armstrong seeks 24 memoranda prepared by an agent of the United States Postal Service ("USPS") Office of Inspector General ("OIG") that summarize interviews conducted exclusively by the civil attorneys and investigators in this case.  Id. Ex. E.  The agent himself conducted three of the 24 interviews over the phone without government attorneys present; the rest were led by the civil lawyers.

## II.     Legal Standard

A witness interview memorandum prepared in anticipation of litigation can constitute attorney work product.  See Federal Rule of Civil Procedure 26(b)(3); Upjohn Co. v. United States, 449 U.S. 383, 401 (1981).  As the Court explained in its prior opinion, courts generally

draw a distinction between pure "opinion" work product, which reflects an attorney's mental processes and is virtually never discoverable, and "fact" work product, which reflects only relevant, non-privileged facts and is discoverable upon a showing of substantial need and unavailability by other means.  Op. and Order Sept. 30, 2014 at 8 (citing In re Sealed Case, 124 F.3d 230, 236 (D.C. Cir. 1997)).  While distinguishing opinion from fact work product is "inherently and necessarily fact specific," United States v. Clemens, 793 F. Supp. 2d 236, 252 (D.D.C. 2011), the D.C. Circuit has instructed that notes and memoranda reflecting the "opinions, judgments and thought processes of counsel" fall into the former category, whereas those whose content has not been "sharply focused or weeded" by counsel fall into the latter, In re Sealed Case, 124 F.3d at 236.  Accordingly, courts in this district have held substantially verbatim witness statements contained in interview memoranda that have not been "sharply focused or weeded" by an attorney to be fact rather than opinion work product.  See Clemens, 793 F. Supp. 2d at 252 (finding lawyers' notes of an FBI witness interview to be fact work product where the lawyers did not shape the interview and the memoranda "accurately depict[ed] the witnesses' own words"); In re HealthSouth Corp Sec. Litig., 250 F.R.D. 8, 12–13 (D.D.C. 2008) (attorney memoranda that were "nearly verbatim transcripts" of an FBI interview held to be fact work product).  Memoranda prepared by an agent of the attorney that meet the above criteria may also be entitled to attorney work-product protection.  United States v. Nobles, 422 U.S. 225, 238–39 (1975).

The Court previously ruled that Armstrong has demonstrated a substantial need for any law enforcement memoranda created during the now-closed criminal investigation that contain relevant fact work product only.  Op. and Order Sept. 30, 2014 at 9–10 (citing Miller v. Holzmann, Case No. 95-01231, 2007 U.S. Dist. LEXIS 16117, *4–5 (D.D.C. Mar. 8, 2007)

(finding that *qui tam* defendant had substantial need for summaries of FBI witness interviews that were created during a since-closed criminal investigation and shared with civil Government lawyers)). The Court explained that because the civil lawyers litigating this *qui tam* action have received a substantial advantage from having access to the fruits of the prior criminal investigation, fairness dictates that both sides have equal access to relevant witness statements developed by law enforcement in the prior criminal investigation. Id.

**III.    Analysis**

The Court will address each category of withheld memoranda in turn.

A. <u>Memoranda Summarizing Investigatory Interviews During the Civil Investigation (Exhibits E and F)</u>

The Government asserts that the memoranda contained in Exhibits E and F of its supplemental brief—mainly summaries of interviews conducted by the civil lawyers in this case and drafted by an investigator on the civil litigation team—consist of opinion work product and thus are not discoverable. Armstrong responds at the outset that the Government has waived any claim of opinion work product by stating at the hearing that it was "not taking the position that [the memoranda are] opinion work product." Hr'g Tr. 18: 6–11, Sept. 15, 2014. But, the memoranda before the Court at the time of the hearing consisted largely of law enforcement memoranda created during the criminal investigation as opposed to those created by the civil litigation team. The hearing also preceded the Court's guidance regarding the application of the work-product privilege to this matter and its *in camera* review of the specific memoranda at issue. As a result, the Court will not treat Government counsel's comment at the hearing as a waiver and instead will address the merits of the Government's arguments.

The memoranda contained in Exhibit E were authored by Special Agent M.J. Pugliese of the USPS OIG, who was assigned to support DOJ's civil investigation in July 2010, several

4

months prior to any of the interviews.  Supplemental Br. In Supp. of United States' Claims of Privilege Over Interview Memoranda Ex. B, Decl. of Michael Pugliese ("Pugliese Decl.") Oct. 21, 2014 ¶ 3.  Pugliese affirms that the civil attorneys "selected witnesses to be interviewed, selected the topics to be addressed with each witness, selected the documents to be shown to witnesses, led the interviews, and asked the questions."  Id. ¶ 6.  He further states that he participated in attorney strategy discussions and received interview outlines from attorneys prior to interviews, and discussed the relevance of each interview with attorneys afterwards but before drafting the memoranda.  Id. ¶¶ 7–10.  In some cases, after Pugliese circulated a draft memorandum to the civil attorneys, "an attorney would call me to discuss [it] in order to ensure that it reflected all information from the interview that was relevant to the legal theories of the case under consideration."  Id. ¶ 10.

