# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* FLOYD LANDIS,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>TAILWIND SPORTS CORP., *et al.*,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 1:10-cv-00976-CRC<br><br>**ECF** |

**LANCE ARMSTRONG'S SUMMARY OF DISCOVERY DISPUTE
REGARDING THE GOVERNMENT'S COMMUNICATIONS
WITH THE UNITED STATES ANTI-DOPING AGENCY**

894965

The United States Anti-Doping Agency ("USADA") is a non-profit, non-governmental organization that conducted an investigation into Lance Armstrong resulting in a document called the "Reasoned Decision," pursuant to which USADA purported to ban Armstrong from competing in sanctioned sporting competitions for life.[1]  USADA's communications with the government contain crucial evidence at the heart of plaintiffs' allegations.[2]  The relator has disclosed USADA CEO Travis Tygart, General Counsel William Bock, and indeed the entire "USADA Investigative Staff" as witnesses in this action.  Jacob Decl. Ex. A at 14.  And the government has disclosed most of the riders who provided evidence to USADA during interviews and in affidavits as witnesses.  Jacob Decl. Ex. B at 4-8.

In November 2013, Armstrong served document requests seeking the government's communications with USADA.  Those communications are likely to contain evidence that the parties will use in this case and which Armstrong is entitled to discover.  The government resisted production, forcing Armstrong to file a motion to compel.  In its opposition to

---

[1] USADA's case against Armstrong was based on a flawed legal theory that allowed USADA to charge Armstrong with numerous violations which were in fact time-barred.  A panel of Arbitrators empanelled pursuant to USADA's own rules rejected USADA's identical legal theory in an appeal from Defendant Johan Bruyneel's "Reasoned Decision."  *See* Award ¶¶ 64-68, USADA v. Bruyneel et al., No. 77-190-00225-12 (Am. Arbitration Assoc. Apr. 21, 2014), *available at* http://www.usada.org/wp-content/uploads/aaa42214.pdf.

[2] Both Relator Floyd Landis and the government began sharing information at the heart of relator's complaint with USADA before this lawsuit even began.  The relator has given numerous statements during joint interviews with Travis Tygart, the Chief Executive Officer of USADA and Jeff Novitzky, a special agent of the Food and Drug Administration.  *See* Decl. of Sharif E. Jacob Ex. C at 12-16, 241-250, Jan. 12, 2014.  The government regularly invited USADA to participate in witness interviews taken under threat of prosecution for perjury by government agents.  *See* Decl. of Robert E. Chandler Ex. C, Oct. 21, 2014 ECF No. 236-3.  Tygart lobbied the Department of Justice to intervene in this action, and, as an inducement, offered to share all the evidence he had collected with the civil attorneys, who were then investigating relator's complaint while the case remainder under seal.  Jacob Decl. Ex. D.

Armstrong's motion to compel, the government raised only a single objection—that its communications with USADA were subject to the common interest privilege. United States' Opp. to Def. Lance Armstrong's Mot. to Compel 19-21, July 21, 2014, ECF No. 201.

The Court rejected the government's argument. On September 30, 2014, the Court held that "[t]he common interest privilege does not apply" to communications between USADA and the government. Opinion and Order 13, Sept. 30, 2014, ECF No. 227. The Court ruled that "[u]nless the government can assert an independent basis for withholding the requested material, the Court will grant Armstrong's motion to compel." *Id.*

More than three months later, the government has not produced a single communication with USADA or asserted an independent (or any) basis for continuing to withhold them. The government's privilege log was due on March 12, 2014. Order Regarding Privilege Logs, Sept. 15, 2014, ECF No. 220. But the government has not served a privilege log listing any communication with USADA, save the logs filed with the Court showing USADA's attendance at a number of the government's witness interviews.

Counsel for Armstrong met and conferred with the government (again) about its failure to produce its USADA communications. The government refused to provide a date certain by which it would produce the communications, refused to disclose any objections that justified withholding those communications, and feigned surprise that Armstrong was seeking them. Jacob Decl. Ex. E at 27-32. The government then delayed the briefing on this discovery dispute by representing that Armstrong had not sought to meet and confer about them, despite the fact that the meet and confer was transcribed by a court reporter with the government's knowledge. Jacob Decl. Ex. F. The government's delay tactics are prejudicing Armstrong's litigation of this action.

In particular, the government's delays are preventing Armstrong from obtaining documents from USADA itself.  On November 27, 2013, Armstrong served a document subpoena on USADA.  Jacob Dec. Ex. G.  In response, USADA objected to production of its communications with the government, claiming that the government has various objections to production.  To avoid duplicative motions practice in multiple jurisdictions, USADA has agreed that it will abide by this Court's rulings on Armstrong's motions to compel communications between USADA and the government.  *See* Jacob Decl. Ex. H at 3 & I at 3.  USADA contends however that the Court did not order the government to produce its communications with USADA, and therefore USADA is not obligated to produce its communications with the government.  *See* Jacob Decl. Ex. J.  Therefore, the USADA communications still have not been produced.

Armstrong served documents requests seeking the government's communication with USADA more than a year ago.  More than three months ago, the Court ordered the government to produce its communications with USADA unless the government could assert "assert an independent basis for withholding" them.  It has not done so.  Therefore, Armstrong respectfully requests that the Court order the government to produce all of its communications with USADA within seven days.

                                      Respectfully submitted,

                                      KEKER & VAN NEST LLP

Dated:  January 12, 2015        By:  */s/ Sharif E. Jacob*

                                                                                                             _____

JOHN W. KEKER (*pro hac vice*)
ELLIOT R. PETERS (*pro hac vice*)
R. JAMES SLAUGHTER (*pro hac vice*)
SHARIF E. JACOB (*pro hac vice*)
TIA A. SHERRINGHAM (*pro hac vice*)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

ROBERT D. LUSKIN (D.C. Bar # 293621)
BENJAMIN D. WOOD (D.C. Bar # 478799)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC  20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Attorneys for Defendant
LANCE ARMSTRONG

894965