UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, *ex rel.*, <br> FLOYD LANDIS, <br><br> Plaintiff, <br><br> v. <br><br> TAILWIND SPORTS CORPORATION, <br> *et al.*, <br><br> Defendants. | ) <br> ) <br> ) No. 1:10-cv-00976-CRC <br> ) <br> ) <br> ) **Telephonic Conference** <br> ) **With the Court** <br> ) January 21, 2015 <br> ) 1:30pm <br> ) <br> ) |

**UNITED STATES' RESPONSE TO LANCE ARMSTRONG'S
REQUEST FOR IMMEDIATE PRODUCTION OF
COMMUNICATIONS WITH THE U.S. ANTI-DOPING AGENCY**

Armstrong's demand for all non-privileged USADA communications in the Government's possession "within seven days," ECF No. 262, at 3, is unrealistic and unwarranted. The Government has never equivocated in its commitment to producing the non-privileged USADA communications. However, Armstrong only recently identified USADA communications as a priority among the exceptionally large production of documents he has requested of the Government. Having been so informed, the Government re-directed resources away from other tasks, and expects to begin producing USADA communications when it makes its next scheduled production in mid-February.

The Government has made extraordinary efforts – at significant expense to the taxpayer – to accommodate Armstrong's exceedingly broad demand for documents. To date, the Government has produced 449,618 pages of material and has collected approximately 5 million USPS emails against which to run search parameters designed by Armstrong. Further, after this Court ruled on Armstrong's motion to compel, the Government has produced 279,839 pages of documents, including materials obtained by prosecutors pursuant to the United States Mutual Legal Assistance Treaties with France and Italy.[1]

Until recently, the Government focused its efforts on collecting, processing, and reviewing the categories of documents that were central to the case or that Armstrong had

---

[1] The production of this evidence involved significant effort and expense. By October 2014, Armstrong's document demands had outstripped DOJ's internal document processing capacity, so it retained an outside contractor to assist with the production. Between October 1, 2014 and January 5, 2015, the contractor supplied 20 outside IT specialists who spent 558.5 hours in connection with the Government's production efforts in this case. This work is in addition to the substantial efforts of the DOJ and USPS lawyers, paralegals, and IT personnel.

1

previously identified as priorities, including: (1) Postal Service contract files, (2) documents related to the sponsorship, (3) evidence collected by criminal investigators, (4) evidence obtained from non-US investigative authorities, (5) information in USPS sales databases, and (6) USPS e-mails.  Between July 2014 and today, the Government repeatedly has sought Armstrong's input on which production tasks to prioritize, and in each case, Armstrong has declined.

On the parties' December 19 call, Armstrong's counsel indicated *for the first time* that the production of USADA communications should be considered among Armstrong's most urgent priorities.  Doc. No. 262-6, Tr. 31:9-11.  Although Armstrong's counsel stated on December 19 that USADA communications should be considered a principal priority, counsel refused to de-prioritize *any* of his other document requests.  *Id*. at 15:3-5.  Indeed, counsel indicated that he was unwilling even to answer questions about which of his document requests should be considered high priority, and which low priority.  *Id.* at 57:13-24.

Armstrong's refusal to prioritize his document requests has frustrated the discovery process.  He has served a series of exceptionally broad discovery requests in this case.[2]  And the Government has agreed – with exceptions that have already been litigated before this Court – to provide Armstrong with the discovery that he demands. But having demanded extensive discovery, Armstrong's refusal to confer in good faith

---

[2] Armstrong's request for production of USPS e-mails alone demands the production of e-mails from 107 USPS custodians that either (1) contain any of 101 search strings or (2) were sent or copied to more than 100 non-government parties.  Moreover, Armstrong's demand has been a moving target – as recently as January 13, 2015, he insisted on the inclusion of 34 new third-party senders or recipients.

about the order in which the document production should take place – and his insistence that the Government complete specific tasks "within seven days" – is unhelpful.

The production of the Government's communications with USADA also poses significant logistical challenges.  Put simply, the Government is a big place and the search of communications of DOJ officials and federal agents is a sensitive matter.  The identification, collection, processing, and production of the Government's communications with USADA requires the involvement of personnel from six separate agencies:  the Civil Division, the D.C. U.S. Attorney's Office, the L.A. U.S. Attorney's Office, the USPS OIG, the FDA OIG, and the FBI, each of which has its own separate counsel, and information technology departments.  Responsive documents will also need to be reviewed for privilege.  This process is underway, and the Government expects to begin producing USADA communications when it makes its next production, which is scheduled for mid-February.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Assistant United States Attorney

 s/ David M. Finkelstein
MICHAEL D. GRANSTON
TRACY L. HILMER
ROBERT E. CHANDLER
DAVID M. FINKELSTEIN
Attorneys, Department of Justice
Civil Division
Post Office Box 261
Ben Franklin Station
Washington, D.C.  20044
Tel:  (202) 616-2971

DATED: January 16, 2015