# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES *ex rel.* FLOYD LANDIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 10-cv-00976 (CRC) |
| v. | ) ) | |
| TAILWIND SPORTS CORPORATION, *et al.,* | ) ) ) | **ECF** |
| Defendants. | ) ) ) | |

## PLAINTIFF UNITED STATES' OBJECTION TO DEFENDANT ARMSTRONG'S CONFIDENTIALITY DESIGNATIONS

Pursuant to this Court's Order of September 15, 2014, the United States of America ("United States") respectfully objects to Defendant Lance Armstrong's ("Armstrong") confidentiality designations. ECF No. 221. To date, Armstrong has produced 14,781 pages to the Government, and he initially designated *every page of every document* as "Confidential." This Court's Protective Order plainly prohibits this type of blanket confidentiality designation, requiring instead that the parties mark "particular information" for designation. At nearly 11:00 p.m. the night before the Protective Order permitted the Government to file this motion, Armstrong withdrew approximately 20% of his confidentiality designations. But Armstrong's belated withdrawal of *some* of his indiscriminant designations does not justify his remaining

indiscriminant designations. Armstrong is obliged by the Protective Order to identify the "particular information" he believes should be held confidential.[1]

The Court should reject Armstrong's baseless confidentiality designations and his attempt to game the process set forth in the Protective Order. Accordingly, the United States objects to Armstrong's remaining confidentiality designations, and requests the Court require Armstrong to produce, within 14 days: (1) a clean copy, without any confidentiality legend, of each document as to which he has withdrawn his confidentiality designation, and (2) as to any information Armstrong continues to designate as "Confidential Material," a copy the relevant document that includes a particularized indication of the specific information Armstrong claims is subject to the Protective Order, along with a marking reflecting the particular subparagraph in the Protective Order that Armstrong contends supports his confidentiality designation.[2]

## DISCUSSION

The U.S. Supreme Court has recognized the public's First Amendment right to inspect court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). As the Court has explained, it is "clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597. This Court has stated, in the context of a request to seal a pleading, that restricting access to information "is a rare measure that runs counter to the presumption of transparency in judicial

---

[1] In withdrawing some of his confidentiality designations, Armstrong presented the Government with a 10-page spreadsheet that included 440 rows of data. Exh. 1. The page count for the withdrawn designations amounts to just 2,957 pages, which, as stated above, is approximately 20% of the 14,781 pages produced by Armstrong to date.

[2] Pursuant to Paragraph 10 of the Protective Order, the United States noted its objection to Armstrong's designation of the SCA Promotions deposition material on November 14, 2014, Exh. 2, and gave notice of its objection to Armstrong's remaining blanket designations on January 15, 2015. Exh. 1. The parties have not reached an agreement with respect to the United States' objections, and, accordingly, the United States files the instant objection.

proceedings." *See Fay v. Perles*, -- F.Supp.2d --, 2014 WL 3615787 (D.D.C. 2014) (Cooper, J.); *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) ("the starting point in considering [whether to restrict access to information] is a strong presumption in favor of public access to judicial proceedings."). The presumption is even stronger in cases where, as here, the government is a party. *E.E.O.C.,* 98 F.3d at 1410, citing *Federal Trade Comm'n v. Standard Fin. Management Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) ("The appropriateness of making court files accessible is accentuated in cases where the government is a party."). Accordingly, "a party's interest in privacy or confidentiality" must outweigh the "strong presumption" of "the need for public access to the documents at issue." *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991).

In an effort to balance the legitimate need that the parties may have in preserving the confidentiality of some information produced in this litigation against the public's right of access to Court documents, this Court entered a carefully-crafted Protective Order on September 15, 2014. ECF No. 221. That Order unquestionably prohibits non-specific, blanket confidentiality designations like Armstrong's. It requires that a designating party mark the "*particular information*" subject to the designation "Confidential Material," in addition to printing "Contains Confidential Information" on the document's cover and on the page where the confidential material appears. *Id.* at ¶ 3 (emphasis added). Moreover, the Protective Order provides that

> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify- so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably included within the ambit of this Order.

*Id.* at ¶ 4.

Armstrong has not complied with the Court's Order.  He continues to invoke the Protective Order with respect to 11,824 pages of material in their entirety, and has not indicated in any way the "particular information" among those pages that he believes is properly within the scope of Paragraph 1 of the Protective Order.

The only explanation Armstrong has offered for any of his designations is in connection with materials from his deposition in his arbitration with SCA Promotions.  Specifically, Armstrong argued that the designation was justified by a confidentiality order entered in the arbitration.  Exh. 2.  But SCA Promotions unconditionally consented to the release of both the Armstrong and Stapleton deposition materials to the Government, Exh. 3, and the Protective Order provides no independent basis for Armstrong and Stapleton to assert that the entirety of the deposition materials are confidential.  The Government asked Armstrong's counsel to identify the provision in the Protective Order that he believed provided a basis for his position, but he failed to respond, and Stapleton's counsel likewise declined to explain why he believed this Court's Order allowed his categorical designation of the deposition materials.  Exh. 2.

