UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES ex rel. LANDIS,** Plaintiffs, v. **TAILWIND SPORTS CORP., et al.,** Defendants. | Case No. 1:10-cv-00976 (CRC) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States and Relator's Joint Motion to Strike, or in the Alternative for Partial Judgment on the Pleadings, as to Certain Affirmative Defenses [ECF No. 213]. Upon consideration of the motion, the opposition, and the reply, the Court will grant the motion in part and deny it in part.

**I.    Background**

In June 2010, Relator Floyd Landis filed this *qui tam* action against Lance Armstrong, his former teammate on the United States Postal Service ("USPS") professional cycling team, and associated defendants, including Capital Sports & Entertainment Holdings, Inc., William Stapleton, and Barton Knaggs ("CSE Defendants"). After closing a criminal investigation of Armstrong in the Central District of California, the Government intervened in this case in February 2013. In June 2014, the Court denied Armstrong's Motion to Dismiss the Government's Complaint, denied Armstrong's Motion to Dismiss Relator's Second Amended Complaint, and granted in part and denied in part the CSE Defendants' Motion to Dismiss Relator's Second Amended Complaint. Mem. Op. June 19, 2014. Armstrong and the CSE Defendants answered the Complaints the following month. Plaintiffs now move to strike certain affirmative defenses from the Answers. In response, Armstrong and the CSE Defendants

voluntarily withdraw several affirmative defenses, but oppose the motion to strike the remaining ones.

## II.     Standard of Review

The Court may strike insufficient defenses or "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion' . . . [h]owever, a motion to strike is a drastic remedy that courts disfavor." Gates v. District of Columbia, 825 F. Supp. 2d 168, 169 (D.D.C. 2011) (quoting Naegele v. Albers, 355 F. Supp. 2d 129, 142 (D.D.C. 2005)). Such motions are granted "'where it is clear that the affirmative defense is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense.'" U.S. ex rel. Head v. Kane Co., 668 F. Supp. 2d 146, 150 (D.D.C. 2009) (quoting SEC v. Gulf & Western Indus., Inc., 502 F. Supp. 343, 344 (D.D.C. 1980)).

## III.    Analysis

The United States moved to strike 24 of Armstrong's affirmative defenses and Relator moved to strike 21 of Armstrong's affirmative defenses. Relator also moved to strike 23 of the CSE Defendants' affirmative defenses. In response, Armstrong withdraws seven affirmative defenses to the United States' Complaint and five affirmative defenses to Relator's Second Amended Complaint. The CSE Defendants withdraw nine of the affirmative defenses that Relator had sought to strike, as well as one additional defense that was not a subject of the motion. The Court will address the remaining defenses in turn.

A.     Failure to State a Claim[1]

All defendants assert failure to state a claim as an affirmative defense.  Plaintiffs argue that failure to state a claim is not a proper affirmative defense and, regardless, that the Court has already rejected the defense by denying the defendants' motions to dismiss.  Defendants respond with United States ex rel. Spay v. CVS Caremark Corporation, No. 09-4672, 2013 WL 1755214 (E.D. Pa. Apr. 24, 2013) (citation omitted), a False Claims Act ("FCA") case holding that "a party can set forth the defense of failure to state a claim as an affirmative defense in the answer," id. at *2.  As plaintiffs point out, however, that case also holds that "[w]here . . . a court has previously made a legal determination that a Plaintiff's complaint stated a claim for relief, a subsequent affirmative defense claiming failure to state a claim or to properly plead should be stricken."  Id. at *3.  Consequently, the Court will grant the motion to strike as to this defense.

B.  Waiver, Ratification, Consent, and Release[2]

Defendants assert waiver, consent, ratification, and release as affirmative defenses.  As plaintiffs note, another court in this district recently struck similar defenses in an FCA case because the defendant "fail[ed] to identify any clear and intentional relinquishment or abandonment by the Attorney General of the right to sue under the FCA" and had not "presented any support for the proposition that Department of Justice employees acted with the Attorney General's authority to waive the right to bring an FCA case[.]"  United States v. Honeywell Int'l, Inc., 841 F. Supp. 2d 112, 115 (D.D.C. 2012).  Thus, plaintiffs argue, defendants may continue

---

[1] Armstrong's First Affirmative Defense to the United States, Armstrong's First Affirmative Defense to Relator, and CSE Defendants' First Affirmative Defense to Relator.

