IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* FLOYD LANDIS,<br><br>   Plaintiffs,<br><br>v.<br><br>TAILWIND SPORTS CORPORATION,<br>*et al.*,<br><br>   Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:10-cv-00976-CRC<br><br><br>**ECF** |

**RELATOR'S RESPONSE TO THE CSE DEFENDANTS' MOTION
FOR APPROVAL OF THE SETTLEMENT AGREEMENT
AND DISMISSAL OF THE *QUI TAM* ACTION (ECF NO. 302)**

On December 10, 2014, relator Floyd Landis ("Relator") entered into a settlement in this action with defendants Capital Sports and Entertainment Holdings, Inc., William Stapleton, and Bart Knaggs ("the CSE Defendants"). *See* ECF No. 253-1 (copy of settlement agreement). This settlement with the CSE Defendants was entered into by Relator in good faith. The joint stipulation submitted to this Court by Relator and the CSE Defendants pursuant to the parties' December 10, 2014 Settlement Agreement ("Agreement") provided, *inter alia*, that: "Pursuant to Federal Rule of Civil Procedure 41(a) and 31 U.S.C. § 3730(b), subject to the consent of the United States or subject to notice and a reasonable opportunity for the United States to be heard on or before January 30, 2015 with any objections to the Settlement Agreement or dismissal, and subject to the approval of this Court, Relator dismisses the Second Amended Complaint against the CSE Defendants with prejudice as to the Relator and the United States." ECF No. 253, Joint Stipulation of Dismissal (emphasis added).

1

At this juncture, the United States has declined to consent to the settlement. *See* ECF No. 295 ("The United States is not in a position to consent to the settlement at this time."). Accordingly, by its terms, the settling parties' joint stipulation will have effect only if the Court concludes that it has the authority to enforce the Agreement notwithstanding the United States' decision not to consent, and the Court makes the determination to do so.

In their respective briefs, the CSE Defendants and the United States have set forth the law relevant to the Court's ability to dismiss the case against the CSE Defendants in accordance with the Settlement Agreement. One additional point that Relator would make is, if the Court were to conclude that it had the authority to approve the settlement and order dismissal notwithstanding the United States' lack of consent, then a relevant consideration for Relator in formulating his position would be whether the United States planned to intervene as to the CSE Defendants.

Dated:  March 30, 2015               Respectfully submitted,

                                      _____/s/_____
                                     Paul D. Scott
                                     pdscott@lopds.com
                                     California State Bar No. 145975
                                     Admitted *Pro Hac Vice*

                                      _____/s/_____
                                     Lani Anne Remick
                                     laremick@lopds.com
                                     California State Bar No. 189889
                                     U.S.D.C. No. PA0045
                                     Jon L. Praed
                                     U.S.D.C. No. 450764
                                     D.C. Bar No. 51665
                                     LAW OFFICES OF PAUL D. SCOTT, P.C.
                                     Pier 9, Suite 100
                                     San Francisco, California 94111
                                     Tel: (415) 981-1212
                                     Fax: (415) 981-1215

                                     Attorneys for Relator Floyd Landis