IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES *ex rel.* FLOYD LANDIS, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 10-cv-00976 (CRC) |
| v. | ) ) | **ECF - REDACTED** |
| TAILWIND SPORTS CORPORATION, *et al.,* | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**RELATOR'S MOTION TO COMPEL PRODUCTION OF
1) COMMUNICATIONS BETWEEN LANCE ARMSTRONG AND WITNESSES
AND 2) AGREEMENTS BETWEEN ARMSTRONG AND CSE DEFENDANTS**

**Relator's Request No. 90** - On December 22, 2013, relator served Document Request No. 90 on Armstrong.  The request sought "All communications between you and any of the following people or entities" then listed multiple witnesses pertinent to this case.  *See* Declaration of Paul D. Scott at ¶ 7.  In a February 26, 2015 letter, Armstrong objected on the basis that he had agreed upon a "narrower list" of names with the Government in response to their separate document request, the communications with the witnesses listed by relator were not relevant, and producing them would be unduly burdensome.  *See id.* at ¶ 2.  After conferring with Government counsel, relator responded on March 5, 2015 as follows:

> [T]he United States has not generally agreed that Armstrong can limit his production of communications to communications with certain individuals.  Nor has the United States agreed that Armstrong's communications with other individuals (i.e., persons beyond those discussed in the October 31, 2014 meet and confer conference and in the Court's December 11, 2014 Order) would not be relevant.  Indeed, it is manifest from a cursory review of the names on the above list that the opposite is true.

> With regard to burden, you have not provided us with any basis for that objection, such as the number of communications (not already produced) between Armstrong and the various individuals listed above, which might conceivably present a burden to review.  If you would like us to consider that argument, please provide the information necessary for us to evaluate your objection.

*Id.* at ¶ 3.

Armstrong has not, however, substantiated his arguments regarding relevance or burden.  Instead, apparently recognizing the weakness of his burden argument, Armstrong has more recently begun to claim that "Landis could have chosen to participate in the process of selecting custodians, rather than waiting until Armstrong completed his document production and then insisting on a new list of custodians."  *Id.* at ¶ 5.  But as noted in the parties' May 12, 2015 call with the Court, relator's document request has been outstanding for well over a year*,* and at no point was relator invited to participate in selecting witnesses for whom Armstrong would produce communications.

The list was developed by Armstrong in his communications with the Government regarding the Government's document request No. 7.  Relator was first made aware of the complete list of names in an April 22, 2015 letter from Armstrong's counsel.  *Id.* ¶ 4.

Reproduced below is relator's Request No. 90, with added identifying information in brackets, and with witnesses already on the US/Armstrong "agreed upon" list stricken:

> All communications between you and any of the following people or entities:
> a. ~~Johan Bruyneel~~
> b. ~~Thomas Weisel~~
> c. ~~William Stapleton~~ ***[1] [defendant in case]
> d. ~~Bart Knaggs~~ *** [defendant in case]
> e. CSE [defendant in case]
> f. the United States Postal Service or any current or former employee or agent of the United States Postal Service
> g. Thomas Weisel Partners [Thomas Weisel's Investment bank]
> h. Mark Gorski [CEO of Tailwind/General Manager of Team]
> 1. Dan Osipow [Vice President of Tailwind/General Manager of Team]
> J. Jim Ochowicz [TWP broker/handled Verbruggen acct/USA Cycling Board]
> k. ~~Emma O'Reilly~~
> l. Geert Duffeleer [worked for USPS Team]
> m. Laurenzo Lapage [worked with Armstrong on USPS and Discovery teams]
> n. Edward 'Eddie B' Borysewicz [predecessor of Johnny Weltz on USPS Team]
> o. Johnny Weltz [predecessor of Johan Bruyneel on USPS Team]
> p. ~~Stephanie McIlvain~~ *** [representative of Armstrong sponsor Oakley]
> q. Laura Hundley [CFO of defendant CSE]
> r. Dr. Pedro Celaya [doctor who worked with USPS Team]
> s. De. Luis Garcia del Moral [doctor who worked with USPS Team]
> t. ~~Dr. Michele Ferrari~~
> u. Dr. Jose Aramendi [doctor who worked with USPS Team]
> v. Dr. Dag Van Elsland [doctor who worked with USPS Team]
> w. Dr. Eufemeniano Fuentes [doping doctor]
> x. Dr. Herman Falsetti [U.S. doctor involved with blood transfusions in cycling]
> y. Jose "Pepe" Marti [trainer who assisted USPS Team with doping]
> z. Philippe Maire ["Motoman" alleged to have delivered drugs to USPS riders]
> aa. ~~Hein Verbruggen~~ [former head of UCI]
> bb. Pat McQuaid [former head of UCI]
> cc. Emile Vrijman [author of report on allegations of doping by Armstrong]

