# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* FLOYD LANDIS,<br><br>          Plaintiffs,<br><br>v.<br><br>TAILWIND SPORTS CORP., *et al.*,<br><br>          Defendants. | Civil Action No. 1:10-cv-00976-CRC<br><br>**ECF** |

**DEFENDANT LANCE ARMSTRONG'S OPPOSITION TO
RELATOR FLOYD LANDIS' MOTION TO COMPEL PRODUCTION OF
1) COMMUNICATIONS BETWEEN ARMSTRONG AND WITNESSES AND
2) AGREEMENTS BETWEEN ARMSTRONG AND CSE DEFENDANTS**

Lance Armstrong has produced 37,815 pages of documents, including email, deposition testimony, written discovery responses, and hard copy files responsive to relator Floyd Landis' document requests. Nevertheless, the relator insists on pursuing two categories of irrelevant information: (a) all communications with a lengthy list of individuals; and (2) documents relating to the private financial contracts between Armstrong and his former business agent, Capital Sports and Entertainment Holdings, Inc. ("CSE"). Both requests are improper.

## I.   REQUEST NO. 90: ALL COMMUNICATIONS WITH CUSTODIANS

On May 28, 2014, the government issued Request for Production No. 7, which sought all of Armstrong's communications with a list of 22 custodians. Armstrong objected to those requests on overbreadth and relevance grounds. The parties carefully negotiated the identity of custodians subject to the request, but the government refused to narrow those requests, and moved to compel production of responsive documents. In ruling on the motion, the Court upheld-in-part Armstrong's objections, narrowing the required production by subject matter and time frame on a custodian-by-custodian basis. In February 2015, Armstrong produced documents responsive to the Court's December 11, 2014 Order. The review of those documents for responsiveness and privilege, stamping, and production cost Armstrong tens of thousands of dollars in fees and costs.

On March 5, 2015, Landis began insisting that Armstrong produce "all communications" with 25 new custodians, none of whom the government deemed central enough to include in its own document request. In response, Armstrong explained that he and the government had already agreed upon the core custodians whose documents Armstrong would broadly search. Armstrong had finished searching for, reviewing and producing thousands of responsive, non-

1

privileged communications with those custodians.  Moreover, Armstrong had already produced communications with Landis' list of custodians that are responsive to the government's requests.

Armstrong's analysis of the documents Landis is seeking confirms that the requests are overbroad, and the documents subject to those requests are not merely irrelevant, but not even *responsive* to Landis' remaining requests.  The results are set forth in the accompanying declaration by Armstrong's counsel.  As the table shows, Armstrong has already produced virtually all communications with the enumerated custodians that are responsive to Landis' other requests.  Accordingly, Landis' insistence that Armstrong repeat the process of searching for, reviewing and producing any additional correspondence is not likely to lead to responsive or admissible information, and is therefore burdensome and harassing. *See, e.g., Quality Aero Technology, Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 317 -318 (E.D.N.C. 2002) (denying motion to compel response to "any and all correspondence by and between the parties, and/or their agents or representatives, to this action" because it would lead to a "potentially limitless production").

## II.     REQUEST NO. 77: PRIVATE, FINANCIAL DOCUMENTS RELATING TO CSE

For approximately seventeen years, CSE served as Armstrong's business agent, in addition to its role as his sports agent.  CSE and its employees have helped Armstrong manage his personal finances, make investment decisions, and even pay his bills.  Armstrong has already produced all of his agency agreements between CSE and Armstrong, and all documents relating to those agreements.  So the only documents left are those that relate to CSE's role as Armstrong's business agent, or Armstrong's private financial matters.

Aware of that, Landis nonetheless seeks: (1) all agreements relating to Armstrong's financial stake in CSE; (2) "[a]greements reflecting loans between Armstrong and any of the

CSE defendants, including but not limited to an alleged $1,000,000 loan to Stapleton around the time of Landis' disclosures"; and (3) "[a]greements reflecting other arrangements for payment by Armstrong to the CSE defendants." ECF No. 321 at 3.  Tailwind and Armstrong have already produced documents sufficient to show Armstrong's ownership interest in CSE, so relator's first request is moot.  All that is left are Landis' unsubstantiated allegations regarding payments and loans between Armstrong and CSE.

Landis has represented to the Court that Armstrong made a $1,000,000 loan to his longtime agent William Stapleton "around the time of Landis' disclosures," which he claims "would be relevant to potential bias of the CSE defendants in favor of Armstrong and would also be relevant to potential efforts on his part to influence them as witnesses."  Landis' allegation is baseless, indeed reckless.  Landis allegation that the loan was made "around the time of Landis' disclosures" is false.  Armstrong loaned money to Stapleton in August 2007.  Since the loan occurred in 2007, it could have had absolutely nothing to do with Landis' claims filed in 2010.[1] Further, the loan relates to personal, private financial matters, as described in detail in the accompanying *in camera* submission.  Landis' discovery request falls outside the scope of both the Federal Rules of Civil Procedure, and well as his limited role in the litigation under the False Claims Act.  *See* Fed. R. Civ. Proc. 26(b)(1), (c)(1); 31 U.S.C. § 3730(c)(2)(D) ("Upon a showing by the defendant that unrestricted participation during the course of the litigation by the person initiating the action would be for purposes of harassment . . . , the court may limit the by the person in the litigation.").  Armstrong respectfully requests that the Court draw a bright line prohibiting discovery into his private, personal financial interests.

---

[1] It is unclear how Landis and his counsel had a basis under Rule 11 to allege that Armstrong's loan to Stapleton was connected to Landis' claims.

3

                                        Respectfully submitted,

                                        KEKER & VAN NEST LLP

Dated:  May 19, 2015              By:   */s/ Elliot R. Peters*

                                        JOHN KEKER (*pro hac vice*)
                                        ELLIOT R. PETERS (*pro hac vice*)
                                        R. JAMES SLAUGHTER (*pro hac vice*)
                                        SHARIF E. JACOB (*pro hac vice*)
                                        TIA SHERRINGHAM (*pro hac vice*)
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

ROBERT D. LUSKIN (D.C. Bar # 293621)
PAUL HASTINGS LLP
875 15TH St., NW
Washington, DC  20037
Telephone: (202) 551-1966
Facsimile: (202) 551-0466

Attorneys for Defendant
LANCE ARMSTRONG