IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States ex rel. Floyd Landis,<br><br>    Plaintiff,<br><br>v.<br><br>Tailwind Sports Corporation, et al.,<br><br>    Defendants. | Civil Action No. 1:10-cv-00976-CRC |

## WILLIAMS & CONNOLLY'S RESPONSE TO RELATOR'S MOTION TO COMPEL

Relator Floyd Landis has moved to compel non-party Williams & Connolly LLP ("W&C") to produce documents responsive to Mr. Landis's May 8, 2015, subpoena ("the Subpoena") on the basis that former W&C client Lance Armstrong cannot assert the attorney-client privilege over the documents. Because Mr. Armstrong and his current counsel control the attorney-client privilege, they will respond to the portions of Mr. Landis's motion regarding privilege. W&C submits this response regarding the propriety of the "Production Procedure" that W&C intends to follow in responding to the Subpoena. The Production Procedure is (a) the protocol recommended by the District of Columbia Rules of Professional Conduct in scenarios like this one, in which former counsel has been served with a subpoena for documents and information obtained through representation of a former client; (b) necessary to allow W&C to comply with its ethical obligations by referring *all possible* privilege considerations to Mr. Armstrong and his current counsel; and (c) less burdensome on non-party W&C than Mr. Landis's proposed procedure.

I. **Background**

Between approximately 2003 and early 2013, W&C occasionally provided Mr. Armstrong legal advice and services in a variety of contexts, primarily relating to Mr. Armstrong's cycling career. W&C does not represent Mr. Armstrong in the instant matter. On May 8, 2015, Mr. Landis served a subpoena on W&C seeking twelve categories of communications with, among others, Mr. Armstrong, his agents, and several sports and cycling regulatory bodies. W&C responded and lodged objections to the Subpoena on May 29, 2015. *See* Ex. 2 to Motion to Compel, Dkt. No. 349.

Mr. Armstrong's current counsel have advised W&C that Mr. Armstrong intends to assert attorney-client privilege and work-product protections over W&C documents to which those protections apply. Accordingly, W&C intends to follow the Production Procedure, which will result in all responsive documents being produced to Mr. Armstrong's current counsel in the first instance. *See id.* at 7–8. Specifically, W&C intends to (a) search for and collect potentially responsive documents, (b) review those documents for responsiveness to the Subpoena, and (c) produce responsive documents to Mr. Armstrong's counsel to allow them to conduct a review prior to producing the documents to Mr. Landis. *Id.* at 8.

Mr. Landis objects to this Production Procedure and has moved this Court to compel W&C to "produce responsive documents not subject to a claim of attorney-client privilege directly to Relator." Mot. to Compel 1, Dkt. No. 349. It is W&C's understanding that Mr. Landis's objection to the proposed procedure is based primarily on the alleged urgency of receiving the documents in order to move forward with additional discovery in this case.[1] For

---

[1] Mr. Landis's Motion to Compel does not suggest that the Production Procedure—specifically the review of all responsive documents by Mr. Armstrong's counsel—would lead to an incomplete or otherwise insufficient production.

the reasons explained below, this Court should deny Mr. Landis's Motion to Compel and allow W&C to follow the Production Procedure.

## II. The Proposed Production Procedure Is Necessary for W&C to Comply with Ethical Obligations to Its Former Client.

As former counsel, W&C owes a strict duty of confidentiality to Mr. Armstrong pursuant to D.C. Rule of Professional Conduct 1.6. Rule 1.6 requires W&C not only to protect privileged communications and work product generated in the course of its representation of Mr. Armstrong, but also to safeguard any "information gained in the professional relationship" that Mr. Armstrong has "requested be held inviolate" or that may prejudice Mr. Armstrong. D.C. Rule Prof'l Conduct 1.6(a), (b). The D.C. Bar has instructed attorneys how best to comply with subpoenas without breaching this fundamental ethical obligation. *See, e.g.*, D.C. Legal Ethics Opinion 14 (Jan. 1976) ("Ethics Op. 14"); D.C. Legal Ethics Opinion 288 (Feb. 1999) ("Ethics Op. 288"); *see also In re Kagan*, 351 F.3d 1157, 1164 (D.C. Cir. 2003) ("Opinions of the D.C. Bar Legal Ethics Committee, while not binding on any court, provide valuable guidance to lawyers practicing [in] the District of Columbia and it is reasonable for such lawyers to rely upon these opinions.").[2] W&C has followed the D.C. Bar's recommended procedure to date and asks this Court to deny the portions of Mr. Landis's Motion to Compel that would require W&C to deviate from it.

First, the D.C. Bar advises that "when documents are subpoenaed or an effort is otherwise made to compel their disclosure," an "attorney should promptly notify his former client." Ethics Op. 14. Second, "it is the lawyer's ethical duty to a former client to assert on the

---

[2]   Although these D.C. Bar ethics opinions were issued in relation to grand jury subpoenas and congressional subpoenas to former counsel, the duties and principles underlying the opinions and the methods prescribed by them are clearly equally applicable to civil subpoenas of the type issued by Mr. Landis.

former client's behalf every objection or claim of privilege available to him when to fail to do so might be prejudicial to the client." *Id.* Third, "the lawyer should ***provide to the former client or to the attorneys now representing the former client*** copies of or access to ***all documents called for by the subpoena*** that relate either solely to the former client or jointly to the former client and other clients so that the successor attorneys can determine or assist in determining as to which document claims of privilege should be made." *Id.* (emphasis added).

