UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* FLOYD LANDIS,<br><br>                                Plaintiffs,<br><br>v.<br><br>TAILWIND SPORTS CORP., *et al.*,<br><br>                                Defendants. | Civil Action No. 1:10-cv-00976-CRC<br><br>ECF<br><br>**ORAL ARGUMENT REQUESTED** |

**LANCE ARMSTRONG'S MOTION FOR A PRECLUSION ORDER**

**[REDACTED VERSION]**

963182

Defendant Lance Armstrong respectfully moves for an order precluding the government from using at his deposition documents it withheld from production in violation of the Court's September 30, 2014 Order.

## I. INTRODUCTION

Twenty months ago, Armstrong served requests seeking production of documents the government obtained by grand jury subpoena. ECF No. 190-2. After the government initially refused to produce those documents, Armstrong was forced to file a motion to compel. ECF No. 190. In its opposition, the government reversed course and agreed to produce the documents. ECF No. 201 at 11. Moreover, on September 30, 2014, the Court ordered the government to produce documents it received by grand jury subpoena. ECF No. 227 at 3. During a December 19, 2014 meet and confer, the government represented that it had produced those documents. Decl. of Sharif E. Jacob Ex. A at 53 [12/19/14 Tr. of M&C].

That representation was false. Armstrong came to learn of its falsity over a year later ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Armstrong immediately demanded production of the withheld documents. Despite repeated requested by telephone and email, the government continued to withhold the documents for weeks.

On July 9, 2015, counsel for Armstrong received a production from the government of 13,005 pages of documents. The production contains at least 6,621 pages that appear to be phone records of Armstrong, his attorneys, his agents, and his family members, among others. The same set includes logs that appear to have resulted from a pen register the government

1

963182

placed on Armstrong's phone. The production also contains at least 4,484 pages of financial documents, including what appear to be Armstrong's bank statements. The metadata accompanying the production indicates that government obtained the foregoing documents by grand jury subpoena. Armstrong's counsel had never seen those documents before.

Armstrong immediately wrote to the government and requested either that the government (1) continue Armstrong's deposition, to give counsel the ability to review the government's belated production; (2) agree not to use the recently-produced documents at deposition; or (3) send Armstrong a list of the specific transactions and pages of the production about which the government intended to question Armstrong. Jacob Decl. Exs. C-D [7/14/15 8:51 am Email from Jacob to Finkelstein; 7/16/15 6:24 pm Email from Jacob to Chandler]. The government refused each of those offers, and insisted that the deposition proceed on July 23, 2015, without allowing Armstrong an opportunity to review the documents it withheld from production in violation of the Court's September 30, 2014 Order.

## II.   ANALYSIS

"Rule 37 provides district courts broad discretion to sanction a party that fails to obey an order to provide or permit discovery." *D.L. v. District of Columbia*, 274 F.R.D. 320, 324 (D.D.C. 2011). Rule 37 expressly authorizes an order precluding a party from using evidence it failed to produce in violation of a discovery order. Fed. R. Civ. Proc. 37(b)(2)(ii); *Jankins v. TDC Mgmt. Corp.*, 21 F.3d 436, 444 (D.C. Cir. 1994). But Rule 37's express "list of possible types of sanctions is not exclusive." *D.L.*, 274 F.R.D. at 325. "[A] court may exercise discretion to fashion sanctions appropriate for the facts before it . . . ." *Id.*

"'[B]elated compliance with discovery orders does not preclude the imposition of sanctions.'" *Fair Hous. v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citations omitted). "[A] party is not absolved of the charge of wilful or negligent conduct by ultimately producing the material in question if production has not been timely." *Long v. District of Columbia*, 110 F.R.D. 1, 3 (D.D.C. 1985). "Last-minute tender of documents does not cure the prejudice to

2

opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts." *Fair Hous. v. Combs*, 285 F.3d at 906.

