# EXHIBIT D

| | |
|---|---|
| **From:** | Sharif E. Jacob |
| **To:** | Chandler, Robert (CIV); Elliot Peters |
| **Cc:** | R. James Slaughter; Finkelstein, David M. (CIV); Valdez, Darrell (USADC); Robert McAuliffe; Ross, Carl (USADC); Mason, Gregory A. (CIV) |
| **Subject:** | RE: Armstrong Deposition |
| **Date:** | Friday, July 17, 2015 6:24:11 PM |
| **Attachments:** | image001.png |
| | image003.png |

Rob:

Lance's Armstrong's sole objective is to that ensure that he doesn't suffer prejudice as a result of the government's violation of the Court's order and its misrepresentations about that violation. We have made every effort to proceed with the deposition in light of that objective, proposing narrowly-tailored compromises. The government instead insists on discovery by ambush. We will not permit that.

I understand that the government fervently seeks to avoid having its misconduct briefed to the Court. Respectfully, Armstrong does not waive his right to do so.

Your speculation about the timing of the call is histrionic. I cannot call the Court before Monday at 1:30 Pacific—less than one business day from now—because I disembark from an airplane shortly before the call. Other members of our team are also travelling with me or out of the office on Monday. I will call you then, and we can jointly call Mr. Grossman. Armstrong will propose to file his brief that same day and request a hearing. If the government wishes to waive a written opposition, or to file it before Wednesday, it is free to do so.

Regards,

**Sharif E. Jacob**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2237 direct  |  vCard  |  sjacob@kvn.com
633 Battery Street, San Francisco, CA 94111-1809  |  415 391 5400 main  |  kvn.com

---

**From:** Chandler, Robert (CIV) [mailto:Robert.Chandler@usdoj.gov]
**Sent:** Friday, July 17, 2015 5:25 PM
**To:** Sharif E. Jacob; Elliot Peters
**Cc:** R. James Slaughter; Finkelstein, David M. (CIV); Valdez, Darrell (USADC); Robert McAuliffe; Ross, Carl (USADC); Mason, Gregory A. (CIV)
**Subject:** RE: Armstrong Deposition

Sharif,

With each email we receive on this issue, it becomes clearer and clearer that Armstrong's real goal is to delay his deposition. First, your rejection of our proposal to dispense with briefing is based on the

poorest of excuses – it is hardly a "violation of the Court's order and the local rules" to request a conference with the Court. To the contrary, Judge Cooper's October 3, 2014 Order requires the parties to take precisely that step. ECF No. 228, ¶ 7 ("If the parties are unable to resolve the discovery dispute, the parties shall jointly call chambers ... to arrange for a telephone conference with the Court."). And no part of the Court's Order prohibits the parties from asking the Court to dispense with the Notice requirement where the circumstances call for expedited consideration. Moreover, if Armstrong feels he must submit something in writing, he need not wait until Monday. The Court's order does not address the timing of the Notice summarizing the dispute, except to require that it be *at least* 24 hours prior to the conference. We would not object to your filing your notice before Monday, so if Armstrong truly wants this issue resolved by the Court quickly, you should file your notice as soon as practicable. Finally, it is hard to believe that no member of Armstrong's legal team can be available for a five minute scheduling call with chambers until just 30 minutes before the close of business on Monday. Your unwillingness to make yourselves available prior to that time, and indeed the entirety of your proposal, demonstrates Armstrong's clear intention to slow roll this issue in the hope of delaying his testimony further.

We can be available to call the Court at 1:30 pm Pacific time on Monday. Given the urgency created by Armstrong's delay in raising this issue, however, I am requesting that you provide an alternative time as early in the day as possible. I can be available any time.

Rob

**From:** Sharif E. Jacob [mailto:SJacob@kvn.com]
**Sent:** Friday, July 17, 2015 6:42 PM
**To:** Chandler, Robert (CIV); Elliot Peters
**Cc:** R. James Slaughter; Finkelstein, David M. (CIV); Valdez, Darrell (USADC); McAuliffe, Robert (CIV); Ross, Carl (USADC); Mason, Gregory A. (CIV)
**Subject:** RE: Armstrong Deposition

Rob:

Lance Armstrong does not agree to submit his motion for a protective order without a brief in violation of the Court's order and the local rules. Does the government agree with Armstrong's proposed briefing schedule? Are you available to jointly call Mr. Grossman on Monday at 1:30 pm Pacific time?

