**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES ex rel. LANDIS,**<br><br>Plaintiff,<br><br>v.<br><br>**TAILWIND SPORTS CORP., et al.,**<br><br>Defendants. | Case No. 1:10-cv-00976 (CRC) |

## ORDER

Before the Court is Defendant Armstrong's request to compel Relator's production, in unredacted form, of certain documents as reflected in Armstrong's Summary of Discovery Dispute Regarding Landis' Failure To Produce Documents [ECF No. 431]. Armstrong first requests an unredacted list of donors to the Floyd Fairness Fund. The Fund raised over $475,000 to support Relator's legal defense in a prior criminal proceeding. In his Deferred Prosecution Agreement ("DPA") associated with that case, Relator admitted to having misled the Fund's donors—mostly individuals and small businesses contributing relatively small amounts—as to his history of using performance-enhancing substances. He also agreed to repay these donors as compensation for his admitted fraud. Relator has already produced a redacted version of the Fund's "victim list," indicating the total number and amount of the donations. Upon consideration of the arguments presented during the September 22, 2015 discovery conference, the briefing of the parties, and *in camera* review of the unredacted donor list—which indicates the victims' names and contact information—the Court finds that the victims' continued privacy interests outweigh Armstrong's need to learn the identities of the Fund's donors, notwithstanding the existence of a protective order in this case. It will therefore deny Armstrong's first request.

Armstrong also requests the production, in unredacted form, of an email from one of Relator's former attorneys pertaining to compensation for the Fund's victims.  Attached to this email was a declaration that the attorney asked one of the donors to sign "to reduce the amount of restitution Floyd [would] be required to pay."  The Court agrees that, as with Mr. Landis's tax returns, learning this donor's identity would enable Armstrong to explore Relator's ability and willingness to repay the Fund's victims under the terms of the DPA.  It will accordingly grant Armstrong's request to compel Relator to produce this email in unredacted form by Thursday, September 24, subject to the protective order in this case.

**SO ORDERED.**

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:       September 23, 2015