IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES *ex rel.* FLOYD LANDIS, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 10-cv-00976 (CRC) |
| v. | ) ) ) | |
| TAILWIND SPORTS CORPORATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**RELATOR'S SUMMARY OF DISCOVERY DISPUTE
RELATING TO DEFENDANT ARMSTRONG'S CLAIM OF
COMMON INTEREST PRIVILEGE AS TO COMMUNICATIONS INVOLVING
DOUG ULMAN OF LIVESTRONG**

**Introduction**

Relator challenges defendant Armstrong's assertion of privilege with respect to certain emails sent or received by non-party Doug Ulman. In communications with counsel for relator, Armstrong rests his claim of privilege on a supposed common interest with Mr. Ulman, but that claim is without merit. Mr. Ulman is the former Chief Executive Officer of Livestrong, a non-profit corporation founded by defendant Armstrong. Neither Mr. Ulman nor Livestrong has ever been a party to this litigation or otherwise shared a common legal interest with Mr. Armstrong with regard to the issues in this case. The Court should therefore reject Armstrong's claim of privilege.

The emails at issue were produced by Williams & Connolly to Armstrong in response to relator's subpoena directed to Williams & Connolly, then evidently redacted on privilege grounds by counsel for Armstrong. *See* Email from McCloskey to Chandler dated October 6, 2015, Scott Decl., Ex. A. They consist of two sets of email strings. The first is dated July 11-12, 2012 and concerned Armstrong's efforts to have federal legislation passed that would assist him in his fight against USADA's then pending proceedings against him. *See* Scott Decl., Ex. B. The second series of emails is dated August 25-26, 2012 and originated with an email from Michael Hilzik of the L.A. Times to Mark Levinstein of Williams & Connolly entitled "My column on the Armstrong case." *See* Scott Decl., Exs. C – F (four slightly different versions of same email string). Both sets of email strings contain extensive redactions, even though the redacted emails were from or cc'd to Mr. Ulman. *Id.* [1]

Without identifying any common legal interest shared by defendant Armstrong and Mr. Ulman, Armstrong's counsel stated, in an October 6, 2015 email, that "Armstrong redacted certain communications with . . . Mr. Ulman based on a common interest privilege." *See* McCloskey Email to Chandler dated October 6, 2015, Scott

---

[1] Relator does not object to the redaction of the last two emails in Exhibit E, between attorneys Reyes and Luskin at 8:52 a.m. and 1:54 p.m., as these were sent after the prior correspondence copied to Ulman.

1

Decl., Ex. A.  Armstrong has subsequently maintained this same objection.  McCloskey Email to Scott dated December 17, 2015, Scott Decl., Ex. H.[2]

### A. The common interest privilege does not apply.

"It is well established that 'the party claiming the [attorney-client] privilege bears the burden of proving that the communications are protected.'"  *Cobell v. Norton*, 377 F. Supp.2d 4, 8 (D.D.C. 2005) (Lamberth, J.) (quoting *In re Lindsey*, 148 F.3d 1100, 1106 (D.C. Cir. 1998)).  "Each and every element of the privilege must be proved by 'competent evidence,' and the proponent's burden "cannot be 'discharged by mere conclusory or *ipse dixit* assertions.'"  *Id.* (quoting *Cobell v. Norton*, 213 F.R.D. 69, 71 (D.D.C. 2003) (quoting *Martin v. Valley Nat'l Bank of Ariz.,* 140 F.R.D. 291, 302 (S.D.N.Y. 1991)).

The Court has previously considered the common interest privilege in this case under analogous circumstances, holding that the privilege did not apply to communications between the United States and the United States Anti-Doping Agency (USADA):

> A common interest privilege can exist "so long as [the] transferor and transferee anticipate litigation against a common adversary on the same issue or issues." *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299–300 (D.C. Cir. 1980). For the privilege to apply, however, the parties' shared interest must be both legal and ongoing. *See, e.g., Minebea Co. v. Papst*, 228 F.R.D. 13, 16 (D.D.C. 2005) ("[S]hared or jointly created material must pass an additional test: [i]t must be disclosed pursuant to a common legal interest and pursuant to an agreement to pursue a joint defense.") (emphasis added); *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989) ("[o]nly those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected") (emphasis added) (internal quotation marks omitted).

ECF 227 at 12-13.  The Court found that since USADA is a governing body of sports with no jurisdiction over Armstrong's alleged fraud against the Government, it "has no legal interest, let alone an ongoing one, in this lawsuit."  *Id.* at 13.

---

[2]  The claim of privilege with respect to communications involving Mr. Ulman was also referenced in Armstrong's September 30, 2015 privilege log.  *See* Scott Decl., Ex H.

2

Likewise, Livestrong has no legal interest, especially not an ongoing one, in this lawsuit.  Livestrong is not, and never has been, a party to this lawsuit.  Neither the Government's nor relator's complaint contain any allegations against Livestrong or Mr. Ulman.  Armstrong has not identified any other "anticipate[d] litigation against a common adversary," nor has he cited any "agreement to pursue a joint defense."  *See United States v. Am. Tel. & Tel. Co.* and *Minebea Co. v. Papst, supra*.  Accordingly, Armstrong has failed to meet his burden of proving the privilege.[3]

> **B.** **Position of the United States**

The United States concurs with relator's argument that Armstrong's assertion of privilege over the Ulman emails is not proper, and that defendant Armstrong should be required to produce unredacted copies of the subject documents.

/
/
/

---

[3] Counsel for Armstrong belatedly asserted that the redactions are justified based on relevance.  *See* McCloskey Email to Paul Scott dated December 17, 2015, Ex. G to Scott Decl.  It is well-established, however, that it is improper to redact otherwise responsive documents on the basis that certain portions are allegedly irrelevant.  *See, e.g., Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011) ("Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request."); *Sexual Minorities of Uganda v. Lively*, Civil Case No. 3:12-30051(MAP), 2015 WL 4750931 at *4 (D. Mass. August 10, 2015) (holding that the "weight of authority" supports the position that "documents are to be produced as they are kept in the ordinary course of business, *i.e.,* without redactions and that there is no express or implied authority for such redactions in the applicable Federal Rules of Civil Procedure").

Dated:  December 18, 2015		Respectfully submitted,

                                                          /s/_____
Paul D. Scott
pdscott@lopds.com
California State Bar No. 145975
Admitted *Pro Hac Vice*

                                                          /s/_____
Lani Anne Remick
laremick@lopds.com
California State Bar No. 189889
U.S.D.C. No. PA0045
Jon L. Praed
U.S.D.C. No. 450764
D.C. Bar No. 51665
LAW OFFICES OF PAUL D. SCOTT, P.C.
Pier 9, Suite 100
San Francisco, California 94111
Tel: (415) 981-1212
Fax: (415) 981-1215

Attorneys for Relator Floyd Landis