UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES ex rel. LANDIS**, <br><br> Plaintiff, <br><br> v. <br><br> **TAILWIND SPORTS CORP., et al.**, <br><br> Defendants. | Case No. 1:10-cv-00976 (CRC) |

**ORDER**

In this discovery dispute, Defendant Armstrong and Relator disagree as to whether Armstrong has validly redacted several 2012 emails exchanged between Armstrong, attorneys from the law firm Patton Boggs LLP, and Doug Ulman, the former CEO of the Livestrong Foundation, a non-profit organization founded by Armstrong.  Armstrong asserts that at the time each of these emails was sent, he and Livestrong both had retained Patton Boggs to help coordinate their legal responses to the U.S. Anti-Doping Agency's ("USADA's") investigation into Armstrong's alleged use of performance-enhancing drugs.  Armstrong contends that these communications are presumptively shielded from production by the attorney-client privilege between Armstrong and his Patton Boggs counsel.  Relator does not contest this point, as far as it goes.  Armstrong further argues that Ulman's presence on the email chains did not effect a waiver of the attorney-client privilege, because these transfers were intended to advance a common legal interest shared by Armstrong and Livestrong.  Armstrong's Opp'n Relator's Summ. of Discovery Dispute, ECF No. 472.  Relator disagrees, insisting that Armstrong has failed to meet his burden to invoke this so-called common-interest privilege.  Relator's Summ. of Discovery Dispute, ECF No. 465.  Relator attached redacted versions of the relevant documents as Exhibits B through F to his summary of the present discovery dispute.

As the Court observed in a prior ruling on the reach of the common-interest privilege, that privilege applies "so long as [the] transferor and transferee anticipate litigation against a common adversary on the same issue or issues." United States ex rel. Landis v. Tailwind Sports Corp., 303 F.R.D. 419, 427 (D.D.C. 2014) (quoting United States v. Am. Tel. & Tel. Co., 642 F.2d 1285, 1299–1300 (D.C. Cir. 1980)). "[T]he parties' shared interest must be both legal and ongoing" for the privilege to apply, and "[o]nly those communications . . . intended to further the enterprise are protected." Id. (quoting United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989)). The communications must also have been transmitted "in a manner that is consistent with maintaining confidentiality against adverse parties." United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., No. Civ. 99–3298, 01–MS–50 (MDL) (RCL), 2004 WL 2009413, at *4 (D.D.C. May 17, 2004).

After an *in camera* review of all the documents whose redaction Relator contests, the Court concludes that the common-interest privilege applies to each of these emails. The Court accepts Armstrong's undisputed representation that both he and Livestrong had retained Patton Boggs to aid in responding to USADA's investigation of Armstrong's alleged doping, and it finds that each of the emails was intended to further this common legal enterprise. There is also no indication that the emails were transmitted in a way inconsistent with maintaining strict confidentiality vis-à-vis future legal adversaries. Accordingly, the Court will **DENY** Relator's motion to compel Armstrong's production of the contested emails.

**SO ORDERED.**

                                              CHRISTOPHER R. COOPER
                                              United States District Judge

Date:   January 26, 2016