UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES ex rel. LANDIS, et al.**,<br><br>Plaintiffs,<br><br>v.<br><br>**TAILWIND SPORTS CORP., et al.**,<br><br>Defendants. | Case No. 1:10-cv-00976 (CRC) |

**OPINION AND ORDER**

On June 19, 2014, the Court issued a Memorandum Opinion granting in part the CSE Defendants' motion to dismiss Relator Floyd Landis's Second Amended Complaint. See ECF No. 174.[1] In doing so, it considered whether the False Claims Act's ("FCA's") tolling provision applies to relators' claims as to which the United States has not intervened. That provision reads as follows:

(b) A civil action under section 3730 may not be brought—

(1) more than 6 years after the date on which the violation of section 3729 is committed, or

(2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

whichever occurs last.

31 U.S.C. § 3731(b). After thorough briefing on the issue—and fully accounting for the split of authority among lower courts—the Court adopted the "majority approach": that the FCA's tolling

---

[1] The Court's opinion was issued by the Honorable Robert L. Wilkins, who previously presided over this case.

provision does not apply to relators' non-intervened claims.  Mem. Op. of June 19, 2014, at 28, 30.  The Court reasoned that it would "def[y] logic to hinge the tolling question on when the responsible governmental official possessed sufficient knowledge to act, when in reality that governmental official has chosen not to act."  Id. at 30.  Because the government had not intervened against the CSE Defendants, the Court concluded that Relator could recover against them only for allegedly false claims submitted on or after June 10, 2004—not on or after June 10, 2000, as the tolling provision would have allowed.

Relator has moved the Court to reconsider this portion of its prior Memorandum Opinion.  His motion is "based on" two Supreme Court opinions—one decided before the Memorandum Opinion was issued, and one after—and "is further supported by" a recent decision of this Court.  Mem. Supp. Relator's Mot. Reconsideration 3 ("Mot. Reconsideration"), ECF No. 497.  Relator also repeats arguments he made at the motion-to-dismiss stage and raises others for the first time.  Because Relator has not met the stringent standard for reconsidering interlocutory orders, the Court will deny his motion.[2]

    A.    Legal Standard

Under the so-called "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  Arizona v. California, 460 U.S. 605, 618 (1983); see also LaShawn A. v. Barry, 87 F.3d 1389, 1393 (D.C. Cir. 1996) ("[T]he *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*.").  The doctrine, as such, does not technically apply to interlocutory orders such as the partial granting of a motion to dismiss.  Langevine v. Dist. of Columbia, 106 F.3d 1018, 1023 (D.C. Cir. 1997).  And under Rule 54(b), the Court's earlier decision "may be revised at

---

[2]  As explained below, the Court will also grant Relator's motion to clarify a portion of its June 27, 2014 Order of Dismissal.

any time before the entry of a [final] judgment." Fed. R. Civ. P. 54(b). In a sense, then, the Court is "free to reconsider" its analysis on the FCA tolling issue. Filebark v. U.S. Dep't of Transp., 555 F.3d 1009, 1013 (D.C. Cir. 2009).

But "this is not to say that district courts should take lightly reconsideration of the orders of their colleagues." Moore v. Hartman, 332 F. Supp. 2d 252, 256 (D.D.C. 2004). Although Rule 54(b) does not specify the standard of review applicable to motions for reconsideration of interlocutory orders, they should be reconsidered only "as justice requires." United States v. Slough, 61 F. Supp. 3d 103, 107 (D.D.C. 2014) (quoting United States v. Coughlin, 821 F. Supp. 2d 8, 18 (D.D.C. 2011)). That phrase is a doctrinal term of art—in deciding whether "justice requires" reversal of its prior interlocutory order, a court may consider whether it

> [1] patently misunderstood a party, [2] has made a decision outside the adversarial issues presented to the Court by the parties, [3] has made an error not of reasoning but of apprehension, or [4] whe[ther] a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.

Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Under a slightly different formulation, a court should "grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." BEG Invs., LLC v. Alberti, 85 F. Supp. 3d 54, 58 (D.D.C. 2015) (quoting Stewart v. Panetta, 826 F. Supp. 2d 176, 177 (D.D.C. 2011)). District courts should "be guided by the general principles underlying the [law-of-the-case] doctrine" in applying these factors to the reconsideration of interlocutory orders. Sloan v. Urban Title Servs., Inc., 770 F. Supp. 2d 216, 224 (D.D.C. 2011).

