**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, *ex rel.*,<br>FLOYD LANDIS,<br><br>        Plaintiff,<br><br>      v.<br><br>TAILWIND SPORTS CORPORATION,<br> *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)  No. 1:10-cv-00976 (CRC)<br>)<br>)  **ECF**<br>)<br>)<br>)<br>) |

**DECLARATION OF LARRY GERBRANDT**

I, Larry Gerbrandt, hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I have been retained by the United States to quantify the amount of negative publicity from 2010 to 2014 that associates the USPS brand with Lance Armstrong's doping scandal.  I make this declaration to explain the experiences listed on my resume that qualify me to offer the opinions contained in my expert report and my rebuttal report.

2.      I have spent more than thirty years collecting and analyzing media consumption data.  Nearly all of my work as a professional media analyst has involved working with the same data sets in which I rely in my expert report in this case.

3.      My career as a media professional includes senior positions at Nielsen Analytics (a division of The Nielsen Company, noted for its TV viewing data collection) and Kagan World Media (now SNL Kagan), a leader in independent research on media and entertainment economic trends since 1969.

4.    In addition, I have published original, industry reports on the value of media and advertising, including three Nielsen reports that analyzed the impact of emerging technologies such as podcasting, streaming media and video-on-demand on media consumption and advertising pricing and expenditures.

5.    I have also provided expert testimony in ten cases where I addressed the same sort of issues on which my analysis depends in this case, namely the media and promotional value of specific media events.  The cases listed on my CV in which my testimony was based in whole or in part on an analysis of earned media were *USA v. ASCAP*, *Arclight v. Bob Yari Int'l*, *Wolf v. Walt Disney Enterprises*, *Wolf v. NBC Universal*, *Woodson v. Lisa Beauliu (aka Lisa Marie Presley)*, *WPIX v. Broadcast Music, Inc.*, *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, *Huff Fund Investment Partnership v. CKX, Inc.*, and *Postman v. Spin Master, Ltd.*

6.    In two of the cases listed in paragraph 5 above – *In Re NCAA Student-Athlete Litig.* and *Wolf v. Walt Disney* – courts overruled objections to my expert qualifications. To date, no court has excluded my earned media reports or analyses.

7.    In addition to my professional experience as a media analyst, I have professional experience buying and selling media and advertising assets.  Specifically, at Kagan World Media I was responsible for approving advertising budgets for marketing company publications and industry conferences as well as negotiating deals for display advertising in media industry reports.

8.    I was also part of the management team at *Cable World Magazine*, an ad-supported industry trade publication and a senior executive at Media Central, a division of Primedia, at the time one of the largest magazine publishing companies in the world.

I currently sit on the board of The Inspiration Network (INSP), an ad-supported basic network available in over 80 million television households.

9.    In my expert report, I calculate the number of stories across multiple media categories that in words or images connected news of Armstrong's doping scandal to the USPS.  I also considered the "reach" of these stories (i.e. the number of times these stories were exposed to consumers).  This is the standard way of calculating impressions in the media analysis industry.

_____
LARRY GERBRANDT

DATED: June 29, 2017