      Special Agent Amy Fong of the USPS OIG drafted the memoranda in Exhibit F under similar circumstances.  Supplemental Br. In Supp. of United States' Claims of Privilege Over Interview Memoranda Ex. A, Decl. of Robert Chandler ("Chandler Decl.") Oct. 21, 2014 ¶ 13.  The civil team shared its investigative work and discussed its "thinking about the defendants' potential liability under the [False Claims Act] and the direction of [its] investigation" with the criminal team—including Fong—prior to these interviews, "asked questions as necessary to develop their legal theories" during the interviews, and reviewed the memoranda before they were finalized after the interviews.  Id. ¶¶ 13–15.  Despite Armstrong's arguments to the contrary, these affidavits make clear that the civil attorneys "shape[d] the topics that were covered" and "frame[d] the questions that were asked" in the interviews reflected in both Exhibits E and F as part of their efforts to determine whether to intervene in this litigation.  In re HealthSouth, 250 F.R.D. at 12.  The Court therefore finds that these materials "contain[] facts

elicited in the course of a 'litigation-related investigation'" that "'necessarily reflect[ ] a focus chosen by the lawyer,'" and thus constitute opinion work product entitled to privilege. Clemens, 793 F. Supp. 2d 236 at 252 (quoting In re Sealed Case, 124 F.3d 230 at 236).[2]

     B. Memoranda Summarizing Witness Interviews During the Prior Criminal Investigation (Exhibit G)

The memoranda in Exhibit G of the Government's supplemental brief—law enforcement interview summaries from the criminal investigation—are a different kettle of fish. Unlike the memoranda in Exhibits E and F, the Government has not established that an attorney "'sharply focused or weeded'" the content of the summaries. In re HealthSouth, 250 F.R.D. at 11 (quoting In re Sealed Case, 124 F.3d at 236). Nearly half of the interviews took place without a government lawyer present and the Court's *in camera* review reveals that all of the memoranda appear to be substantially verbatim agent summaries of open-ended discussions of issues relevant to the criminal investigation. While a prosecutor involved in the investigation attests that he and other members of the U.S. Attorney's Office for the Central District of California set the general direction of the investigation and the interviews, Supplemental Br. In Supp. of United States' Claims of Privilege Over Interview Memoranda Ex. H, Decl. of Mark Williams ("Williams Decl.") Oct. 21, 2014 ¶ 5, it does not appear that these attorneys focused the content of the memoranda themselves or participated in drafting them, as the civil lawyers did with respect to the summaries drafted in furtherance of their investigation. Indeed, the Government itself acknowledges that the memoranda in Exhibit G "are fact work product" that must be disclosed

---

[2] The Government has also asserted attorney-client privilege over five memoranda in Exhibit F that summarize interviews of USPS employees. Supplemental Br. In Supp. of United States' Claims of Privilege Over Interview Memoranda Ex. D. Armstrong previously indicated that he does not seek production of three of the five memoranda due to the Government's invocation of attorney-client privilege. Armstrong's First Supplemental Br. at 8, n.6. Because the remaining two are substantially similar to the three uncontested memoranda, the Court finds that they are likewise privileged.

upon a showing of substantial need by Armstrong.  Supplement to the United States' Surreply at 2.  And as the Court has previously determined, Armstrong has made the necessary showing.  Op. and Order Sept. 30, 2014 at 9 ("The Court agrees that Armstrong has demonstrated a substantial need for any law enforcement memoranda containing only relevant 'fact' work product[.]").  Accordingly, the Court finds that the Government must produce to Armstrong the memoranda contained in Exhibit G.  The Government may redact any portions of the memoranda that reflect opinion work product, such as attorney notes or highlighting.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Defendant Armstrong's Motion to Compel [ECF. No. 190] is GRANTED in part and DENIED in part.  The motion is denied as it relates to the memoranda set forth in Exhibits D, E, and F and granted as it relates to the memoranda set forth in Exhibit G.  It is further

**ORDERED** that the Government shall produce to Armstrong the memoranda set forth in Exhibit G after redacting and logging any portions that include opinion work product, such as attorney notes or highlighting.

**SO ORDERED.**

                                                CHRISTOPHER R. COOPER
                                                United States District Judge

Date:   January 12, 2014