Armstrong's clear misapplication of the Court's Protective Order not only frustrates the public's right of access, but it places unnecessary procedural burdens on the other parties to this litigation.  Regardless of how little merit there may be to Armstrong's confidentiality designations,[3] any party who seeks to include the designated documents as part of a motion or other filing must submit them under seal until the inappropriateness of the confidentiality

---

[3] Any invocation of the Protective Order with respect to Armstrong's doping conduct as a professional cyclist is particularly meritless, given his own prior public disclosure on the subject, including his nationally-televised interview with Oprah Winfrey in January 2013 in which he admitted that he had used illicit substances in connection with at least seven Tours de France.

designation can be adjudicated.   ECF No. 221, at ¶ 10.   Until last night, Armstrong had designated every document confidential, so *every time* a party wished to use a document produced by Armstrong in connection with a filing, it was required to prepare a separate motion to file under seal, as well as public and non-public versions of any filings containing supposedly confidential material, and the Court was required to consider and rule on the motion. Armstrong's approach further burdens the other parties by necessitating the filing of a motion to resolve Armstrong's improper invocation of the Protective Order.   And Armstrong's recent concession, which leaves 80% of his production subject to the Protective Order, is no solution. Armstrong's practice of over-designation imposes an unfair burden on the other parties, and is having a chilling effect on their use of discovery obtained from Armstrong.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court require Armstrong to produce, within 14 days: (1) a clean copy, without any confidentiality legend, of each document as to which he has withdrawn his confidentiality designation, and (2) as to any information Armstrong continues to designate as "Confidential Material," a copy the relevant document that includes a particularized indication of the specific information Armstrong claims is subject to the Protective Order, along with a marking reflecting the particular subparagraph in the Protective Order that Armstrong contends supports his confidentiality designation.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Assistant United States Attorney

/s/ Darrell C. Valdez
Darrell C. Valdez (D.C. Bar No. 420232)
U.S. ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2507
darrell.valdez@usdoj.gov

/s/ Robert E. Chandler
Michael D. Granston
Tracy L. Hilmer
Robert E. Chandler
David M. Finkelstein
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, DC 20004
(202) 514-4678 – Telephone
(202) 514-0280 – Facsimile
Robert.chandler@usdoj.gov

Attorneys for the United States of America

/s/
Paul D. Scott
pdscott@lopds.com
California State Bar No. 145975
Admitted *Pro Hac Vice*

/s/
Lani Anne Remick
laremick@lopds.com
California State Bar No. 189889
U.S.D.C. No. PA0045
Jon L. Praed
U.S.D.C. No. 450764
D.C. Bar No. 51665
LAW OFFICES OF PAUL D. SCOTT, P.C.
Pier 9, Suite 100
San Francisco, California 94111
Tel: (415) 981-1212
Fax: (415) 981-1215

Attorneys for Relator Floyd Landis

**Chandler, Robert (CIV)**

| | |
|---|---|
| **From:** | Sharif E. Jacob <SJacob@kvn.com> |
| **Sent:** | Wednesday, January 21, 2015 10:49 PM |
| **To:** | Chandler, Robert (CIV); Elliot Peters; R. James Slaughter; Tia Sherringham; Marc Harris; Peggy Dayton |
| **Cc:** | Finkelstein, David M. (CIV); McAuliffe, Robert (CIV); Valdez, Darrell (USADC); Ross, Carl (USADC); Paul D. Scott (pdscott@lopds.com); Lani Anne Remick (laremick@lopds.com) |
| **Subject:** | RE: Motion for Leave to File Under Seal; Notice Pursuant to Protective Order |
| **Attachments:** | Armstrong Confidentiality_Designations.XLSX |

Rob:

I write to respond to the government's procedurally-defective invocation of paragraph 10 of the Protective Order.  We do not agree that the government has served a "written notice stating the grounds for the objection."  Nonetheless, in an attempt to avoid further wasting the parties' time, Armstrong lifts the confidentiality designations on the materials identified by Bates number in the attached spreadsheet.  We trust that this resolves the government's objections.

Regards,

**Sharif E. Jacob**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2237 direct   |   vCard   |   sjacob@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

**From:** Chandler, Robert (CIV) [mailto:Robert.Chandler@usdoj.gov]
**Sent:** Thursday, January 15, 2015 4:11 PM
**To:** Elliot Peters; Sharif E. Jacob; R. James Slaughter; Tia Sherringham; Marc Harris; Peggy Dayton
**Cc:** Finkelstein, David M. (CIV); Robert McAuliffe; Valdez, Darrell (USADC); Ross, Carl (USADC); Paul D. Scott (pdscott@lopds.com); Lani Anne Remick (laremick@lopds.com)
**Subject:** Motion for Leave to File Under Seal; Notice Pursuant to Protective Order

We will be attaching as an exhibit to our reply brief a document that was included in Armstrong's January 6 production.  Because Armstrong has designated the document confidential pursuant to the Court's protective order, we will be filing it under seal and will redact a description of the document from the publicly-filed version of our brief.  I trust you will not object, but I would appreciate it if you could let me know no later than 6 pm PST whether I may inform the Court that you consent to the under seal filing.