[2] Armstrong's Second, Twentieth, and Twenty-Third Affirmative Defense to United States; Armstrong's Second, Eighteenth, and Twenty-First Affirmative Defense to Relator; CSE's Fourth and Twenty-First Affirmative Defense to Relator.

to seek discovery to negate elements of plaintiffs' claims, but they cannot assert waiver, consent, ratification, or release as affirmative defenses. Yet, several cases from outside the district reveal that this proposition is subject to some dispute. E.g., U.S. ex rel. Jordan v. Northrop Grumman Corp., No. 95-2985, 2002 U.S. Dist. LEXIS 26622, at *21–22 (C.D. Cal. Aug. 5, 2002) (describing a "line of cases [that] show that courts consider ratification and waiver in determining whether a defendant possessed the requisite scienter to violate the FCA") (citing Wang ex rel. United States v. FMC Corp., 975 F.2d 1412 (9th Cir. 1992)); U.S. ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton, No. 02-cv-5702, 2009 WL 4576097, at *7 (D.N.J. Dec. 1, 2009) (denying a motion to strike an affirmative defense of waiver in an FCA case because "[i]t is possible that evidence procured through discovery will show that the Department of Justice, under the direction of the Attorney General, waived the Government's claims"). In light of the high standard for striking a defense, the Court is persuaded by this authority to allow these defenses to proceed at this stage of the litigation.

C. Estoppel[3]

Armstrong and the CSE Defendants assert equitable estoppel as an affirmative defense. Defendants correctly observe that "'the fundamental principle of equitable estoppel applies to government agencies, as well as private parties.'" Honeywell, 841 F. Supp. 2d at 114 (quoting ATC Petroleum, Inc. v. Sanders, 860 F.2d 1104, 1111 (D.C. Cir. 1988) (internal quotations omitted)); see also Morris Commc'ns, Inc. v. FCC, 566 F.3d 184, 191 (D.C. Cir. 2009); Graham v. SEC, 222 F.3d 994, 1007 (D.C. Cir. 2000). Notwithstanding that general principle, the standard for establishing estoppel against the Government "is an exacting one," and "'[t]here is a

---

[3] Armstrong's Third Affirmative Defense to the United States, Armstrong's Third Affirmative Defense to Relator, and CSE Defendants' Fifth Affirmative Defense to Relator.

clear presumption in this Circuit against invoking the doctrine [of equitable estoppel] against government actors in any but the most extreme circumstances.'" Honeywell, 841 F. Supp. 2d at 114 (citing Int'l Union v. Clark, No. 02-cv-1484, 2006 WL 2598046, at *12 (D.D.C. Sep. 11, 2006) (alteration in original)). Defendants must show that the Government "'engaged in affirmative misconduct'" in addition to showing that it made a definite representation that the defendants reasonably relied on in a manner that changed their position for the worse. Id. (quoting Morris, 566 F.3d at 191). As in Honeywell, defendants here have not alleged facts that could establish a reasonable reliance on the Government that changed their position; instead, defendants "merely describe[] continuing a course of action . . . that [they] had embarked on earlier." Id. As a result, the Court will grant the motion to strike as to this defense.

    D.  Conduct of Relator[4]

Armstrong asserts as an affirmative defense that the United States' claims are barred by 31 U.S.C. § 3730(d)(3), which requires dismissal of a relator convicted of criminal conduct arising from his role in the alleged FCA violation. The CSE Defendants also assert as an affirmative defense that illegal activity by Relator underpinning the lawsuit bars him from recovery. As plaintiffs argue, the plain language of Section 3730(d)(3) requires the relator to have been "convicted" in order to warrant his dismissal from the case. Here, Landis has entered into a deferred prosecution agreement; he has not been convicted. Defendants' Opp'n Ex. T. Although defendants have already withdrawn several unclean hands and *in pari delicto* defenses, Defendants' Opp'n at 1 n.1, they maintain that they "may have a defense premised on Section 3730(d)(3) or relator's illegal conduct based on Landis' deferred prosecution agreement with the

---

[4] Armstrong's Ninth Affirmative Defense to United States; Armstrong's Seventh Affirmative Defense to Relator; CSE's Twenty-Sixth Affirmative Defense to Relator.