---

[1] Witness names marked with "***" are those as to whom the United States previously voluntarily agreed that production could be "limited to correspondence on or after April 1, 2010, if any," as memorialized in the Court's December 11, 2014 Minute Order.  Notably, though, the post-2010 time limitation for Armstrong's communications with witnesses Stapleton, Knaggs and McIlvain should not apply here, as communications with those individuals are manifestly relevant to relator's non-intervened claims.

      dd. Philippe Verbiest [attorney for UCI]
      ee. Sylvia Shenk [2]
      ff. Dr. Mario Zorzoli [UCI Chief Medical Officer during relevant period]
      gg. Steve Johnson [Head of USA Cycling during the relevant period]
      ~~hh. Floyd Landis~~ [relator]

In an effort to narrow and reduce the burden of this request as much as possible, relator has agreed to narrow it in the same manner that the Court's December 11, 2014 Order narrowed the Government's Request No. 7 to the topics specified in that Order.[3]  Relator also conferred again with the Government and confirmed its view that the requested documents should be produced.  Scott Decl. at ¶ 6.

      **Relator's Request No. 77** - Request No. 77 seeks "All contracts between you, on the one hand, or any of the CSE related entities, on the one hand, including, but not limited to, any engagement letters, retainer agreements, or other agreements describing any services to be provided to you."  The Court instructed relator to endeavor to be specific with regard to the types of documents sought pursuant to this request.  Relator thus narrows his request to the following types of documents beyond the agency contract:

> Agreements relating to Armstrong's financial stake in CSE.  Such documents will inform plaintiffs as to whether Armstrong would have a financial interest in protecting CSE against liability and would also be relevant to piercing.

> Agreements reflecting loans between Armstrong and any of the CSE defendants, ███████████████████████████████ ████████ ██████████  Such loans would be relevant to potential bias of the CSE defendants in favor of Armstrong and would also be relevant to potential efforts on his part to influence them as witnesses.

> Agreements reflecting other arrangements for payments by Armstrong to the CSE defendants.  Such agreements would be relevant to the issues of bias and influence referenced above and would also provide evidence as to how the CSE defendants were enriched as a result of Armstrong's doping.

---

[2]  Relator withdraws his Request to the extent it seeks communications with Sylvia Schenk.
[3]  The December 11, 2014 Order reads in pertinent part:  "With respect to the Government's Request for Production No. 7, Defendant Armstrong shall produce all requested correspondence except that which solely concerns matters of a purely personal nature unrelated to cycling, the use of performance enhancing drugs, sponsorships or other business dealings, or any other issue material to this case, broadly construed."
███████████████████████

Dated:  May 13, 2015                    Respectfully submitted,

                                        _____/s/_____
                                        Paul D. Scott
                                        pdscott@lopds.com
                                        California State Bar No. 145975
                                        Admitted *Pro Hac Vice*

                                        _____/s/_____
                                        Lani Anne Remick
                                        laremick@lopds.com
                                        California State Bar No. 189889
                                        U.S.D.C. No. PA0045
                                        Jon L. Praed
                                        U.S.D.C. No. 450764
                                        D.C. Bar No. 51665
                                        LAW OFFICES OF PAUL D. SCOTT, P.C.
                                        Pier 9, Suite 100
                                        San Francisco, California 94111
                                        Tel: (415) 981-1212
                                        Fax: (415) 981-1215

                                        Attorneys for Relator Floyd Landis