According to the D.C. Bar, the former counsel must "zealously guard against the erroneous release, by production in court in response to the subpoena, of any documents that represent confidences or secrets obtained by the attorney in the course of his representation of the former client." *Id.* (emphasis added). D.C. attorneys and law firms, such as W&C, are advised that "[a]s a practical matter, this means that the attorney should provide the client, or his successor attorneys, prior to production, with access to or copies of the documents at issue so that they can properly frame and present to the court their objections or claims of privilege." *Id.*

Even where former counsel believes an objection or claim of privilege is unavailable, he must allow his former client and the successor attorneys the opportunity to object or argue privilege before disclosing the document. *Id.* Where a court orders compliance with a subpoena, the former counsel similarly is required to "notify the client of the order and provide the client every opportunity to challenge it." Ethics Op. 288. "Having thus satisfied his ethical duties towards his former client, the attorney is then free to comply with whatever directive the trial court gives." *Id.*; Ethics Op. 14.

The procedure W&C intends to follow precisely tracks this approved protocol and serves the interests of all involved. W&C would comply with its ethical obligations to protect the confidences and secrets of Mr. Armstrong. *See* Ethics Ops. 14, 288; D.C. Rule Prof'l Conduct

4

1.6.  Mr. Armstrong and his counsel would be able to exercise their well-recognized right to review all responsive documents in order to develop and assert both privilege and work-product arguments, as well as any other objections, and to challenge court orders compelling W&C's compliance.  *See* Ethics Op. 14.  And Mr. Landis would receive responsive, non-privileged, non-work-product documents in a reasonably timely fashion, taking account of the ethical and confidentiality concerns unavoidably entwined in a subpoena to a defendant's former counsel.  Mr. Landis also would receive from Mr. Armstrong's counsel any required log of documents over which Mr. Armstrong asserts privilege and work-product protections.

Pointing out that Mr. Armstrong himself has not asserted privilege or work-product protection over documents called for in Requests 2, 4, 5, 6, 10 and 11, Mr. Landis suggests that there would be no harm in W&C producing documents responsive to those Requests directly to him.  In theory, this may appear to be a sensible compromise, but, as any litigator seasoned in document discovery is aware, in practice, such clean distinctions are often impossible.  Whether a document responds to one request versus another can be ambiguous, and lengthy email chains, in particular, can pose challenges regarding the identification of privileged versus non-privileged portions.  In accordance with D.C. Rule of Professional Conduct 1.6 and D.C. Bar Legal Ethics Opinions on this subject, it is W&C's duty to leave such judgment calls to Mr. Armstrong and his current counsel.

### III. The Production Procedure Appropriately Limits the Burden and Expense Imposed on Non-Party W&C

The Production Procedure allows for W&C to ethically comply with the Subpoena at a lesser burden and expense than the alternative proposed by Mr. Landis.  Federal Rule of Civil Procedure 45 requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the

subpoena." Fed. R. Civ. P. 45(d)(1). And "the court for the district where compliance is required must enforce this duty." *Id.*

W&C already must incur the cost of collecting and reviewing what is anticipated to be at least thousands of documents. Although W&C's internal review of sources and custodians is ongoing, it is already clear that the search for emails, electronic documents, and hard-copy files will necessarily span multiple firm hard-copy and electronic files and custodians.

Mr. Landis's Motion seeks to impose the additional, onerous requirement that W&C definitively identify, on a document-by-document basis, which Request is implicated and whether a further review by Mr. Armstrong and his counsel for privilege, work product, or other objections may be necessary, so as to avoid running afoul of the ethical duties described above in Section II. Mr. Landis's request that this Court order W&C to produce documents responsive to certain Requests directly to Mr. Landis, while simultaneously producing documents responsive to other Requests to Mr. Armstrong and his attorneys, unnecessarily complicates and enlarges the task (and increases the expense) for non-party W&C. In light of Rule 45's mandate, that portion of Mr. Landis's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Mr. Landis's Motion to Compel should be denied. W&C should be permitted to follow the Production Procedure, which tracks guidance from the D.C. Bar regarding how a non-party former counsel should respond to a subpoena and tempers the burden and expense on non-party W&C in accordance with Rule 45.

Dated: June 16, 2015                           Respectfully submitted,

                                                           WILLIAMS & CONNOLLY LLP

                                                           /s/ Daniel P. Shanahan
                                                           Daniel P. Shanahan (DC Bar #490516)
                                                           725 12th Street, N.W.
                                                           Washington, DC  20005
                                                           (202) 434-5000

                                                           *Attorney for Williams & Connolly LLP and Mr. Mark S. Levinstein*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2015, a copy of this filing was served via ECF on all counsel of record, including the following:

Paul D. Scott
Jon Linden Praed
Lani Anne Remick
LAW OFFICES OF PAUL D. SCOTT PC
Pier 9 Ste 100
San Francisco CA 94111
pdscott@lopds.com

*Attorney for Floyd Landis*

Elliot R. Peters
John W. Keker
R. James Slaughter
KEKER & VAN NEST, LLP
633 Battery Street
San Francisco, CA 94111
epeters@kvn.com
jkeker@kvn.com
rslaughter@kvn.com

Robert David Luskin
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
robertluskin@paulhastings.com

*Attorneys for Lance Armstrong*

/s/ Daniel P. Shanahan
Daniel P. Shanahan