The government has severely prejudiced Armstrong's preparation by dumping days before his deposition thousands of pages of documents it was ordered to produce in September of last year and which it represented it had already produced. The government has had these documents—which it obtained by grand jury subpoena—since 2011. It openly used the documents to litigate this action while withholding them from Armstrong in violation of the Court's order. One of the central purposes of Rule 37 is to remedy "prejudice [that] arises when a party blocks its opponent's access to evidence that the opponent needs to fairly litigate a consequential issue, claim, or defense." 7 Moore's Federal Practice § 37.50[1][a] (Mathew Bender 3d ed. 2015).

Armstrong has proposed narrowly-circumscribed sanctions for the sole purpose of rectifying the prejudice cause by the government's misconduct. The most obvious remedy for the government's misconduct—and the remedy expressly set forth in Rule 37(b)—is an order precluding the government from introducing the documents as exhibits or otherwise using them in this litigation. But Armstrong nonetheless offered to proceed with his deposition as noticed so long as the government provided a list of specific transactions and pages of the production it sought to question Armstrong about. The government refused, insisting that it be permitted to unilaterally benefit from its years of access to reams of highly-detailed bank statements and other financial documents showing thousands of Armstrong's financial transactions.

The government claims that its failure to comply with the Court's order was "inadvertent." Armstrong has reason to doubt the government's claim. The government has been openly using the documents to litigate this action, questioning at least one witness about them at deposition. The conspicuous absence of a Bates number on the documents should have been a red alert to the government if it actually cared to comply with its discovery duties. Moreover, once Armstrong requested the documents, the government dissembled about their

3

963182

production and volume on their record and then delayed their production for almost a month. But even if the government's violation of the Court's order was "inadvertent," that is irrelevant to the relief Armstrong seeks. *D.L.*, 274 F.R.D. at 328. Rule 37 "require[s] more than simply making a good-faith effort to produce documents." *Id.* Negligent and inadvertent violations of discovery orders justify sanctions. *Id.*; *Long v. District of Columbia*, 110 F.R.D. at 8; *see also E360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011) ("e360 argues that the sanctions were inappropriate because its failure to comply with the district court's July order was the result of inadvertence rather than willfulness, bad faith, or fault. This argument is wholly misplaced. . . ."); *Argo Marine Sys., Inc. v. Camar Corp.*, 755 F.2d 1006, 1015 (2d Cir. 1985) ("The court below concluded that even if Argo's failure to comply was not willful, but was, instead, a result of its gross or even simple negligence, sanctions may, nevertheless, be imposed. We find that both the facts of this case and the applicable law support the district judge's conclusion.").

### III. CONCLUSION

In order to remedy the prejudice caused by the government's misconduct, Armstrong respectfully seeks an order precluding the government from using at Armstrong's deposition or otherwise in this litigation the documents it withheld from production until June 9, 2015. *See* Fed. R. Civ. Proc. 37(b)(2)(ii). In the alternative, Armstrong seeks an order continuing his deposition for two weeks to allow him an opportunity to review the government's document production or an order requiring the government to send Armstrong one week before noticing his deposition a list of the specific transactions and pages of the production about which the government seeks to question Armstrong.

              Respectfully submitted,

              KEKER & VAN NEST LLP

963182

Dated: July 20, 2015            By:    */s/ Sharif E. Jacob*

                                                   JOHN W. KEKER (*pro hac vice*)
                                                   ELLIOT R. PETERS (*pro hac vice*)
                                                   R. JAMES SLAUGHTER (*pro hac vice*)
                                                   SHARIF E. JACOB (*pro hac vice*)
                                                   633 Battery Street
                                                   San Francisco, CA 94111-1809
                                                   Telephone: 415 391 5400
                                                   Facsimile: 415 397 7188

                                                   ROBERT D. LUSKIN (D.C. Bar # 293621)
                                                   PAUL HASTINGS LLP
                                                   875 15TH St., NW
                                                   Washington, DC 20037
                                                   Telephone: (202) 551-1966
                                                   Facsimile: (202) 551-0466

                                                   Attorneys for Defendant
                                                   LANCE ARMSTRONG

963182