---

**Sharif E. Jacob**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2237 direct   |   vCard   |   sjacob@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

---

**From:** Chandler, Robert (CIV) [mailto:Robert.Chandler@usdoj.gov]

**Sent:** Friday, July 17, 2015 1:37 PM
**To:** Elliot Peters; Sharif E. Jacob
**Cc:** R. James Slaughter; Finkelstein, David M. (CIV); Valdez, Darrell (USADC); Robert McAuliffe; Ross, Carl (USADC); Mason, Gregory A. (CIV)
**Subject:** RE: Armstrong Deposition

Elliot,

Although your most recent email contains additional mischaracterization and hyperbole, your argument is virtually identical to the one we already heard from Sharif, and we remain unmoved. We will not identify the documents we intend to use, and the deposition is not "off." The only ambush here is that you waited until the week before Armstrong's deposition to raise this issue, despite learning on June 9 that we had the bank records Armstrong supposedly needs to prepare. If you are as eager to have Armstrong testify as you say, then let's agree to ask the Court to hear argument without briefing on either Monday or Tuesday so that the issue may be resolved prior to Thursday's deposition.

Regards,
Rob

---

**From:** Elliot Peters [mailto:EPeters@KVN.com]
**Sent:** Friday, July 17, 2015 3:25 PM
**To:** Chandler, Robert (CIV); Sharif E. Jacob
**Cc:** R. James Slaughter; Finkelstein, David M. (CIV); Valdez, Darrell (USADC); McAuliffe, Robert (CIV); Ross, Carl (USADC); Mason, Gregory A. (CIV)
**Subject:** RE: Armstrong Deposition

Rob,

Please reconsider. You obtained grand jury information including voluminous bank records years ago. You were under a clear legal obligation to produce them more than a year ago. You did not live up to that obligation. Indeed, Mr. Finkelstein dissembled when asked directly about the production of these bank records. The week before last you belatedly produced approximately 7000 pages of bank records. We have been very busy with other depositions and have not had the chance to review these records. Had you produced them when you should have, we would not have been in this position. Your statement that since they are Mr. Armstrong's bank records, he has had access to them for years, is a feeble effort to distract from your failure timely to produce them, and misapprehends your discovery obligations under federal law. A litigant is not under a freewheeling duty to prepare for deposition based on every document he may have the ability to access, but is entitled to rely on what the other side timely produces in discovery.

Your gratuitous comment that this simply our effort to avoid producing Mr. Armstrong is yet another falsehood on your part. We are actually eager to produce him, allow him to testify and get all the discovery in this case done. But it has to be done by the rules.

So we reiterate our proposal to mitigate the prejudice that your failure timely to produce these documents has caused. Identify the specific records or transactions you intend to refer to in these late-produced documents. Do so today. That way we will be able to prepare our client and avoid the ambush via 11th hour document-dump you are attempting to execute. We will then proceed with the deposition. Alternatively, let us contact the Court and propose the following briefing schedule: We will file a 3 page brief Monday. You respond Wednesday. The Court can set a hearing as soon as it is able. We reserve the right to argue that you should be precluded from using

these bank records at all in the deposition and in the case. Based on the position in your 11:58 am (pacific) email, please understand that unless you identify the bank records you plan to use, the deposition of Mr. Armstrong is off, and we are litigating via motion for Protective Order the permissibility of your use of the bank records you failed to produce and then were not candid about.
Thank you.
Elliot

---

**Elliot R. Peters**
Attorney at Law

**KEKER & VAN NEST LLP**

415 676 2273 direct | vCard | epeters@kvn.com
633 Battery Street, San Francisco, CA 94111-1809 | 415 391 5400 main | kvn.com

---

**From:** Chandler, Robert (CIV) [mailto:Robert.Chandler@usdoj.gov]
**Sent:** Friday, July 17, 2015 11:58 AM
**To:** Sharif E. Jacob
**Cc:** Elliot Peters; R. James Slaughter; Finkelstein, David M. (CIV); Valdez, Darrell (USADC); Robert McAuliffe; Ross, Carl (USADC); Mason, Gregory A. (CIV)
**Subject:** RE: Armstrong Deposition

Sharif,

The records at issue are Armstrong's bank records, and if he really needed them to prepare, he had access to them long before July 9. This entire issue is simply Armstrong's latest attempt to avoid his obligation to answer questions truthfully under oath. Moreover, the government is entitled to Armstrong's testimony without having to identify the particular topics to be addressed at the deposition or the documents it intends to use as exhibits. We will not accept either of your proposals below, but we will expect to see Armstrong at the deposition on Thursday, absent a Court order to the contrary.