B. Analysis

Relator cites two new authorities in support of his motion. The first, Kellogg Brown & Root Services, Inc. v. United States ex rel. Carter, 135 S. Ct. 1970 (2015), cannot bear the weight he

places on it. That decision addressed only "two questions": issues regarding the Wartime Suspension of Limitations Act and the FCA's first-to-file bar. Id. at 1973. In describing how the FCA's tolling provision functions, the Court explained that

> a *qui tam* action must be brought within six years of a violation or within three years of the date by which the United States should have known about a violation. In no circumstances, however, may a suit be brought more than 10 years after the date of a violation.

Id. at 1974 (citing 31 U.S.C. § 3731(b)). Relator argues that because the Supreme Court did not explicitly recognize the exclusion of non-intervened claims from the FCA's tolling provision, such claims fall within the Court's encompassing phrase "*a qui tam* action." Id. (emphasis added). This is but a variation of the argument rejected by the Court in its earlier Memorandum Opinion: that § 3731(b)'s phrase "[a] civil action under section 3730" necessarily includes non-intervened claims because the statute does not exclude them in so many words. It is implausible that the Supreme Court intentionally—and without the benefit of briefing—staked out a position on an interpretive issue dividing lower courts merely because it faithfully paraphrased § 3731(b)'s statute-of-limitations provision.

Relator's second new authority, United States *ex rel.* Sansbury v. LB & B Associates, 58 F. Supp. 3d 37 (D.D.C. 2014), is equally unavailing. It relied heavily on a previous case from this district—United States *ex rel.* Pogue v. Diabetes Treatment Centers of America, Inc., 474 F. Supp. 2d 75 (D.D.C. 2007)—in suggesting that non-intervened claims are eligible for FCA tolling. But Sansbury simply "[f]ollow[ed] the reasoning of Pogue" on this issue without offering additional support for its holding. Sansbury, 58 F. Supp. 3d at 52. This Court fully appreciated, but ultimately rejected, the Pogue approach in its earlier decision. See Mem. Op. of June 19, 2014, at 28–30. And in any case, because the government *had* intervened in Sansbury, any commentary on the FCA's tolling provision in that case was dictum. See Sansbury, 58 F. Supp. 3d at 47, 51 n.4 (concluding

4

that this Court's 2014 Memorandum Opinion "does not in any way impact the effect of the tolling provision on claims for which the government has intervened").

Relator next contends that the Court clearly erred in relying on the Supreme Court's decision in Graham County Soil & Water Conservation District v. United States *ex rel.* Wilson, 125 S. Ct. 2444 (2005), in explaining why it declined to follow Pogue. Graham County held that § 3731(b)(1)'s six-year limitations period does not apply to retaliation actions brought under § 3730(h), even though such a suit is "[a] civil action under section 3730." Id. at 2453; 31 U.S.C. § 3731(b). It is therefore established that "Congress sometimes used th[at] term to refer only to a subset of § 3730 actions." Graham County, 545 U.S. at 2450. Since § 3731(b)(2) speaks of "the official of the United States charged with responsibility to act in the circumstances," this Court inferred that it made scant sense to apply the FCA's tolling provision to non-intervened claims. Mem. Op. of June 19, 2014, at 30. Pogue drew a different conclusion, finding it highly significant that "(b)(2) does not contain any negative words or words of exclusion" depriving relators of the benefit of FCA tolling. Pogue, 474 F. Supp. 2d at 84. For present purposes, what matters is that neither position is commanded by Graham County.[3] As this Court recently emphasized, "[q]ualms with the Court's logic . . . are not fertile grounds for reconsideration." Op. & Order of Mar. 7, 2016, at 5, ECF No. 495 (quoting Casey v. Ward, 67 F. Supp. 3d 54, 58 (D.D.C. 2015)) (internal quotation marks omitted). Relator's motion for reconsideration—one "based on" Carter, Sansbury, and Graham County, Mot. Reconsideration 3—therefore falls short.