Armstrong has designated as confidential every page of every document he has produced to date, which is not permitted by the Court's protective order.  The categorical designation of materials is not permitted by paragraph 3 of that order, which requires marking of "the particular information" subject to the designation.  Moreover, very little, if any, of the information in the documents Armstrong has produced is even arguably subject to protection under paragraph 1 of the protective order.  Please consider this the Government's notice pursuant to paragraph 10 of the order that the Government objects to Armstrong's confidentiality designations in their entirety.

Regards,

Robert E. Chandler
United States Department of Justice
Civil Division, Fraud Section
601 D Street NW
Washington D.C. 20530
(202)514-4678
Robert.chandler@usdoj.gov

| BEGINPRODID | ENDPRODID |
|---|---|
| LAQT00000248 | LAQT00000252 |
| LAQT00000253 | LAQT00000258 |
| LAQT00000434 | LAQT00000435 |
| LAQT00000436 | LAQT00000438 |
| LAQT00000439 | LAQT00000440 |
| LAQT00000441 | LAQT00000442 |
| LAQT00000455 | LAQT00000458 |
| LAQT00000459 | LAQT00000462 |
| LAQT00000463 | LAQT00000465 |
| LAQT00000466 | LAQT00000466 |
| LAQT00000682 | LAQT00000683 |
| LAQT00000684 | LAQT00000686 |
| LAQT00000687 | LAQT00000688 |
| LAQT00000689 | LAQT00000690 |
| LAQT00000703 | LAQT00000706 |
| LAQT00000707 | LAQT00000710 |
| LAQT00000711 | LAQT00000713 |
| LAQT00000782 | LAQT00000782 |
| LAQT00001293 | LAQT00001344 |
| LAQT00001795 | LAQT00001818 |
| LAQT00002079 | LAQT00002102 |
| LAQT00002194 | LAQT00002194 |
| LAQT00002459 | LAQT00002510 |
| LAQT00002530 | LAQT00002530 |
| LAQT00002556 | LAQT00002557 |
| LAQT00002558 | LAQT00002744 |
| LAQT00002838 | LAQT00002853 |
| LAQT00002854 | LAQT00002927 |
| LAQT00002952 | LAQT00003033 |
| LAQT00003036 | LAQT00003050 |
| LAQT00003051 | LAQT00003061 |
| LAQT00003062 | LAQT00003071 |
| LAQT00003072 | LAQT00003073 |
| LAQT00003074 | LAQT00003076 |
| LAQT00003077 | LAQT00003138 |
| LAQT00003139 | LAQT00003142 |
| LAQT00003143 | LAQT00003144 |
| LAQT00003145 | LAQT00003157 |
| LAQT00003160 | LAQT00003160 |
| LAQT00003175 | LAQT00003175 |
| LAQT00003202 | LAQT00003207 |
| LAQT00003214 | LAQT00003217 |
| LAQT00003221 | LAQT00003221 |
| LAQT00003336 | LAQT00003337 |
| LAQT00003345 | LAQT00003350 |

| | |
|---|---|
| LAQT00003351 | LAQT00003352 |
| LAQT00003361 | LAQT00003362 |
| LAQT00003365 | LAQT00003367 |
| LAQT00003402 | LAQT00003402 |
| LAQT00003409 | LAQT00003412 |
| LAQT00003447 | LAQT00003451 |
| LAQT00003452 | LAQT00003455 |
| LAQT00003464 | LAQT00003468 |
| LAQT00003480 | LAQT00003481 |
| LAQT00003482 | LAQT00003485 |
| LAQT00003490 | LAQT00003491 |
| LAQT00003492 | LAQT00003496 |
| LAQT00003502 | LAQT00003504 |
| LAQT00003533 | LAQT00003534 |
| LAQT00003584 | LAQT00003585 |
| LAQT00003593 | LAQT00003596 |
| LAQT00003615 | LAQT00003616 |
| LAQT00003628 | LAQT00003630 |
| LAQT00003631 | LAQT00003639 |
| LAQT00003640 | LAQT00003641 |
| LAQT00003642 | LAQT00003646 |
| LAQT00003647 | LAQT00003649 |
| LAQT00003650 | LAQT00003651 |
| LAQT00003652 | LAQT00003660 |
| LAQT00003665 | LAQT00003686 |
| LAQT00003701 | LAQT00003701 |
| LAQT00003710 | LAQT00003713 |
| LAQT00003757 | LAQT00003761 |
| LAQT00003774 | LAQT00003777 |
| LAQT00003805 | LAQT00003805 |
| LAQT00003811 | LAQT00003817 |
| LAQT00003863 | LAQT00003865 |
| LAQT00003882 | LAQT00003883 |
| LAQT00003886 | LAQT00003889 |
| LAQT00003909 | LAQT00003930 |
| LAQT00003931 | LAQT00003932 |
| LAQT00003940 | LAQT00003940 |
| LAQT00003959 | LAQT00003965 |
| LAQT00003977 | LAQT00003977 |
| LAQT00003981 | LAQT00003992 |
| LAQT00003993 | LAQT00003995 |
| LAQT00003996 | LAQT00004022 |
| LAQT00004023 | LAQT00004023 |
| LAQT00004024 | LAQT00004025 |
| LAQT00004026 | LAQT00004029 |
| LAQT00004030 | LAQT00004031 |
| LAQT00004035 | LAQT00004040 |