Government" and thus are "entitled to discover whether Landis is subject to conviction." Defendants' Opp'n at 15–16. Not so. The possibility that Landis may be subject to conviction and that the Government would choose to prosecute him falls short of Section 3730(d)(3)'s unambiguous language with respect to dismissing a relator. Moreover, even if relator were to be dismissed, Section 3730(d)(3) explicitly provides that "such dismissal shall not prejudice the right of the United States to continue the action, represented by the Department of Justice." Consequently, the Court will grant the motion to strike with respect to these defenses.

### E. Existence of United States' Injuries and Damages[5]

Armstrong asserts as affirmative defenses that the Government has suffered no injury, that its alleged damages are speculative, uncertain and/or contingent and are not recoverable, and that the Government has received full payment for services rendered. Both Armstrong and the CSE Defendants also assert as an affirmative defense that they provided all services due to the Government with respect to the transactions and occurrences that are the subject of this lawsuit. Plaintiffs ask the Court to strike these defenses because "actual damage to the United States is not" necessary to establish liability in an FCA cause of action. United States' and Relator's Joint Mot. to Strike at 17 (citing Rex Trailer Co. v. United States, 350 U.S. 148, 152–53 (1956)). While this may be true, a showing of damage is necessary to obtain treble damages, which are based on "'the amount of damages which the Government sustains because of the act of [the defendant].'" U.S. ex rel. Davis v. District of Columbia, 679 F.3d 832, 839 (D.C. Cir. 2012)) (quoting United States v. Sci. Applications Int'l Corp., 626 F.3d 1257, 1277–78 (D.C. Cir. 2010)); see also 31 U.S.C. 3729(a)(1). Consequently, and in light of the high bar for striking a

---

[5] Armstrong's Eleventh, Twelfth, Thirteenth, and Twenty-Sixth Affirmative Defense to United States; Armstrong's Ninth, Tenth, Eleventh, and Twenty-Fourth Affirmative Defense to Relator; CSE's Twelfth and Thirteenth Affirmative Defense to Relator.

defense and the significant discretion of the Court in deciding whether to do so, the Court will permit defendants to maintain these defenses at this point in the litigation.

### F. Failure to Mitigate Damages[6]

All defendants assert as an affirmative defense that the United States failed to mitigate its alleged damages. Plaintiffs largely cite cases from other circuits holding that failure to mitigate cannot be used as an affirmative defense in FCA and fraud actions. E.g. Toepleman v. United States, 263 F.2d 697, 700–01 (4th Cir. 1959); U.S. ex rel. Garrison v. Crown Roofing Services, Inc., No. H-07-1018, 2011 WL 4914971 at *2 (S.D. Tex. Oct. 14, 2011). Defendants respond with cases, also from outside this circuit, holding that the Government does have a duty to mitigate, including a case denying a motion to strike an affirmative defense of failure to mitigate in the context of similar common law fraud, breach of contract, and unjust enrichment claims asserted by the Government. See Robinson v. United States, 305 F.3d 1330, 1335 (Fed. Cir. 2002); U.S. ex rel. Jordan, 2002 U.S. Dist. LEXIS 26622 at *52-56. In light of the high bar for striking a defense and the conflicting, non-binding authority on this issue, the Court will deny the motion to strike as to this defense.

### G. Failure to Plead Fraud with Particularity; Vagueness[7]

All Defendants assert as an affirmative defense that the United States and Relator have failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). The CSE Defendants also assert as an affirmative defense that Relator's allegations are vague, uncertain, and unclear. The Court previously ruled at the motion to dismiss stage that that Rule

---

[6] Armstrong's Sixteenth Affirmative Defense to United States; Armstrong's Fourteenth Defense to Relator; CSE Defendants' Fourteenth Defense to Relator.

[7] Armstrong's Nineteenth Affirmative Defense to United States; Armstrong's Seventeenth Defense to Relator; CSE Defendants' Second and Third Defense to Relator.