Regards,
Rob

Robert E. Chandler
United States Department of Justice
Civil Division, Fraud Section
601 D Street NW
Washington D.C. 20530
(202)514-4678
Robert.chandler@usdoj.gov

---

**From:** Sharif E. Jacob [mailto:SJacob@kvn.com]
**Sent:** Thursday, July 16, 2015 4:14 PM
**To:** Chandler, Robert (CIV)

**Cc:** Elliot Peters; R. James Slaughter; Finkelstein, David M. (CIV); Valdez, Darrell (USADC); Ross, Carl (USADC); McAuliffe, Robert (CIV)
**Subject:** RE: Armstrong Deposition

Rob:

While we appreciate the government's agreement not to use the recently-produced telephone records at Lance Armstrong's deposition, your proposal does not address the prejudice caused by the government's misconduct. The problem with your proposal is that it doesn't give us sufficient time to prepare for the deposition, which was scheduled before the government revealed its misconduct. The government's recent production also contains at least 4,484 pages of financial documents, including what appear to be Armstrong's bank statements. We simply do not have time to review those documents. Allowing the government to question Armstrong about them without having had an opportunity to prepare is unfair, and we will not permit it.

We will agree to proceed with the deposition on July 23, 2015 if the government promises not to use the recently-produced financial documents (as well as the phone records) at Armstrong's deposition. Alternatively, the government may email us by noon Pacific tomorrow a discrete set of topics on which it intends to question Armstrong, and cites to the precise pages of the bank statements or other financial documents that it will use at the deposition. But if the government is not willing to agree to either arrangement, we won't move forward with the deposition at this time.

Regards,

---

**Sharif E. Jacob**
Attorney at Law

**KEKER & VAN NEST** LLP

415 676 2237 direct   |   vCard   |   sjacob@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com

---

**From:** Chandler, Robert (CIV) [mailto:Robert.Chandler@usdoj.gov]
**Sent:** Thursday, July 16, 2015 8:05 AM
**To:** Sharif E. Jacob
**Cc:** Elliot Peters; R. James Slaughter; Finkelstein, David M. (CIV); Valdez, Darrell (USADC); Ross, Carl (USADC); Robert McAuliffe
**Subject:** Armstrong Deposition

Dear Sharif,

I write in response to your 7/14/15 email, in which you again make unfounded assertions of misconduct and also threaten not to produce Mr. Armstrong for his deposition on the mutually agreed upon date of July 23, 2015. There is no valid basis for Mr. Armstrong to refuse to appear for his deposition on July 23. As you know, we originally noticed Mr. Armstrong's deposition for May 22, 2015, and we agreed to move both Mr. Armstrong's and Ms. Hansen's depositions to July 23 and

July 22, respectively, at your request in order to accommodate the witnesses' schedules. We have made travel arrangements, including the purchase of a non-refundable ticket for part of the travel, and expect both of these depositions to go forward on these long-agreed-upon dates.

As David explained to you after the conclusion of Kristin Armstrong's deposition, he believed that Mr. Armstrong's bank records had been produced to you when he marked one of them as an exhibit. Later that day, he confirmed that the government inadvertently failed to produce Mr. Armstrong's bank records back to him. He subsequently explained that the database folder containing these records was incorrectly (and innocently) marked as duplicative of materials already produced. At any rate, what we (inadvertently) failed to produce in the first instance was Mr. Armstrong's *own* bank and phone records. You concede that these documents were produced to you on July 9, 2015, and thus, you will have had two full weeks to review these materials before Mr. Armstrong's July 23 deposition.

Given that Mr. Armstrong presumably has full access to his own bank records, the inadvertent failure to produce those records back to him is hardly prejudicial to him and certainly is not a valid reason for Mr. Armstrong to refuse to appear for his deposition on the agreed upon date. As you note, the remaining documents at issue generally consist of telephone records that Mr. Armstrong presumably also could have obtained on his own if he believed they had any relevance to this case. Nevertheless, in an effort to avoid burdening the Court with an unnecessary discovery dispute, we will agree not to mark as exhibits during Mr. Armstrong's deposition any of the documents included in the government's July 9, 2015 production, with the exception of Mr. Armstrong's bank records. We trust that this agreement will resolve any legitimate concerns about your ability to prepare Mr. Armstrong for his July 23 deposition. If Mr. Armstrong fails to appear for his deposition on the mutually agreed upon date and time, we reserve the right to pursue all remedies provided by the Civil Rules.

Regards,
Rob

Robert E. Chandler
United States Department of Justice
Civil Division, Fraud Section
601 D Street NW
Washington D.C. 20530
(202)514-4678
Robert.chandler@usdoj.gov