---

[3] Relator's current interpretation of Graham County clashes with his earlier, more modest view— that the decision is "inapposite" because it "involved the Act's six-year limitations period in section 3731(b)(1), rather than the tolling provision in section 3731(b)(2) which is at issue here." Rel.'s Opp'n CSE Defs.' Mot. Dismiss 15–16 ("Rel.'s Opp'n"), ECF No. 115.

To buttress these points, Relator reiterates three arguments that the Court has already rejected: (1) that applying different statutes of limitations to different FCA defendants in the same case would create intolerable inequities, Mot. Reconsideration 4; (2) that the government should not be forced to suffer adverse consequences from choosing to rely on a relator's resources, id. at 10; and (3) that the Court's interpretation of § 3731(b)(2) would reduce the statute's effectiveness as a fraud-fighting tool, id. at 10.  Though these points failed to convince the Court, Relator fully articulated them in his opposition to the CSE Defendants' motion to dismiss.[4]  Of course, "[t]he purpose of a motion for reconsideration is not to repeat arguments which the Court has already found unpersuasive." Judicial Watch, Inc. v. U.S. Dep't of Energy, 319 F. Supp. 3d 32, 34 (D.D.C. 2004).  Relator has not explained why the Court ought to revisit these points now.

Relator has also advanced a new argument regarding the FCA tolling issue: that the United States is the real party in interest in all *qui tam* cases (whether it intervenes or not), and that, under the common law, a private assignee is subject to the same statute of limitations as its governmental assignor.  Mot. Reconsideration 8–9.  As the Court has explained, however, "a motion for reconsideration cannot be 'a vehicle for presenting theories or arguments that could have been advanced earlier.'"  Op. & Order of Mar. 7, 2016, at 2 (quoting Loumiet v. United States, 65 F. Supp. 3d 19, 24 (D.D.C. 2014)); see also Kennedy v. Dist. of Columbia, No. 13-cv-01384 (CRC), 2015 WL 7274027, at *3 (D.D.C. Nov. 16, 2015) ("A motion for reconsideration is emphatically not the proper place to raise new legal arguments.").  The Court will therefore accord no weight to this belatedly advanced contention.

---

[4] See Rel.'s Opp'n 12 (decrying the "inequities that could result from having two different statutes of limitations apply to intervened and non-intervened claims in the same case"); id. at 23 (warning that the CSE Defendants' interpretation would "constrain the Government's ability to . . . take advantage of relators and their resources"); id. (pressing an interpretation of § 3731(b)(2) that would maximize the government's ability "to combat fraud against the federal fisc").

The Court's earlier holding should not have come as a surprise, for it is "decidedly the majority approach in the federal courts of appeals." United States *ex rel.* Sanders v. N. Am. Bus Indus., 546 F.3d 288, 296 (4th Cir. 2008). Other courts in this district have also declined to apply the FCA's tolling provision to non-intervened claims. See United States *ex rel.* Shemesh v. CA, Inc., 89 F. Supp. 3d 36, 53 (D.D.C. 2015); United States *ex rel.* Fisher v. Network Software Assocs., 180 F. Supp. 2d 192, 194 (D.D.C. 2002); United States *ex rel.* El Amin v. George Washington Univ., 26 F. Supp. 2d 162, 173 (D.D.C. 1998). Because Relator has not met his burden of persuading the Court to reconsider its initial interpretation of § 3731(b)(2), the Court will deny his motion.

Finally, Relator has also moved the Court to clarify its Order of Dismissal on the CSE Defendants' Motion to Dismiss, fearing that the order "could be read as precluding the United States from intervening in the case for 'good cause' pursuant to § 3730(c)(3)." Mot. Reconsideration 13. The Court now clarifies that the following language—"all of relator's claims under the False Claims Act, 31 U.S.C. §§ 3729, et seq., against the CSE Defendants arising prior to June 10, 2004 are DISMISSED WITH PREJUDICE," Order of June 27, 2014, ECF No. 184—was not intended to forbid the United States from intervening against the CSE Defendants in this case upon a showing of good cause.

For the foregoing reasons, it is hereby

**ORDERED** that [497] Relator's Motion for Reconsideration and Request for Clarification be **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:   June 8, 2016