| | |
|---|---|
| LAQT00004041 | LAQT00004046 |
| LAQT00004047 | LAQT00004048 |
| LAQT00004049 | LAQT00004055 |
| LAQT00004056 | LAQT00004060 |
| LAQT00004061 | LAQT00004070 |
| LAQT00004077 | LAQT00004077 |
| LAQT00004078 | LAQT00004080 |
| LAQT00004091 | LAQT00004092 |
| LAQT00004105 | LAQT00004108 |
| LAQT00004109 | LAQT00004114 |
| LAQT00004119 | LAQT00004119 |
| LAQT00004129 | LAQT00004138 |
| LAQT00004139 | LAQT00004139 |
| LAQT00004149 | LAQT00004153 |
| LAQT00004166 | LAQT00004170 |
| LAQT00004192 | LAQT00004197 |
| LAQT00004198 | LAQT00004206 |
| LAQT00004207 | LAQT00004239 |
| LAQT00004240 | LAQT00004243 |
| LAQT00004244 | LAQT00004244 |
| LAQT00004255 | LAQT00004259 |
| LAQT00004275 | LAQT00004277 |
| LAQT00004689 | LAQT00004695 |
| LAQT00004752 | LAQT00004753 |
| LAQT00005738 | LAQT00005740 |
| LAQT00005741 | LAQT00005741 |
| LAQT00005742 | LAQT00005743 |
| LAQT00005744 | LAQT00005745 |
| LAQT00005746 | LAQT00005749 |
| LAQT00005750 | LAQT00005750 |
| LAQT00005751 | LAQT00005752 |
| LAQT00005753 | LAQT00005772 |
| LAQT00005777 | LAQT00005812 |
| LAQT00005813 | LAQT00005813 |
| LAQT00005814 | LAQT00005819 |
| LAQT00005820 | LAQT00005823 |
| LAQT00005824 | LAQT00005907 |
| LAQT00005908 | LAQT00005919 |
| LAQT00005920 | LAQT00005931 |
| LAQT00005932 | LAQT00005933 |
| LAQT00005934 | LAQT00005941 |
| LAQT00005942 | LAQT00005943 |
| LAQT00005944 | LAQT00005951 |
| LAQT00005952 | LAQT00005958 |
| LAQT00005959 | LAQT00005960 |
| LAQT00005961 | LAQT00005962 |
| LAQT00005963 | LAQT00005965 |

| | |
|---|---|
| LAQT00005966 | LAQT00005967 |
| LAQT00005968 | LAQT00005969 |
| LAQT00005970 | LAQT00005972 |
| LAQT00005973 | LAQT00005974 |
| LAQT00005975 | LAQT00005977 |
| LAQT00005978 | LAQT00005979 |
| LAQT00005980 | LAQT00005981 |
| LAQT00005982 | LAQT00005983 |
| LAQT00005984 | LAQT00005986 |
| LAQT00005987 | LAQT00005989 |
| LAQT00005990 | LAQT00006016 |
| LAQT00006017 | LAQT00006027 |
| LAQT00006028 | LAQT00006031 |
| LAQT00006032 | LAQT00006033 |
| LAQT00006034 | LAQT00006034 |
| LAQT00006035 | LAQT00006046 |
| LAQT00006047 | LAQT00006052 |
| LAQT00006053 | LAQT00006055 |
| LAQT00006056 | LAQT00006058 |
| LAQT00006059 | LAQT00006061 |
| LAQT00006062 | LAQT00006062 |
| LAQT00006063 | LAQT00006065 |
| LAQT00006066 | LAQT00006066 |
| LAQT00006067 | LAQT00006068 |
| LAQT00006069 | LAQT00006073 |
| LAQT00006074 | LAQT00006109 |
| LAQT00006110 | LAQT00006111 |
| LAQT00006112 | LAQT00006118 |
| LAQT00006119 | LAQT00006123 |
| LAQT00006124 | LAQT00006128 |
| LAQT00006129 | LAQT00006131 |
| LAQT00006132 | LAQT00006135 |
| LAQT00006136 | LAQT00006153 |
| LAQT00006154 | LAQT00006155 |
| LAQT00006369 | LAQT00006390 |
| LAQT00006392 | LAQT00006395 |
| LAQT00006396 | LAQT00006397 |
| LAQT00006398 | LAQT00006400 |
| LAQT00006401 | LAQT00006401 |
| LAQT00006402 | LAQT00006404 |
| LAQT00006408 | LAQT00006410 |
| LAQT00006411 | LAQT00006413 |
| LAQT00006414 | LAQT00006416 |
| LAQT00006417 | LAQT00006417 |
| LAQT00006418 | LAQT00006420 |
| LAQT00006421 | LAQT00006430 |
| LAQT00006431 | LAQT00006431 |