9(b) defenses were waived by Armstrong and the non-intervened defendants. Mem. Op. June 19, 2014 at 59 & n.33. While defendants assert that they have not waived these defenses with respect to arguments that may be developed based on additional discovery, the Government correctly notes that "[i]f a party fails to raise a Rule 9(b) objection in the first responsive pleading or in an early motion . . . the issue will be deemed waived." U.S. ex rel. Purcell v. MWI Corp., 824 F. Supp. 2d 12, 25 (D.D.C. 2011) (citations omitted). Regardless, the D.C. Circuit has held that "a plaintiff may satisfy Rule 9(b) simply by setting forth the 'time, place, and contents of the false representations.'" Id. (quoting U.S. ex rel. Totten v. Bombardier Corp., 286 F.3d 542, 551–52 (D.C. Cir. 2002)). Plaintiffs clearly have provided this basic information in this case. See United States' Compl. ¶ 75 ("Defendants knowingly (as 'knowingly' is defined by 31 U.S.C. § 3729(b)(1)) made, used, or caused to be made or used, false records or statements material to false or fraudulent claims paid or approved by the United States. Specifically, Defendants submitted invoices pursuant to the 1995 and 2000 Agreements while in violation of material terms of those agreements, or knowingly caused these invoices to be submitted."). As a result, the Court will grant the motion as it relates to these defenses.

### H. Government's Lack of Diligence[8]

Armstrong asserts as an affirmative defense the Government's lack of diligence. While both sets of defendants have already withdrawn their laches defense, Armstrong asserts that lack of diligence is a separate "defense to [the Government's] claim for pre-judgment interest." Defendants' Opp'n at 23. While Armstrong may raise his pre-judgment interest argument if this litigation reaches the damages stage, the proposition that the Government is not barred by lack of

---

[8] Armstrong's Eighteenth Affirmative Defense to United States and Sixteenth Affirmative Defense to Relator.

diligence from enforcing a public right is well-established. United States v. Philip Morris Inc., 300 F. Supp. 2d 61, 72–73 (D.D.C. 2004) (citing Utah Power & Light Co. v. United States, 243 U.S. 389, 409 (1917) ("As a general rule, laches or neglect of duty on the part of officers of the government is no defense to a suit by it to enforce a public right or protect a public interest.")); United States v. Summerlin, 310 U.S. 414, 416 (1940) (it is "well settled that the United States is not . . . subject to the defense of laches in enforcing its rights"); Illinois Central Railroad Co. v. Rogers, 253 F.2d 349, 353 (D.C. Cir. 1958) ("No rule is better established than that the United States are not bound by limitations or barred by laches where they are asserting a public right."). Consequently, the Court will grant the motion to strike this defense.

    I.   Recoupment and Set-Off[9]

Armstrong also asserts the doctrines of recoupment and set-off as an affirmative defense. Plaintiffs contend that the United States has not waived sovereign immunity, which protects it from recoupment or set-off claims. Another court in this district has held that the Government's filing of a *qui tam* action may constitute a waiver of its sovereign immunity as to recoupment. See United States v. Intrados/Int'l Mgmt. Grp., 277 F. Supp. 2d 55, 63 (D.D.C. 2003) (citations omitted). In light of this reasoning and the rigorous standard for striking a defense, the Court will deny the motion as to recoupment and set-off.

    J.   Failure to Choose Between Inconsistent Remedies[10]

Armstrong also asserts as an affirmative defense the United States and Relator's failure to choose between inconsistent remedies. Courts in this district have routinely held that the

---

[9] Armstrong's Twenty-Fourth Affirmative Defense to United States and Twenty-Second Affirmative Defense to Relator.

[10] Armstrong's Twenty-Fifth Affirmative Defense to United States and Twenty-Third Affirmative Defense to Relator.

Government may plead alternative theories of liability in FCA cases.  See, e.g., U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc., 505 F. Supp. 2d 20, 24 (D.D.C. 2007) ("[T]he government in an FCA case generally may plead theories in the alternative, even if different claims seek relief for the same injury, so long as there is ultimately only one recovery."); U.S. ex rel. Purcell v. MWI Corp., 254 F. Supp. 2d 69, 79 (D.D.C. 2003) (inability to recover damages from inconsistent theories does not bar inconsistent claims).  As a result, the Court will grant the motion as to this defense.