| | |
|---|---|
| LAQT00006432 | LAQT00006433 |
| LAQT00006434 | LAQT00006437 |
| LAQT00006438 | LAQT00006448 |
| LAQT00006449 | LAQT00006456 |
| LAQT00007200 | LAQT00007200 |
| LAQT00007217 | LAQT00007217 |
| LAQT00007235 | LAQT00007295 |
| LAQT00007296 | LAQT00007349 |
| LAQT00007350 | LAQT00007375 |
| LAQT00008276 | LAQT00008281 |
| LAQT00008282 | LAQT00008285 |
| LAQT00008286 | LAQT00008293 |
| LAQT00008294 | LAQT00008299 |
| LAQT00008300 | LAQT00008352 |
| LAQT00008353 | LAQT00008359 |
| LAQT00008360 | LAQT00008369 |
| LAQT00008370 | LAQT00008381 |
| LAQT00008382 | LAQT00008382 |
| LAQT00008383 | LAQT00008385 |
| LAQT00008390 | LAQT00008391 |
| LAQT00008564 | LAQT00008565 |
| LAQT00008906 | LAQT00008913 |
| LAQT00009105 | LAQT00009112 |
| LAQT00009113 | LAQT00009118 |
| LAQT00009170 | LAQT00009176 |
| LAQT00009177 | LAQT00009192 |
| LAQT00009393 | LAQT00009398 |
| LAQT00009399 | LAQT00009407 |
| LAQT00009408 | LAQT00009415 |
| LAQT00009416 | LAQT00009429 |
| LAQT00009430 | LAQT00009449 |
| LAQT00009450 | LAQT00009463 |
| LAQT00009464 | LAQT00009467 |
| LAQT00009574 | LAQT00009597 |
| LAQT00009669 | LAQT00009686 |
| LAQT00009709 | LAQT00009710 |
| LAQT00009778 | LAQT00009783 |
| LAQT00009822 | LAQT00009823 |
| LAQT00009824 | LAQT00009852 |
| LAQT00009853 | LAQT00009858 |
| LAQT00009859 | LAQT00009859 |
| LAQT00009860 | LAQT00009860 |
| LAQT00009861 | LAQT00009873 |
| LAQT00009874 | LAQT00009878 |
| LAQT00009879 | LAQT00009882 |
| LAQT00010146 | LAQT00010147 |
| LAQT00010148 | LAQT00010148 |

| | |
|---|---|
| LAQT00010149 | LAQT00010151 |
| LAQT00010156 | LAQT00010156 |
| LAQT00010157 | LAQT00010157 |
| LAQT00010158 | LAQT00010161 |
| LAQT00010162 | LAQT00010164 |
| LAQT00010165 | LAQT00010167 |
| LAQT00010168 | LAQT00010170 |
| LAQT00010171 | LAQT00010173 |
| LAQT00010174 | LAQT00010177 |
| LAQT00010178 | LAQT00010181 |
| LAQT00010182 | LAQT00010189 |
| LAQT00010190 | LAQT00010191 |
| LAQT00010192 | LAQT00010192 |
| LAQT00010193 | LAQT00010198 |
| LAQT00010199 | LAQT00010201 |
| LAQT00010202 | LAQT00010202 |
| LAQT00010203 | LAQT00010206 |
| LAQT00010207 | LAQT00010214 |
| LAQT00010215 | LAQT00010216 |
| LAQT00010217 | LAQT00010219 |
| LAQT00010220 | LAQT00010221 |
| LAQT00010222 | LAQT00010223 |
| LAQT00010224 | LAQT00010224 |
| LAQT00010225 | LAQT00010229 |
| LAQT00010230 | LAQT00010233 |
| LAQT00010234 | LAQT00010235 |
| LAQT00010236 | LAQT00010236 |
| LAQT00010237 | LAQT00010238 |
| LAQT00010239 | LAQT00010241 |
| LAQT00010242 | LAQT00010243 |
| LAQT00010244 | LAQT00010247 |
| LAQT00010248 | LAQT00010252 |
| LAQT00010253 | LAQT00010255 |
| LAQT00010256 | LAQT00010257 |
| LAQT00010258 | LAQT00010259 |
| LAQT00010260 | LAQT00010261 |
| LAQT00010262 | LAQT00010263 |
| LAQT00010264 | LAQT00010265 |
| LAQT00010266 | LAQT00010266 |
| LAQT00010270 | LAQT00010276 |
| LAQT00010277 | LAQT00010277 |
| LAQT00010278 | LAQT00010279 |
| LAQT00010280 | LAQT00010282 |
| LAQT00010283 | LAQT00010285 |
| LAQT00010286 | LAQT00010290 |
| LAQT00010291 | LAQT00010320 |
| LAQT00010321 | LAQT00010322 |