      K.  Public Disclosure[11]

Armstrong asserts as an affirmative defense to the United States' Complaint that the claims, allegations, and transactions described in it were publicly disclosed prior to the filing of the lawsuit in violation of the Court's sealing order.  The Court previously denied Armstrong's motion to compel regarding public disclosure "to the extent it [sought] disclosure beyond which the Government has already agreed," noting that "'[t]he rationale behind sealing FCA cases is to allow the United States ample time to investigate the allegations,' not to provide protection to defendants."  Op. and Order Sept. 30, 2014 at 14–15 (quoting U.S. ex rel. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 67 (D.D.C. 2011)).  As a result, striking this defense at this stage of the litigation is unlikely to generate significant additional efficiencies.  See U.S. ex rel. Head, 668 F. Supp. at 150 (holding that a court should strike an affirmative defense "'where it is clear that . . . its removal from the case would avoid wasting unnecessary time and money'" (quoting SEC v. Gulf & Western Indus., Inc., 502 F. Supp. at 344)).  Accordingly, the Court will deny the motion as to this defense.

---

[11] Armstrong's Fifteenth Affirmative Defense to United States.

L. Vicarious Liability and the Causes of the Alleged Damages[12]

The CSE Defendants assert as affirmative defenses contributory negligence, no vicarious liability, and that the United States' alleged damages were caused solely, directly, and proximately by the acts or omissions of other parties. Defendant Armstrong agreed to withdraw these types of defenses. The CSE Defendants' argue simply that the issues "are relevant and necessitate discovery." Defendants' Opp'n at 26. They note that even the authority cited by plaintiffs, Gates v. District of Columbia, denies a motion to strike similar defenses and construed them as denials, as the issues surrounding the causes of the alleged damages would remain a subject of discovery regardless. 825 F. Supp. 2d at 170–171. The same applies here. The Court will therefore deny the motion to strike and construe these defenses as denials.

M. Relator's Bad Faith[13]

The CSE Defendants assert as an affirmative defense that Relator filed this suit in bad faith, therefore barring him from recovery. In their opposition, the CSE Defendants request that that this defense be converted to a request for attorneys' fees under 31 U.S.C. § 3730(d)(4) if the Court strikes it in its original form. Defendants' Opp'n at 28 n.34. Section 3730(d) contains specific provisions for reducing the proceeds of a relator whose wrongdoing or bad faith is associated with the activity that forms the foundation of an FCA case; these procedures do not require dismissal of the action entirely. And, as Relator correctly notes, a request for attorneys' fees is not an affirmative defense, and only becomes applicable "if the defendant prevails in the action." 31 U.S.C. § 3730. In other words, the CSE Defendants have requested attorneys' fees too early in this litigation. The Court will therefore grant the motion as to this defense.

---

[12] CSE Defendants' Sixteenth, Seventeenth, and Twentieth Affirmative Defenses to Relator.

[13] CSE Defendants' Twenty-Fifth Affirmative Defense to Relator.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that United States and Relator's Joint Motion to Strike, or in the Alternative for Partial Judgment on the Pleadings, as to Certain Affirmative Defenses [ECF No. 213] is GRANTED in part and DENIED in part. It is further

**ORDERED** that, in light of Armstrong's agreement to withdraw his Fifth, Sixth, Seventh, Eighth, Tenth, Twenty-First, and Twenty-Second Affirmative Defenses to the United States' Complaint and his Fifth, Sixth, Eighth, Nineteenth, and Twentieth Affirmative Defenses to Relator's Second Amended Complaint, these defenses are hereby stricken. It is further

**ORDERED** that, in light of the CSE Defendants' agreement to withdraw their Sixth, Eighth, Ninth, Tenth, Eleventh, Fifteenth, Eighteenth, Twenty-Second, Twenty-Seventh, and Twenty-Eighth Affirmative Defenses to Relator's Second Amended Complaint, these defenses are hereby stricken. It is further

**ORDERED** that Armstrong's First, Third, Ninth, Eighteenth, Nineteenth, and Twenty-Fifth Affirmative Defenses to the United States' Complaint; Armstrong's First, Third, Seventh, Sixteenth, Seventeenth, and Twenty-Third Defenses to Relator's Second Amended Complaint; and the CSE Defendants' First, Second, Third, Fifth, Twenty-Fifth, and Twenty-Sixth Defenses to Relator's Second Amended Complaint are hereby stricken. It is further

**ORDERED** that Armstrong and the CSE Defendants shall amend their Answers accordingly.

**SO ORDERED.**

                                          CHRISTOPHER R. COOPER
                                          United States District Judge

Date: February 12, 2015