| | |
|---|---|
| LAQT00010323 | LAQT00010323 |
| LAQT00010324 | LAQT00010325 |
| LAQT00010326 | LAQT00010337 |
| LAQT00010338 | LAQT00010340 |
| LAQT00010341 | LAQT00010341 |
| LAQT00010342 | LAQT00010343 |
| LAQT00010344 | LAQT00010345 |
| LAQT00010346 | LAQT00010348 |
| LAQT00010349 | LAQT00010351 |
| LAQT00010352 | LAQT00010355 |
| LAQT00010356 | LAQT00010356 |
| LAQT00010357 | LAQT00010367 |
| LAQT00010368 | LAQT00010394 |
| LAQT00010395 | LAQT00010416 |
| LAQT00010417 | LAQT00010468 |
| LAQT00010469 | LAQT00010472 |
| LAQT00010473 | LAQT00010478 |
| LAQT00010479 | LAQT00010481 |
| LAQT00010482 | LAQT00010482 |
| LAQT00010483 | LAQT00010491 |
| LAQT00010492 | LAQT00010492 |
| LAQT00010493 | LAQT00010507 |
| LAQT00010508 | LAQT00010511 |
| LAQT00010512 | LAQT00010517 |
| LAQT00010518 | LAQT00010521 |
| LAQT00010522 | LAQT00010528 |
| LAQT00010529 | LAQT00010531 |
| LAQT00010532 | LAQT00010534 |
| LAQT00010535 | LAQT00010546 |
| LAQT00010547 | LAQT00010548 |
| LAQT00010549 | LAQT00010550 |
| LAQT00010551 | LAQT00010551 |
| LAQT00010552 | LAQT00010552 |
| LAQT00010553 | LAQT00010553 |
| LAQT00010554 | LAQT00010555 |
| LAQT00010556 | LAQT00010558 |
| LAQT00010559 | LAQT00010567 |
| LAQT00010568 | LAQT00010575 |
| LAQT00010576 | LAQT00010578 |
| LAQT00010579 | LAQT00010579 |
| LAQT00010580 | LAQT00010581 |
| LAQT00010582 | LAQT00010582 |
| LAQT00010583 | LAQT00010587 |
| LAQT00010588 | LAQT00010588 |
| LAQT00010589 | LAQT00010590 |
| LAQT00010591 | LAQT00010592 |
| LAQT00010593 | LAQT00010594 |

| | |
|---|---|
| LAQT00010595 | LAQT00010595 |
| LAQT00010596 | LAQT00010601 |
| LAQT00010602 | LAQT00010604 |
| LAQT00010605 | LAQT00010606 |
| LAQT00010607 | LAQT00010608 |
| LAQT00010609 | LAQT00010613 |
| LAQT00010614 | LAQT00010616 |
| LAQT00010617 | LAQT00010619 |
| LAQT00010620 | LAQT00010622 |
| LAQT00010623 | LAQT00010624 |
| LAQT00010625 | LAQT00010626 |
| LAQT00010627 | LAQT00010628 |
| LAQT00010629 | LAQT00010632 |
| LAQT00010633 | LAQT00010635 |
| LAQT00010636 | LAQT00010638 |
| LAQT00010639 | LAQT00010641 |
| LAQT00010642 | LAQT00010645 |
| LAQT00010646 | LAQT00010648 |
| LAQT00010649 | LAQT00010650 |
| LAQT00010651 | LAQT00010651 |
| LAQT00010652 | LAQT00010654 |
| LAQT00010655 | LAQT00010657 |
| LAQT00010658 | LAQT00010659 |
| LAQT00010660 | LAQT00010661 |
| LAQT00010662 | LAQT00010663 |
| LAQT00010664 | LAQT00010665 |
| LAQT00010666 | LAQT00010669 |
| LAQT00010670 | LAQT00010672 |
| LAQT00010673 | LAQT00010677 |
| LAQT00010678 | LAQT00010679 |
| LAQT00010680 | LAQT00010693 |
| LAQT00010694 | LAQT00010695 |
| LAQT00010696 | LAQT00010701 |
| LAQT00010702 | LAQT00010703 |
| LAQT00010704 | LAQT00010706 |
| LAQT00010707 | LAQT00010708 |
| LAQT00010709 | LAQT00010710 |
| LAQT00010711 | LAQT00010722 |
| LAQT00010723 | LAQT00010724 |
| LAQT00010725 | LAQT00010726 |
| LAQT00010727 | LAQT00010728 |
| LAQT00010729 | LAQT00010741 |
| LAQT00010742 | LAQT00010743 |
| LAQT00010744 | LAQT00010747 |
| LAQT00010748 | LAQT00010749 |
| LAQT00010750 | LAQT00010756 |
| LAQT00010757 | LAQT00010761 |

| | |
|---|---|
| LAQT00010762 | LAQT00010766 |
| LAQT00010767 | LAQT00010769 |
| LAQT00010770 | LAQT00010772 |
| LAQT00010773 | LAQT00010776 |
| LAQT00010777 | LAQT00010779 |
| LAQT00010780 | LAQT00010782 |
| LAQT00010783 | LAQT00010785 |
| LAQT00010786 | LAQT00010803 |
| LAQT00010804 | LAQT00010809 |
| LAQT00010810 | LAQT00010818 |
| LAQT00010819 | LAQT00010820 |
| LAQT00010821 | LAQT00010823 |
| LAQT00010824 | LAQT00010831 |
| LAQT00010832 | LAQT00010837 |
| LAQT00010838 | LAQT00010843 |
| LAQT00010844 | LAQT00010850 |
| LAQT00010851 | LAQT00010853 |
| LAQT00010854 | LAQT00010855 |
| LAQT00010856 | LAQT00010857 |
| LAQT00010858 | LAQT00010863 |
| LAQT00010864 | LAQT00010866 |
| LAQT00010867 | LAQT00010867 |
| LAQT00010868 | LAQT00010870 |
| LAQT00010871 | LAQT00010877 |
| LAQT00010878 | LAQT00010879 |
| LAQT00010880 | LAQT00010882 |
| LAQT00010883 | LAQT00010885 |
| LAQT00010886 | LAQT00010887 |
| LAQT00010888 | LAQT00010891 |
| LAQT00010892 | LAQT00010893 |
| LAQT00010894 | LAQT00010896 |
| LAQT00010897 | LAQT00010899 |
| LAQT00010900 | LAQT00010901 |
| LAQT00010902 | LAQT00010903 |
| LAQT00010904 | LAQT00010906 |
| LAQT00010907 | LAQT00010909 |
| LAQT00010910 | LAQT00010915 |
| LAQT00010916 | LAQT00010918 |
| LAQT00010919 | LAQT00010920 |
| LAQT00010921 | LAQT00010923 |
| LAQT00010924 | LAQT00010925 |
| LAQT00010926 | LAQT00010927 |
| LAQT00010930 | LAQT00010936 |
| LAQT00011572 | LAQT00011576 |
| LAQT00012201 | LAQT00012203 |
| LAQT00012209 | LAQT00012254 |
| LAQT00012267 | LAQT00012273 |

| | |
|---|---|
| LAQT00012274 | LAQT00012275 |
| LAQT00012559 | LAQT00012564 |
| LAQT00012752 | LAQT00012753 |
| LAQT00012754 | LAQT00012756 |
| LAQT00012542 | LAQT00012542 |
| LAQT00012543 | LAQT00012543 |
| LAQT00012544 | LAQT00012544 |
| LAQT00012545 | LAQT00012545 |
| LAQT00012546 | LAQT00012546 |
| LAQT00012548 | LAQT00012548 |
| LAQT00012549 | LAQT00012549 |
| LAQT00012550 | LAQT00012550 |
| LAQT00012551 | LAQT00012551 |
| LAQT00014348 | LAQT00014352 |
| LAQT00014409 | LAQT00014409 |
| LAQT00014468 | LAQT00014472 |
| LAQT00014512 | LAQT00014515 |
| LAQT00014565 | LAQT00014565 |
| LAQT00014014 | LAQT00014018 |
| LAQT00014019 | LAQT00014019 |
| LAQT00014020 | LAQT00014022 |
| LAQT00014023 | LAQT00014024 |
| LAQT00014025 | LAQT00014026 |

## Chandler, Robert (CIV)

| | |
|---|---|
| **From:** | Marc S. Harris <mharris@scheperkim.com> |
| **Sent:** | Friday, November 14, 2014 12:38 PM |
| **To:** | Chandler, Robert (CIV) |
| **Cc:** | Lani Anne Remick (laremick@lopds.com); Tia Sherringham; Paul D. Scott (pdscott@lopds.com); Momeni, Mercedeh (USADC); Finkelstein, David M. (CIV); Sharif E. Jacob; Elliot Peters; R. James Slaughter; Valdez, Darrell (USADC) |
| **Subject:** | RE: US ex rel. Landis v. Tailwind Sports Corp. |

We stand by our confidential designation, and frankly don't understand why the government would be making an issue of it.

On Nov 14, 2014 9:33 AM, "Chandler, Robert (CIV)" <Robert.Chandler@usdoj.gov> wrote:

Elliot,

It is not clear to me that the protective order covers the circumstance you describe below, particularly where the other party to the arbitration has consented unconditionally to the release of the information.  Please identify the provision of the protective order you are relying upon.  Moreover, since your position is based on the supposed disclosure limitations applicable to the arbitration, please provide us a copy of the confidentiality order in the arbitration.  We have been promised a copy several times now, most recently by Sharif in our transcribed meet and confer call on October 31, but we have yet to receive it.

Marc, what is your position as the party that designated the Stapleton deposition materials confidential?

Thank you,
Rob

**From:** Elliot Peters [mailto:EPeters@KVN.com]
**Sent:** Friday, November 14, 2014 11:08 AM
**To:** Chandler, Robert (CIV); Marc Harris
**Cc:** Sharif E. Jacob; R. James Slaughter; Tia Sherringham; Finkelstein, David M. (CIV); Valdez, Darrell (USADC); Momeni, Mercedeh (USADC); Paul D. Scott (pdscott@lopds.com); Lani Anne Remick (laremick@lopds.com)
**Subject:** RE: US ex rel. Landis v. Tailwind Sports Corp.

Dear Rob,
You are incorrect.  The deposition was taken in a  confidential, private arbitration.  We stand on our designation.
Thank you.
Elliot

**From:** Chandler, Robert (CIV) [mailto:Robert.Chandler@usdoj.gov]
**Sent:** Friday, November 14, 2014 7:25 AM
**To:** Elliot Peters; Marc Harris
**Cc:** Sharif E. Jacob; R. James Slaughter; Tia Sherringham; Finkelstein, David M. (CIV); Valdez, Darrell (USADC); Momeni, Mercedeh (USADC); Paul D. Scott (pdscott@lopds.com); Lani Anne Remick (laremick@lopds.com)
**Subject:** US ex rel. Landis v. Tailwind Sports Corp.

Elliot and Marc,

I am writing to give notice pursuant to paragraph 10 of the Court's protective order that the Government objects to the designation of the Armstrong and Stapleton deposition materials of as confidential.  The categorical designation of those

materials is not permitted by paragraph 3 of the protective order, which requires marking of "the particular information" subject to the designation.  Moreover, very little, if any, of the information in the depositions is even arguably subject to protection under paragraph 1 of the protective order.

Regards,

Robert E. Chandler
United States Department of Justice
Civil Division, Fraud Section
601 D Street NW
Washington D.C. 20530
(202)514-4678
Robert.chandler@usdoj.gov

**Chandler, Robert (CIV)**

| | |
|---|---|
| **From:** | Jeff Tillotson <JTillotson@lynnllp.com> |
| **Sent:** | Tuesday, September 09, 2014 4:04 PM |
| **To:** | Finkelstein, David M. (CIV) |
| **Cc:** | Chandler, Robert (CIV) |
| **Subject:** | RE: SCA Depositions |

David—

I apologize; we had our hearing last week.

SCA has no opposition to the Government getting copies of the depositions we took in our case.


**Jeffrey M. Tillotson**
............................................................................................................

2100 Ross Avenue
Suite 2700
Dallas, Texas 75201

Direct: 214.981.3838
Main:   214.981.3800
Fax:     214.981.3839
www.jmt@lynnllp.com

# Lynn Tillotson Pinker Cox LLP
............................................................................................................

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Tillotson Pinker & Cox, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.


**From:** Finkelstein, David M. (CIV) [mailto:David.M.Finkelstein@usdoj.gov]
**Sent:** Tuesday, September 09, 2014 3:01 PM
**To:** Jeff Tillotson
**Cc:** Chandler, Robert (CIV)
**Subject:** SCA Depositions

Jeff,

I've tried several times to contact you to obtain SCA's written consent for the government to obtain copies of your depositions, and haven't heard back.  Please let us know SCA's position on the matter as soon as possible.

David

_____
**David M. Finkelstein**
Trial Attorney
Fraud Section | Civil Division

U.S. Department of Justice
601 D Street, NW
Washington, D.C. 20004
202.616.2971
David.M.Finkelstein@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES *ex rel.* FLOYD LANDIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 10-cv-00976 (CRC) |
| v. | ) ) | |
| TAILWIND SPORTS CORPORATION, *et al.,* | ) ) ) | **ECF** |
| Defendants. | ) ) | |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiff United States' Objection to Defendant Armstrong's Confidentiality Designations, and for good cause shown, it is hereby:

ORDERED that Plaintiffs' motion is GRANTED; and it is further

ORDERED that Defendant Lance Armstrong shall produce, within 14 days:

(1) a clean copy, without any confidentiality legend, of each document as to which he has withdrawn his confidentiality designation, and

(2) as to any information Armstrong continues to designate as "Confidential Material," a copy the relevant document that includes a particularized indication of the specific information Armstrong claims is subject to the Protective Order, along with a marking reflecting the particular subparagraph in the Protective Order that Armstrong contends supports his confidentiality designation.

SIGNED:


_____                    _____
Date                                         CHRISTOPHER R. COOPER
                                             United States District Judge